```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

IN RE BANK OF AMERICA CORP.           :     **MEMORANDUM DECISION**
SECURITIES, DERIVATIVE, AND
EMPLOYMENT RETIREMENT INCOME          :     No. 09 MDL 2058 (DC)
SECURITY ACT (ERISA) LITIGATION
                                      :
- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**        (See last page)

**CHIN, District Judge**

       On June 30, 2009, I ordered the consolidation of thirty cases relating to the merger of Bank of America Corporation ("BofA") with Merrill Lynch & Co., Inc. ("Merrill Lynch") into three consolidated actions: a securities action; a derivative action; and an ERISA action. In re Bank of Am. Corp. Sec., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig., 258 F.R.D. 260 (S.D.N.Y. 2009).[1] The merger is also the subject of a derivative action in Delaware and an SEC action in New York, as well as other investigations. By letter dated October 6, 2009, the "Lead Plaintiffs" in the Securities Actions requested an order modifying the stay of discovery under the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. 78 § 78u-4(b)(3)(B).

       In their motion seeking partial relief from the discovery stay, the Lead Plaintiffs seek to obtain (1) the documents that the defendants have produced, or will produce, to various government agencies (including the SEC, Congress, the New York Attorney General, and the North Carolina Attorney

---

[1] Two additional cases were subsequently added.

General) conducting investigations into the merger between BofA and Merrill Lynch and the payment of bonuses by Merrill Lynch for 2008; and (2) copies of any transcripts of testimony given in connection with these investigations.  (Oct. 6, 2009 Letter)

The Lead Plaintiffs allege that the PSLRA discovery stay was not intended to apply to cases where the claims are adequately alleged and where the requested discovery already had been collected.  The Lead Plaintiffs argue that they are "seeking discovery neither to bolster an otherwise frivolous complaint, nor to coerce defendants to settle this matter."  If the stay is not partially lifted, they contend, discovery in their case "will lag substantially behind" the discovery in the other actions.  Id.  Defendants oppose the application.

## DISCUSSION

### 1. Applicable Law

The PSLRA provides:  "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. 78 § 78u-4(b)(3)(B).  Here, plaintiffs do not argue that the evidence may be destroyed; therefore, I need only consider whether they would suffer undue prejudice if the stay were continued without modification.

Congress enacted the discovery stay provision of the PSLRA to limit "abusive discovery to prevent 'fishing

expedition' lawsuits." H.R. Conf. Rep. No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736. Although undue prejudice to the plaintiffs must be shown, "courts have modified the discovery stay in securities class actions when doing so would not frustrate Congress's purposes in enacting the PSLRA." Seippel v. Sidley, Austin, Brown & Wood LLP, No. 03 Civ. 6942, 2005 WL 388561, at *1 (S.D.N.Y. Feb. 17, 2005); see also In re Labranche Sec. Litig., 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004) (citing In re Firstenergy Corp. Secs. Litig., 316 F. Supp. 2d 581 (N.D. Ohio 2004)).

In determining whether to lift the stay, courts may take all facts into account to determine whether undue burden would exist. In re Worldcom, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002). Courts weigh the burden to defendants against the potential prejudice to plaintiffs, focusing on the production costs to defendants and plaintiffs' need for early review of the documents. See Waldman v. Wachovia, No. 08 Civ. 2913, 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009); Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds v. Sadia S.A., No. 08 Civ. 9528, 2009 WL 1285845 (S.D.N.Y. May 8, 2009). The burden on the defendants "is slight when a defendant 'has already found, reviewed and organized the documents.'" Waldman, 2009 WL 86763, at *2 (citing Labranche, 333 F. Supp. 2d at 183; In re Enron Corp. Secs., Derivative & "ERISA" Litig., No. MDL 1446, H-01-3624, 2002 WL 31845114, at *1 (S.D. Tex Aug. 16, 2002)).

The Second Circuit has not addressed what a plaintiff must show to establish "undue prejudice" for these purposes. District courts have construed "undue prejudice" to mean "improper or unfair treatment amounting to something less than irreparable harm." Brigham v. Royal Bank of Canada, No. 03 Civ. 8201, 2009 WL 935684, at *1 (S.D.N.Y. Apr. 7, 2009); see In re Vivendi Universal, S.A., Secs. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003); In re Refco, Inc., No. 05 Civ. 8626, 2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006). Courts have found undue prejudice where plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings. In re Worldcom, 234 F. Supp. 2d at 305; Labranche, 333 F. Supp. 2d at 182.

Courts may consider other factors, such as the defendants' financial state, settlement negotiations, case management, and the effect of delay in determining whether to lift the discovery stay. See In re Worldcom, 234 F. Supp. 2d at 306 (acknowledging that plaintiffs risk having to "pursue its action against defendants who no longer have anything or at least much to offer" if denied access to documents until the motion to dismiss is decided); In re Initial Pub. Offering Secs. Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (noting that delay, coupled with other evidence of prejudice, may contribute to undue prejudice); Brigham, No. 03 Civ. 8201, 2009 WL 935684,

- 4 -

at *1 (S.D.N.Y. Apr. 7, 2009); In re Delphi Corp., MDL No. 1725, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007). Although some courts have required plaintiffs to demonstrate "exceptional circumstances," 380544 Canada, Inc. v. Aspen Tech., No. 07 Civ. 1204, 2007 WL 2049738 (S.D.N.Y. July 18, 2007) (not lifting the stay because "exceptional circumstances" were not proven), I reject that standard to the extent it implies that something more than "undue prejudice" is required.

Even when a court finds undue prejudice, the stay will only be lifted on a "clearly defined universe of documents." In re Worldcom, 234 F. Supp. 2d at 301. "A string of requests, even a string of individually particularized requests -- is not sufficiently particularized at the outset." Waldman v. Wachovia Corp., No. 08 Civ. 2913, 2009 WL 86763, *1 (S.D.N.Y. Jan. 21, 2009).

### 2. Application

Plaintiffs' request is granted, for I conclude that they would be unduly prejudiced if the discovery stay is not lifted. Discovery is moving apace in parallel litigation. Without access to documents produced in these other proceedings, plaintiffs in these cases will be unduly prejudiced and will be less able to make informed decisions about litigation strategy. Plaintiffs' pursuit of discovery will also "fall substantially behind the SEC and other government actions." (Pl. Letter, Oct. 6, 2009). Plaintiffs are not seeking this discovery now merely to engage in a fishing expedition.

Lifting the discovery stay will not frustrate Congress's purposes in enacting the provision, and will not burden the defendants with the cost of defending themselves against a frivolous suit. Although defendants state that "it is far from clear that production of the documents sought by Plaintiff would pose no additional burden on defendants" (Def. Letter, Oct. 8, 2009), they have already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for plaintiffs here will be slight. Moreover, these consolidated cases include ERISA and derivative actions, as to which the PSLRA stay does not apply.

Accordingly, the Lead Plaintiffs' motion to lift the stay on discovery is granted as to the documents already produced in the related matters.

SO ORDERED.

Dated:   New York, New York
         November 16, 2009

                                          DENNY CHIN
                                          United States District Judge

**APPEARANCES**

Plaintiffs' Lead Counsel for Consolidated Securities Class Action:

    KAPLAN FOX & KILSHEIMER LLP
        By:  Donald R. Hall, Jr., Esq.
             Frederic Scott Fox, Esq.
             Robert N. Kaplan, Esq.
    850 Third Avenue
    14th Floor
    New York, New York  10022

    BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
        By:  Gerald H. Silk, Esq.
             Salvatore J. Graziano, Esq.
             Noam Mandel, Esq.
    1285 Avenue of the Americas
    New York, New York  10019

    BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP
        By:  Sean M. Handler, Esq.
    280 King of Prussia Road
    Radnor, Pennsylvania  19087

Plaintiffs' Lead Counsel for Consolidated ERISA Action:

    HARWOOD FEFFER LLP
        By:  Robert I. Harwood, Esq.
             Peter W. Overs, Jr., Esq.
    488 Madison Avenue, 8th Floor
    New York, New York  10022

    SQUITIERI & FEARON, LLP
        By:  Lee Squitieri, Esq.
    32 East 57th Street, 12th Floor
    New York, New York  10022

    HAGENS BERMAN STOBOL SHAPIRO LLP
        By:  Steve W. Berman, Esq.
             Andrew M. Volk, Esq.
             Nick Styant-Browne, Esq.
    1301 Fifth Avenue, Suite 2900
    Seattle, Washington  98101

Plaintiffs' Lead Counsel for Consolidated Derivative Action:

    KAHN SWICK & FOTI LLC
        By:  Lewis Kahn, Esq.
             Albert M. Myers, Esq.
             Kevin Oufnac, Esq.

```
          650 Poydras Street, Suite 2150
          New Orleans, Louisiana  70130

               By:  Michael Swick, Esq.
          12 East 41st Street, 12th Floor
          New York, New York 10017

          SAXENA WHITE P.A.
               By:  Maya Saxena, Esq.
                    Joseph E. White III, Esq.
                    Christopher S. Jones, Esq.
                    Lester R. Hooker, Esq.
          2424 North Federal Highway, Suite 257
          Boca Raton, Florida  33431

Attorneys for Defendants:

          WACHTELL, LIPTON, ROSEN & KATZ
               By:  Peter C. Hein, Esq.
                    Eric M. Roth, Esq.
                    Andrew Houston, Esq.
                    Jonathan E. Goldin, Esq.
                    Keola Robert Whittaker, Esq.
          51 West 52nd Street
          New York, New York  10019

          DAVIS POLK & WARDWELL
               By:  Lawrence Portnoy, Esq.
                    Charles S. Duggan, Esq.
                    Douglas K. Yatter, Esq.
          450 Lexington Avenue
          New York, New York  10017

          DEBEVOISE & PLIMPTON LLP
               By:  Gary W. Kubek, Esq.
          919 Third Avenue
          New York, New York  10022

          DECHERT LLP
               By:  Andrew Levander, Esq.
                    David Hoffner, Esq.
          1095 Avenue of the Americas
          New York, New York  10036

               By:  Jennie Boehm Krasner
          P.O. Box 5218
          Princeton, New Jersey  08540

          CRAVATH, SWAINE & MOORE LLP
               By:  Robert D. Joffe, Esq.
                    Richard W. Clary, Esq.
```

```
        Julie A. North, Esq.
825 Eighth Avenue
New York, New York  10019
```

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
```
     By:  Charles E. Davidow, Esq.
2001 K Street, N.W.
Washington, D.C.  20006-1047

     By:  Brad S. Karp, Esq.
1285 Avenue of the Americas
New York, New York  10019
```

SULLIVAN & CROMWELL LLP
```
     By:  Richard C. Pepperman II, Esq.
125 Broad Street
New York, New York  10004
```

SHEARMAN & STEARLING LLP
```
     By:  Stuart Baskin, Esq.
          Adam S. Hakki, Esq.
          Herbert S. Washer, Esq.
          Terence Gilroy, Esq.
599 Lexington Avenue
New York, New York  10022
```