# WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
BERNARD W. NUSSBAUM
RICHARD D. KATCHER
LAWRENCE B. PEDOWITZ
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
DAVID M. EINHORN
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
WARREN R. STERN
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS

STEPHEN G. GELLMAN
STEVEN A. ROSENBLUM
PAMELA S. SEYMON
STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
JOHN F. SAVARESE
SCOTT K. CHARLES
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
GEORGE T. CONWAY III
RALPH M. LEVENE
RICHARD G. MASON
DOUGLAS K. MAYER
MICHAEL J. SEGAL
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150
TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

OF COUNSEL

WILLIAM T. ALLEN          LEONARD M. ROSEN
PETER C. CANELLOS         MICHAEL W. SCHWARTZ
THEODORE GEWERTZ          ELLIOTT V. STEIN
THEODORE A. LEVINE        J. BRYAN WHITWORTH
ROBERT B. MAZUR           AMY R. WOLF

COUNSEL

MICHELE J. ALEXANDER      PAULA N. GORDON
LOUIS J. BARASH           NANCY B. GREENBAUM
DIANNA CHEN               MAURA R. GROSSMAN
ANDREW J.H. CHEUNG        IAN L. LEVIN
PAMELA EHRENKRANZ         J. AUSTIN LYONS

DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
DAVID C. BRYAN
STEVEN A. COHEN
GAVIN D. SOLOTAR
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
JAMES COLE, JR.
STEPHEN R. DiPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN

JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ
JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
MARTIN J.E. ARMS
GREGORY E. OSTLING
DAVID B. ANDERS
ADAM J. SHAPIRO
NELSON O. FITTS
JEREMY L. GOLDSTEIN
JOSHUA M. HOLMES
DAVID E. SHAPIRO
DAMIAN G. DIDDEN
ANTE VUCIC
IAN BOCZKO
MATTHEW M. GUEST
DAVID E. KAHAN
DAVID K. LAM

October 8, 2009

Hon. Denny Chin
United States Courthouse Room 1020
500 Pearl Street
New York, New York 10007

Re:  In re Bank of America Corp. Litigation, 09 MDL 2058 (DC).
     Response of Bank of America to Plaintiffs' October 6, 2009 letter

Dear Judge Chin:

Plaintiffs' application to modify the statutory discovery stay should be denied. Congress mandated a stay of discovery during the pendency of a motion to dismiss unless the moving party shows that "*particularized* discovery is *necessary to preserve evidence or to prevent undue prejudice to that party*." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Plaintiffs do not assert that lifting the stay is necessary to preserve evidence. Moreover, Plaintiffs have failed to show that they would suffer any legally cognizable prejudice—much less *undue* prejudice—if the motion to dismiss is decided before they obtain discovery. As such, Plaintiffs have not satisfied the "heavy" "burden of establishing that lifting of the mandatory stay is necessary." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

Plaintiffs argue that this case is "the type of case in which the PSLRA discovery stay serves no rational purpose, but rather serves to prejudice plaintiffs with [allegedly] meritorious claims." Pl. letter at 2. But this Court has repeatedly declined to lift the PSLRA stay to allow securities plaintiffs to obtain documents previously supplied by defendants to government investigators. *See, e.g., Brigham v. Royal Bank of Can.*, 2009 WL 935684, at *1-3 (S.D.N.Y. 2009); *380544 Can., Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *4-5 (S.D.N.Y. 2007); *In re Refco, Inc. Sec. Litig.*, 2006 WL 2337212, at *1-2 (S.D.N.Y. 2006); *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. 2006); *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *4 (S.D.N.Y. 2005); *In re Elan Corp. Sec. Litig.*, 2004 WL 1303638, at *1 (S.D.N.Y. 2004); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2003 WL 21729842, at *1 (S.D.N.Y. 2003); *Rampersad v. Deutsche Bank Sec. Inc.*,

WACHTELL, LIPTON, ROSEN & KATZ

381 F. Supp. 2d 131, 133-34 (S.D.N.Y. 2003); *In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 129-31 (S.D.N.Y. 2003).[1]

What Plaintiffs dub "undue prejudice"—the postponement of discovery until after a motion to dismiss has been decided—is precisely what Congress intended by imposing an automatic stay of discovery under the PSLRA. "Congress could not have intended that the delay that it approved could, by itself, qualify as undue prejudice." *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002). *See also Brigham*, 2009 WL 935684, at *1; *Smith Barney*, 2006 WL 1738078, at *2; *Refco*, 2006 WL 2337212, at *2. Indeed, the difference in treatment of PSLRA actions (subject to an automatic stay of discovery) and government investigations or actions (where discovery is not stayed) "is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions," which "[t]his Court may not second-guess." *Refco*, 2006 WL 2337212, at *2. *Accord Sunrise*, 584 F. Supp. 2d at 18. Congress intended that the PSLRA's "heightened pleading requirements" be satisfied *prior* to obtaining discovery. *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). The legal adequacy of Plaintiffs' allegations has yet to be decided, and Plaintiffs are not entitled to discovery for the purposes of amending their existing 395-paragraph amended complaint. *See Am. Funds*, 493 F. Supp. 2d at 1106-07 (refusing to lift the discovery stay in part because "Plaintiffs might attempt to use the information in addressing a motion to dismiss or amend[] their claims in direct contravention of one of the purposes of the PSLRA").

To demonstrate "undue prejudice," Plaintiffs must show some sort of "improper or unfair treatment." *Brigham*, 2009 WL 935684, at *1. "[E]xceptional circumstances must be present to lift the stay." *Refco*, 2006 WL 2337212, at *1. Plaintiffs have not remotely met this burden. Indeed, the legislative history of the PSLRA reveals that the "sole example proffered by Congress as to what justifies lifting the stay is the terminal illness of an important witness, which might necessitate the deposition of the witness prior to ruling on the motion to dismiss." *Elan Corp.*, 2004 WL 1303638, at *1 (quoting S. REP. NO. 104-98, at 12 (1995)).

Plaintiffs also argue (in largely conclusory fashion) that without the documents they request Plaintiffs "will be unduly prejudiced by their inability to make informed decisions about their litigation strategy in a rapidly shifting landscape," Pl. letter at 3. Plaintiffs seek to rely on a minority line of cases that follow *In re WorldCom, Inc. Sec. Litig.*—a case that involved circumstances that even the *WorldCom* court recognized were "unique." 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002). In *WorldCom*, the court determined that, in view of WorldCom's insolvency, if the stay were not modified the securities lead plaintiff faced "the very real risk that it [would] be left to pursue its action against defendants who no longer [had] anything." *Id.* at 306. Moreover, the *WorldCom* court found undue prejudice resulting from the fact that the securities plaintiffs in that case and plaintiffs in a related ERISA action had been ordered to prepare for coordinated settlement discussions. The plaintiffs in the ERISA action were not subject to a discovery stay, and thus, without a lifting of the stay, the securities plaintiffs "would be severely disadvantaged in those discussions." *Id.* These "unique circumstances" presented the "very real risk" that the defendants, after settling with other parties, would "no longer have anything or at least as much to offer" the securities plaintiffs. *Id.* Numerous courts have

---

[1] *See also In re Sunrise Senior Living, Inc. Derivative Litig.*, 584 F. Supp. 2d 14, 16, 18-19 (D.D.C. 2008); *In re Marvell Tech. Group Ltd. Sec. Litig.*, 2008 WL 4544439, at *13 (N.D. Cal. 2008); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007); *Frank v. Dana Corp.*, 2007 WL 1748887, at *4-5 (N.D. Ohio 2007); *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d at 39; *In re Odyssey Healthcare, Inc. Sec. Litig.*, 2005 WL 1539229, at *1-2 (N.D. Tex. 2005); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *1-2 (C.D. Cal. 2003); *Sarantakis v. Gruttaduaria*, 2002 WL 1803750, at *3-4 (N.D. Ill. 2002).

distinguished *WorldCom* as turning on the unique circumstances present there.[2] Here, by contrast, the corporate defendant is not bankrupt, and Plaintiffs have not shown that there is a meaningful risk that other litigants will receive the only available assets. Also, here the ERISA Plaintiffs have received only limited ERISA-specific discovery—*not* the documents the securities Plaintiffs seek—and *have agreed not to seek any additional discovery* until after motions to dismiss in the consolidated ERISA action have been decided. *See* Exhibit A (attached).[3]

Plaintiffs assert that production of documents already provided to government agencies would not be burdensome. *See* Pl. letter at 3. But the "stay under the PSLRA cannot be lifted absent a showing of undue prejudice or a need to preserve evidence, even if lifting the stay may cause little to no burden on a defendant to produce the requested documents." *Sunrise*, 584 F. Supp. 2d at 17. *See also Smith Barney*, 2006 WL 1738078, at *3. In any event, it is far from clear that production of the documents sought by Plaintiffs would pose no additional burden on defendants. Furthermore, Plaintiffs' broad-based request for "those documents which Defendants have produced or will produce" to any of the specified government authorities conducting investigations and copies of "any transcripts of testimony given in connection with these investigations," Pl. letter at 1, fails to identify documents with "specificity" and thus is not "particularized" but, rather, is overbroad. *Am. Funds*, 493 F. Supp. 2d at 1107. *See also Fannie Mae*, 362 F. Supp. 2d at 38-39.

Finally, Plaintiffs agreed to the terms of the Court's Case Management Order (Docket No. 18) that provides a schedule for motions to dismiss and makes no provision for modifying the statutory PSLRA discovery stay. When they consented to the Case Management Order and advised the Court in their July 22 letter that they were "pleased to submit [it] for the Court's consideration… on behalf of all parties," Plaintiffs were no doubt aware of highly publicized government investigations, which had been in the news for months. This is reason enough to deny Plaintiffs' application.

Accordingly, the Court should deny Plaintiffs' application to lift the stay. If leave to file a motion is granted, we request an opportunity to brief the issue fully.

Very respectfully yours,

Peter C. Hein

cc:    All Counsel, by email (service list attached)

---

[2]    *See, e.g., 380544 Can.*, 2007 WL 2049738, at *3-4; *Smith Barney*, 2006 WL 1738078, at *2; *Refco*, 2006 WL 2337212, at *2-3; *Vivendi*, 381 F. Supp. 2d at 130-31; *AOL Time Warner*, 2003 WL 21729842, at *1; *Rampersad*, 381 F. Supp. 2d at 133-34. *See also Sunrise*, 584 F. Supp. 2d at 18-19; *Am. Funds*, 493 F. Supp. 2d at 1105-06; *Odyssey*, 2005 WL 1539229, at *2.

[3]    Apart from *WorldCom*, Plaintiffs cite only two other decisions from this Circuit in support of their position, both of which are distinguishable. *Westchester Putnam* involved a request for a single report and the unique circumstance of a parallel action in Brazil, under Brazilian law, in which the civil plaintiffs (not subject to the PSLRA) had already received the document at issue. *In LaBranche*, unlike here, the court found that the plaintiffs were unduly prejudiced in considering whether to pursue an early settlement where they were the *only* interested party without access to defendant's documents. Courts in this Circuit considering facts similar to those present here have expressly distinguished *LaBranche* and declined to modify the PSLRA stay. *See, e.g., 380544 Can.*, 2007 WL 2049738, at *3-4 ("[T]he fact that the SEC and USAO, as parties not bound by the PSLRA, now have access to the documents that Plaintiffs will not be able to obtain until the pending motions to dismiss are decided does not rise to the level of undue prejudice."). The three cases Plaintiffs cite from outside this Circuit (*Royal Ahold*, *Singer* and *FirstEnergy*) all rely on *WorldCom* and are also distinguishable.

3

## WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
BERNARD W. NUSSBAUM
RICHARD D. KATCHER
LAWRENCE B. PEDOWITZ
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
DAVID M. EINHORN
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
WARREN R. STERN
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS

STEPHEN G. GELLMAN
STEVEN A. ROSENBLUM
PAMELA S. SEYMON
STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
JOHN F. SAVARESE
SCOTT K. CHARLES
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
GEORGE T. CONWAY III
RALPH M. LEVENE
RICHARD G. MASON
DOUGLAS K. MAYER
MICHAEL J. SEGAL
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150
TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

OF COUNSEL

WILLIAM T. ALLEN        LEONARD M. ROSEN
PETER C. CANELLOS       MICHAEL W. SCHWARTZ
THEODORE GEWERTZ        ELLIOTT V. STEIN
THEODORE A. LEVINE      J. BRYAN WHITWORTH
ROBERT B. MAZUR         AMY R. WOLF

COUNSEL

MICHELE J. ALEXANDER    PAULA N. GORDON
LOUIS J. BARASH         NANCY B. GREENBAUM
DIANNA CHEN             MAURA R. GROSSMAN
ANDREW J.H. CHEUNG      IAN L. LEVIN
PAMELA EHRENKRANZ       J. AUSTIN LYONS
ELAINE P. GOLIN         HOLLY M. STRUTT

DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
DAVID C. BRYAN
STEVEN A. COHEN
GAVIN D. SOLOTAR
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
JAMES COLE, JR.
STEPHEN R. DiPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN

JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ
JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
MARTIN J.E. ARMS
GREGORY E. OSTLING
DAVID B. ANDERS
ADAM J. SHAPIRO
NELSON O. FITTS
JEREMY L. GOLDSTEIN
JOSHUA M. HOLMES
DAVID E. SHAPIRO
DAMIAN G. DIDDEN
ANTE VUCIC
IAN BOCZKO
MATTHEW M. GUEST
DAVID E. KAHAN
DAVID K. LAM

July 28, 2009

**BY E-MAIL**

Robert I. Harwood, Esq.
Harwood Feffer LLP
488 Madison Avenue – 8th Floor
New York, New York 10022

> Re: **In re Bank of America Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation — Master File No. 09 MDL 2058 (DC)**

Dear Rob:

This letter confirms the agreement between the undersigned interim co-lead counsel and counsel for Bank of America ("BAC") in the above-referenced action as follows:

1. BAC agrees to provide interim co-lead counsel with a list of the members of BAC's Corporate Benefits Committee for the period of January 11, 2008 to the present, by September 9, 2009, which is thirty (30) days prior to the proposed due date for the ERISA Plaintiffs' Consolidated and Amended Complaint. BAC also agrees to provide each such person's dates of service during that same period, if such information is reasonably available.

2. BAC agrees to identify service providers of the Plans during the period from January 11, 2008 to the present that, to BAC's knowledge, (i) provided service to the 401(k) Plan and/or the BAC Pension Plan in connection with the BAC common stock fund or (ii) have records showing Plan investments in BAC common stock during such period ("Specified Service Providers"). Plaintiffs will prepare a proposed document preservation subpoena (1) requesting that Specified Service Providers preserve specified documents, (2) describing what documents should be preserved, and (3) stating

WACHTELL, LIPTON, ROSEN & KATZ

Robert I. Harwood, Esq.
July 28, 2009
Page 2

that no documents are to be produced until further written notice and that any production would occur only if and when Defendants' motion to dismiss is denied. The proposed document preservation subpoenas will be provided to BAC's counsel in draft form and BAC's counsel reserves the right to comment on the proposed draft subpoenas. Plaintiffs will use the names of Specified Service Providers for the limited purpose of serving document preservation subpoenas.

3. Interim co-lead counsel agree that they will not seek other discovery until motion(s) to dismiss in the consolidated ERISA action have been decided.

In confirmation of the foregoing, please sign and return to us executed counterparts hereof.

WACHTELL, LIPTON, ROSEN & KATZ

By /s/ Peter C. Hein
Peter C. Hein
pchein@wlrk.com

Eric M. Roth
emroth@wlrk.com
Andrew C. Houston
achouston@wlrk.com
Jonathan E. Goldin
jgoldin@wlrk.com
Keola R. Whittaker
krwhittaker@wlrk.com

51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants Bank of America Corp. and certain of the Bank of America Corporation individual defendants.*

Acknowledged and Agreed:

WACHTELL, LIPTON, ROSEN & KATZ

Robert I. Harwood, Esq.
July 28, 2009
Page 3


HARWOOD FEFFER LLP

By: _____
Robert I. Harwood
*rharwood@hfesq.com*

488 Madison Avenue – 8th Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

-and-

SQUITIERI & FEARSON, LLP

Lee Squitieri
*lee@sfclasslaw.com*
32 East 57th Street
12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

-and-

HAGENS BERMAN SOBOL SHAPIRO LLP

Andrew M. Volk
*andrew@hbsslaw.com*
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594


*Co-Interim-Lead Counsel for ERISA Action Plaintiffs*

## SERVICE LIST

## PLAINTIFFS' LEAD COUNSEL

| *Consolidated Securities Class Action* | *Consolidated ERISA Action* |
|---|---|
| KAPLAN, FOX, & KILSHEIMER, LLP<br>Frederic S. Fox<br>  *ffox@kaplanfox.com*<br>Donald Hall<br>  *dhall@kaplanfox.com*<br>Robert N. Kaplan<br>  *rkaplan@kaplanfox.com*<br>850 Third Avenue<br>New York, NY 10022<br><br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMAN LLP<br>Gerald H. Silk<br>  *jerry@blbglaw.com*<br>Steven B. Singer<br>  *steven@blbglaw.com*<br>1285 Avenue of the Americas<br>New York, NY 10019<br><br>BARROWAY TOPAZ KESSLER<br>MELTZER CHECK LLP<br>Naumon A. Amjed<br>  *namjed@btkmc.com*<br>Darren J. Check<br>  *dcheck@btkmc.com*<br>Sean M. Handler<br>  *shandler@btkmc.com*<br>280 King of Prussia Road<br>Radnor, PA 19087 | HARWOOD FEFFER LLP<br>Robert I. Harwood<br>  *rharwood@hfesq.com*<br>Peter W. Overs, Jr.<br>  *povers@hfesq.com*<br>488 Madison Avenue<br>8th Floor<br>New York, NY 10022<br><br>SQUITIERI & FEARON, LLP<br>Lee Squitieri<br>  *Lee@sfclasslaw.com*<br>Caitlin Duffy<br>  *Caitlin@sfclasslaw.com*<br>32 East 57th Street<br>12th Floor<br>New York, NY 10022<br><br>HAGENS BERMAN SOBOL<br>SHAPIRO LLP<br>Steve W. Berman<br>  *steve@hbsslaw.com*<br>Andrew M. Volk<br>  *andrew@hbsslaw.com*<br>1301 Fifth Avenue<br>Suite 2929<br>Seattle, WA 98101 |

| *Consolidated Derivative Action* | |
|---|---|
| KAHN SWICK & FOTI, LLC<br>Lewis S. Kahn<br>  *lewis.kahn@kgscounsel.com*<br>Kevin L. Oufnac<br>  *kevin.oufnac@kgscounsel.com*<br>Albert M. Myers<br>  *albert.myers@kgscounsel.com*<br>Michael A. Swick<br>  *michael.swick@kgscounsel.com*<br>650 Poydras Street<br>Suite 2150<br>New Orleans, LA 70130 | SAXENA WHITE P.A.<br>Lester R. Hooker<br>  *lhooker@saxenawhite.com*<br>Christopher S. Jones<br>  *cjones@saxenawhite.com*<br>Maya S. Saxena<br>  *msaxena@saxenawhite.com*<br>Joseph E. White, III<br>  *jwhite@saxenawhite.com*<br>2424 North Federal Highway<br>Suite 257<br>Boca Raton, FL 33431 |

## DEFENDANTS' COUNSEL

| | |
|---|---|
| WACHTELL, LIPTON, ROSEN & KATZ<br>Eric M. Roth<br>  *EMRoth@wlrk.com*<br>Peter C. Hein<br>  *PCHein@wlrk.com*<br>Jonathan Goldin<br>  *JGoldin@wlrk.com*<br>Christopher S. Szczerban<br>  *SCS@wlrk.com*<br>Keola R. Whittaker<br>  *KRWhittaker@wlrk.com*<br>51 West 52nd Street<br>New York, NY 10019 | SHEARMAN & STERLING LLP<br>Adam S. Hakki<br>  *ahakki@shearman.com*<br>Terence P. Gilroy<br>  *terence.gilroy@shearman.com*<br>599 Lexington Avenue<br>New York, NY 10022 |
| DAVIS POLK & WARDWELL LLP<br>Lawrence Portnoy<br>  *lawrence.portnoy@davispolk.com*<br>Charles S. Duggan<br>  *charles.duggan@davispolk.com*<br>Douglas K. Yatter<br>  *douglas.yatter@davispolk.com*<br>450 Lexington Avenue<br>New York, NY 10017 | SULLIVAN & CROMWELL LLP<br>Richard C. Pepperman, II<br>  *peppermanr@sullcrom.com*<br>Tracy R. High<br>  *hight@sullcrom.com*<br>125 Broad Street<br>New York, NY 10004 |
| CRAVATH, SWAINE & MOORE LLP<br>Robert D. Joffe<br>  *rjoffe@cravath.com*<br>Richard W. Clary<br>  *rclary@cravath.com*<br>Julie A. North<br>  *jnorth@cravath.com*<br>Yonatan Even<br>  *yeven@cravath.com*<br>Patrick A. Meagher<br>  *pmeagher@cravath.com*<br>825 Eighth Avenue<br>New York, NY 10019 | DEBEVOISE & PLIMPTON LLP<br>Gary W. Kubek<br>  *gwkubek@debevoise.com*<br>Robert H. Chandler<br>  *rhchandler@debevoise.com*<br>Corey Whiting<br>  *cwhiting@debevoise.com*<br>919 Third Avenue<br>New York, NY 10022 |
| DECHERT LLP<br>Andrew J. Levander<br>  *andrew.levander@dechert.com*<br>David S. Hoffner<br>  *david.hoffner@dechert.com*<br>Jennie B. Krasner<br>  *jennie.krasner@dechert.com*<br>1095 Avenue of the Americas<br>New York, NY 10036 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>Brad S. Karp<br>  *bkarp@paulweiss.com*<br>Charles E. Davidow<br>  *cdavidow@paulweiss.com*<br>Hallie Goldblatt<br>  *hgoldblatt@paulweiss.com*<br>1285 Avenue of the Americas<br>New York, NY 10019 |