```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
IN RE BANK OF AMERICA CORP.                     :
SECURITIES, DERIVATIVE, AND                     :    Master File No. 09 MD 2058 (PKC)
EMPLOYMENT RETIREMENT INCOME                    :
SECURITY ACT (ERISA) LITIGATION                 :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
THIS DOCUMENT RELATES TO:                       :
                                                :
All Actions                                     :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CONSOLIDATION ORDER

On July 29, 2009, Judge Chin entered three separate orders (the "July 29 Orders") consolidating for all purposes the securities class actions, shareholder derivative actions, and Employee Retirement Income Security Act ("ERISA") actions filed against Bank of America Corp. ("BoA") and others arising out of BoA's acquisition of Merrill Lynch & Co., Inc. ("Merrill"). The July 29 Orders applied and continue to apply to any securities action, shareholder derivative action, or ERISA action filed in or transferred to this Court and assigned to the undersigned which relates to the same subject matter as the actions consolidated by the July 29 Orders.

The consolidated securities class actions (hereafter, the "Consolidated Securities Action"), consolidated shareholder derivative actions (hereafter, the "Consolidated Derivative Action") and the consolidated ERISA actions (hereafter, the "Consolidated ERISA Action") were consolidated under the caption *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security (ERISA) Litigation*. The Lead Plaintiffs in the

PKC

Consolidated Securities Action are the State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teacher Retirement System of Texas, Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermongensbeheer B.V., and Fjärde AP-Fonden. Co-Lead Counsel in the Consolidated Securities Action are Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer LLP, and Barroway Topaz Kessler Meltzer & Check LLP. Interim Lead Plaintiffs in the Consolidated Derivative Action are Louisiana Municipal Employees Retirement System and Hollywood Police Officers' Retirement System. Interim co-Lead Counsel for the Consolidated Derivative Action are Kahn Swick & Foti, LLC and Saxena White P.A. Interim co-Lead Counsel for the Consolidated ERISA Action are Harwood Feffer LLP, Squitieri & Fearon, LLP, and Hagens Berman Sobol Shapiro LLP.

A number of securities lawsuits that allege individual, rather than class, claims against BoA and others arising out of BoA's acquisition of Merrill have also been assigned to this Court and are referred to herein as the "Individual Actions."[1] In addition, following consolidation of the shareholder derivative actions into the Consolidated Derivative Action, another shareholder derivative action was filed, Bahnmaier v. Bank of America Corporation, No. 10 Civ. 1234 (PKC) (the "Bahnmaier Derivative Action"), that substantially, but not wholly, overlaps with the subject matter of the Consolidated Derivative Action. Consolidation and/or coordination of these actions is appropriate as set forth below.

---

[1] The Individual Actions consist of (a) those actions that are captioned Bahnmaier v. Bank of America Corporation, No. 09 Civ. 5411 (PKC), Munoz v. Merrill Lynch & Co., Inc., No. 09 Civ. 10077 (PKC), Stichting Pensioenfonds ABP v. Bank of America Corporation, No. 10 Civ. 2284 (PKC), Finger v. Bank of America Corporation, No. 10 Civ. 2408 (PKC), Weintraub v. Bank of America Corporation, No. 10 Civ. 2409 (PKC), Finger v. Bank of America Corporation, No. 10 Civ. 2410 (PKC), Finger v. Bank of America Corporation, No. 10 Civ. 2411 (PKC), Koenick v. Lewis, No. 10 Civ. 2425 (PKC), Katz v. Bank of America Corporation, No. 10 Civ. 3099 (PKC), Katz v. Bank of America Corporation, No. 10 Civ. 3248 (PKC) and Jalenak v. Bank of America Corporation, No. 10 Civ. 3472 (PKC), and (b) any future actions as set forth in Paragraph 5. The ABP, Finger, Weintraub, Katz, and Jalenak actions have been consolidated under the original ABP case number, 10-cv-2284.

It is hereby ORDERED as follows:

## I. CONSOLIDATION AND STAY

1. The Individual Actions are consolidated with each other for pre-trial purposes pursuant to Fed. R. Civ. P. 42(a). The Individual Actions are further consolidated with the Consolidated Securities Action for pre-trial purposes, pursuant to Fed. R. Civ. P. 42(a).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

3. The requirement that any defendant named and served in an Individual Action must move, answer or otherwise respond in that action is stayed until 30 days following a decision on the pending motions to dismiss in the Consolidated Securities Action. If circumstances necessitate action by any Individual Action plaintiff or defendant to protect interests unique to such Individual Action plaintiff or defendant, such plaintiff or defendant may seek relief from the stay by appropriate motion. All defenses of any defendant named and served in an Individual Action, including but not limited to defenses based on lack of personal jurisdiction or lack of subject matter jurisdiction, are hereby preserved until the filing of an answer. *P/KC*

## II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

4. A Master Docket, No. 09 MD 2058, was established by the July 29 Orders for the proceedings in the Consolidated Securities Action, Consolidated Derivative Action, and Consolidated ERISA Action and any other actions subsequently consolidated with them either

for all purposes or for pretrial purposes. Entries in said Master Docket shall be made therein in accordance with the procedures set forth in the July 29 Orders.

### III. NEWLY FILED OR TRANSFERRED ACTIONS

5. When an action that relates to the same subject matter as the Consolidated Securities Action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with the Consolidated Securities Action ~~in the same manner as the cases identified in Section I above~~, *for all purposes, unless a party objects to consolidation within ten (10) days of the date a copy of the order* except as provided below, and the Clerk of Court shall:

   (a) File a copy of this Order in the separate file for such action; and

   (b) Make an appropriate entry in the Master Docket.

6. Any defendant who has notice of the filing in or transfer to this Court of a related case *is served upon counsel for such party* shall:

   (a) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case; and

   (b) File a notice of service of this Order in the Master File.

7. The Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might be consolidated with these actions.

8. On June 1, 2010, at the direction of the Court, the plaintiffs represented by the law firm of Grant & Eisenhofer P.A. ("G&E") and/or the law firm of Susman Godfrey LLP (the "G&E/Susman Plaintiffs") filed a consolidated amended complaint with the case number from the *ABP v. Bank of America Corp.* action, 10-cv-2284 (S.D.N.Y.). If any additional investors

4

represented by G&E or Susman Godfrey wish to file related individual claims, G&E and Susman Godfrey are directed to amend the complaint in case number 10-cv-2284 to add the new plaintiff(s) rather than filing new actions. Subject to the next sentence, G&E and Susman Godfrey shall have ~~an unlimited~~ the right to amend the complaint ~~from time to time~~ until December 30, 2010 to add new plaintiffs on the condition that no substantive amendments are made other than to add facts related to the new plaintiffs. This order shall not affect these plaintiffs' right to substantively amend the complaint with the defendants' consent or with the Court's leave in accordance with Fed. R. Civ. P. 15(a), or the right of any of the Defendants to object to any further amendment.

PKC

## IV. APPLICATION OF THIS ORDER TO PENDING AND SUBSEQUENT CASES

9. This Order shall apply generally to the Consolidated Securities Action, the Consolidated Derivative Action, the Consolidated ERISA Action, each of the Individual Actions, the Bahnmaier Derivative Action, and any case which relates to the same subject matter as any of the foregoing actions that is subsequently filed in or transferred to this Court and assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which defense counsel mails a copy of this Order to counsel for that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application. All of the foregoing actions are collectively referred to as the "Consolidated Actions."

## V. CAPTIONS

10. Every pleading filed in the Consolidated Actions shall be captioned in accordance

with the procedures set forth in the July 29 Orders.

## VI. DUTIES OF COUNSEL

11. Lead Counsel in the Consolidated Securities Action shall have the following responsibilities in connection with the Consolidated Securities Action:

(a) Sign any consolidated class action complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers.

(b) Conduct all pretrial proceedings on behalf of plaintiffs.

(c) Brief and argue motions.

(d) Initiate and conduct discovery. Plaintiffs' discovery will be conducted by Lead Counsel in the Consolidated Securities Action. Liaison Counsel, as defined in § VII below, and Lead Counsel in the Consolidated Securities Action shall agree upon a procedure that will give plaintiffs' counsel in the Individual Actions a reasonable opportunity to request through Liaison Counsel additions and deletions from any discovery request crafted by Lead Counsel in the Consolidated Securities Action, and to otherwise permit the discovery in the Consolidated Securities Action to be conducted after Lead Counsel in the Consolidated Securities Action has given appropriate consideration to the views of counsel in the Individual Actions as conveyed through their Liaison Counsel. Should any counsel in an Individual Action believe that his/her views are not being appropriately incorporated into the discovery process, Liaison Counsel, or if

necessary the dissenting attorney, may seek the Court's intervention. There shall be no separate discovery conducted in any of the Individual Actions unless issues unique to one or more Individual Actions are identified to the Court and permission is obtained to conduct such separate discovery. Should one or more Individual Actions identify any discovery or motion practice that is not duplicative, they will have an opportunity to pursue the discovery and motion practice.

(e) Speak on behalf of plaintiffs at any pretrial conference.

(f) Employ and consult with experts. Nothing in this Order precludes the plaintiffs in the Individual Actions, the Consolidated Derivative Action and Consolidated ERISA Action from employing and consulting with their own experts.

(g) Conduct settlement negotiations with defense counsel on behalf of class action plaintiffs.

(h) Call meetings of plaintiffs' counsel.

(i) Maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Securities Action which shall be available to all plaintiffs' counsel at reasonable hours, provided that plaintiffs and their counsel in the Individual Actions have become signatories to all confidentiality agreements in place for such discovery and bear all duplication expenses.

(j) Keep Liaison Counsel and Interim Lead Counsel in both the Consolidated Derivative

Action and Consolidated ERISA Action informed about discovery matters and other issues and proceedings of common interest in the Consolidated Actions.

(k) Consult with Liaison Counsel and Interim Lead Counsel in both the Consolidated Derivative Action and Consolidated ERISA Action to obtain the views of plaintiffs' counsel on proposed document requests, interrogatories, requests for admissions, depositions, and litigation strategy, and incorporate those views wherever it is reasonably appropriate to do so, including with respect to particular discovery items. Nothing in the preceding sentence shall preclude Interim Lead Counsel in the Consolidated Derivative Action or the Consolidated ERISA Action from serving their own discovery requests concerning issues unique to their actions.

(l) Conduct all depositions in the Consolidated Securities Action. Should any counsel in the Consolidated Derivative Action, Consolidated ERISA Action, or the Individual Actions identify in connection with a deposition being taken by Lead Counsel in the Consolidated Securities Action any discovery that is unique to one or more of their actions, Lead Counsel in the Consolidated Securities Action shall devise and implement in good faith a process such that, through consultation with Interim Lead Counsel in the Consolidated Derivative Action, Interim Lead Counsel in the ERISA Action and/or Liaison Counsel, as the case may be, attorneys from the affected actions may participate in the taking of each such deposition and ask questions related to those unique issues. Nothing in the preceding sentence shall preclude Liaison Counsel or Interim Lead Counsel in the Consolidated Derivative Action or the Consolidated ERISA Action from attending any deposition.

12. Interim Lead Counsel in the Consolidated Derivative Action shall:

(a) Distribute to counsel in the Bahnmaier Derivative Action those materials that they need to review to form and to communicate their views regarding discovery, motion practice and settlement.

(b) Confer with counsel in the Bahnmaier Derivative Action to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel in the Consolidated Securities Action or to the Court.

(c) Coordinate the taking of any discovery that the Court has authorized that is unique to the Bahnmaier Derivative Action.

### VII. APPOINTMENT OF LIAISON COUNSEL

13. Grant & Eisenhofer P.A. and Susman Godfrey LLP, co-counsel for the G&E/Susman Plaintiffs, are designated as Liaison Counsel for the Individual Actions.

14. Liaison Counsel shall have the following responsibilities:

(a) Distribute to all counsel in the Individual Actions those materials that they need to review to form and to communicate their views regarding discovery, motion practice and settlement.

(b) Confer with all counsel in the Individual Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel in the Consolidated Securities Action or to the Court.

(c) Communicate with Lead Counsel in the Consolidated Securities Action regarding any discovery that plaintiffs in the Individual Actions wish to take, litigation strategy and motion practice.

(d) Communicate with the Court regarding any issues common to the Individual Actions.

(e) Coordinate the taking of any discovery that the Court has authorized that is unique to the Individual Actions.

(f) Any party's or the Court's communication with either Liaison Counsel shall be sufficient for all purposes under this Order.

## VIII. SERVICE

15. Service by defendants of pleadings and all other papers on Lead Counsel in the Consolidated Securities Action and Liaison Counsel shall be deemed sufficient service in the Consolidated Securities Action.

## IX. RESTRICTIONS

16. No attorney for any plaintiff in an Individual Action may contact defense counsel regarding discovery without the consent of Lead Counsel in the Consolidated Securities Action or, in the absence of such permission, leave of the Court. No attorney for any plaintiff in an Individual Action other than Liaison Counsel may contact Lead Counsel in the Consolidated Securities Action regarding discovery without being advised by Liaison Counsel that Lead Counsel has consented to the contact, or in the absence of such consent, leave of the Court. If

any plaintiff's counsel in any Individual Action believes that Liaison Counsel has not sufficiently presented his views, he may apply to the Court for permission to make a separate submission to the Court or for permission to contact Lead Counsel in the Consolidated Securities Action directly.

17. Counsel may seek relief from these restrictions and from any of the provisions of this Order by application to the Court upon a showing of good cause. A showing of good cause regarding discovery issues includes a showing that the discovery issue is unique to an Individual Action.

X. DISCOVERY *[handwritten: and the Addendum Order dated May 19, 2010 (Docket No. 278)]*

18. All parties to the Consolidated Actions shall be bound by the terms of the Stipulation and Order Governing the Production and Exchange of Confidential Material dated January 20, 2010 (Dkt. 160) (the "Stipulation") and the Rider to the Stipulation and Order Governing the Production and Exchange of Confidential Material dated January 28, 2010 (the "Rider"). No discovery materials obtained by any party shall be shared with any other party that has not agreed to be bound by the Stipulation and Rider. Further, no discovery shall be shared with any party unless that party has secured any required authorization from the Federal Reserve Board for the receipt of Confidential Supervisory Information, as that term is defined in the Rider. Liaison Counsel shall be responsible for securing any required authorization from the Federal Reserve Board for the receipt of Confidential Supervisory Information, as that term is defined in the Rider, on behalf of plaintiffs in the Individual Actions.

19. Subject to the terms of this Order, all discovery obtained by any plaintiff in any

Consolidated Securities Action will be shared with any other plaintiff in those actions and with plaintiffs in the Consolidated Derivative Action and the Consolidated ERISA Action, and all discovery obtained by any defendant in any Consolidated Securities Action may be shared with any other defendant. All discovery obtained by any party in any Consolidated Securities Action shall be deemed discovered in each of those Actions.

20. Subject to the terms of this Order, all discovery obtained by any plaintiff in the Consolidated Derivative Action or the Bahnmaier Derivative Action will be shared with any other plaintiff in those actions, and all discovery obtained by any defendant in the Consolidated Derivative Action or the Bahnmaier Derivative Action may be shared with any other defendant. All discovery obtained by any party in the Consolidated Derivative Action or the Bahnmaier Derivative Action shall be deemed discovered in each of those Actions.

21. Lead Counsel in the Consolidated Securities Action, Consolidated Derivative Action, and Consolidated ERISA Action shall make efforts to coordinate with each other to realize efficiencies in the discovery process, including the scheduling of witness depositions. No witness may be deposed more than once without leave of the Court.

## XI. PRIVILEGE

22. Cooperation by and among counsel is essential for the orderly and expeditious resolution of the Consolidated Actions. Accordingly, the communication of information among and between Lead Counsel in the Consolidated Securities Action, Liaison Counsel, counsel in the Individual Actions, Interim Lead Counsel in the Consolidated Derivative Action, counsel in the Bahnmaier Derivative Action, and Interim Lead Counsel in the Consolidated ERISA Action,

and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

### XII. RIGHT TO BE HEARD BY THE COURT

23. All counsel in the Consolidated Actions shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, other parties, other counsel and witnesses. Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

SO ORDERED:

*[signature]*, USDJ

6-24-10