```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-30-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION

Master File No. 09 MD 2058 (PKC)

ORDER

-----------------------------------------------------------x

THIS DOCUMENT RELATES TO:
ALL ACTIONS

-----------------------------------------------------------x

CASTEL, District Judge:

Counsel for the plaintiffs in the Derivative Actions have helpfully suggested that
the Case Management Plan & Scheduling Order ("Scheduling Order") in the Derivative Actions
be deferred until the entry of the Scheduling Order in the Consolidated Securities Action because
the two Orders will largely mirror each other.  Counsel for the plaintiffs in the Derivative
Actions are directed to submit a proposed Scheduling Order in the Derivative Actions within five
days of entry of the Scheduling Order in the Consolidated Securities Action.

With regard to the Consolidated Securities Action, I am directing counsel for the
defendants to provide the Court with a listing, witnesses by witness, of all persons known to have
been examined in a proceeding in which the subject matter overlapped with the matters alleged
in the complaint in the Consolidated Securities Action, including but not limited to examinations
by the Office of the New York State Attorney General ("NYAG") and depositions or other
proceedings in In re Bank of America Corp. Stockholder Deriv. Litig., C.A. No.. 4307-VCS
(Del. Ch.) (the "Delaware Action").   The listing should set forth: the name of the proceeding;
the date of the examination; the page length of the transcript; whether the witness was
represented by counsel and, if so, by which firm; and whether the witness is a party to the

Consolidated Securities Action or within the control of any party. Counsel for the defendant shall also provide the Court with a complete description of all document productions, formal or informal, which have been made available to plaintiffs' counsel. In addition, counsel for the defendants shall provide the Court with any scheduling orders or agreements in the Delaware Action.

For planning purposes, the parties should be aware that the Court is disinclined to approve any Scheduling Order—such as the presently submitted ones—which grant a blank check for up to 100 depositions (50 per side) in the Consolidated Securities Action. The expressed need for 50 depositions per side does not speak well of either side's confidence in its ability to prove or rebut the allegations in the Complaint or any affirmative defense thereto. To date, there have been 53 examinations under oath by the NYAG and counsel has had time to conduct their own Rule 11 investigations, including interviews of willing non-parties. For those witnesses within the subpoena power of the Court, these are discovery depositions for use in a case in which much has already been discovered. Also the one-size-fits-all approach to the depositions in which counsel potentially needs to question every witness for seven hours, apart from any questioning by any other lawyer in any other action in the same deposition, will not likely be approved by this Court.

March 31, 2012 is the date for the completion of all fact discovery and all expert discovery shall be completed by May 18, 2012. This is an extension of the previously set date of March 31, 2012 for the completion of all discovery, fact and expert. In setting these dates, the Court has taken into account that unexpected contingencies may arise such as difficulties in scheduling non-party witnesses, delays in meeting the requirements of the Hague Convention,

adverse weather and seismological conditions, unanticipated medical emergencies and other vagaries of life. I do not presently anticipate further extending these dates.

At this juncture (and without expressing any view on the propriety of any class definition), it is not necessary for plaintiffs' counsel to refine the class definition beyond what they have done to date. Of course, plaintiffs will need to define the class with precision and certitude in the motion for class certification. Defendants have enough information to intelligently conduct discovery.

The parties have made considerable progress on the negotiation of a Scheduling Order and for this they are to be commended. As wise counsel knows, an agreed-upon compromise is often a better solution than a resolution imposed by a Court at a greater distance from the granular details. With the guidance set forth herein, I am directing counsel to confer further and endeavor to bridge the gap on the remaining issues. The items required by the second paragraph of this Order should be faxed to Chambers by 5 p.m. September 2, 2011, on notice to all counsel.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 30, 2011