**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
:
IN RE BANK OF AMERICA CORP.          :     Master File No. 09 MD 2058 (PKC)
SECURITIES, DERIVATIVE, AND          :
EMPLOYEE RETIREMENT INCOME           :     ECF CASE
SECURITY ACT (ERISA) LITIGATION      :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
:
THIS DOCUMENT RELATES TO:             :
:
Consolidated Securities Action        :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### NOTICE OF MOTION AND MOTION FOR APPROVAL OF
### NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

PLEASE TAKE NOTICE that, the State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teacher Retirement System of Texas, Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V., Fjärde AP-Fonden, and Grant Mitchell (collectively, the "Class Representatives"), hereby move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of the proposed Order Approving Notice and Summary Notice of Pendency of Class Action (attached hereto as Exhibit A) which approves (i) the form and content of the proposed Notice of Pendency of Class Action (attached as Exhibit 1 to Exhibit A) and the proposed Summary Notice of Pendency of Class Action (attached as Exhibit 2 to Exhibit A) (together, the "Notices"), and (ii) the proposed method for disseminating the Notices to the Class. The Class Representatives, through their counsel, have conferred with counsel for the Defendants, and Defendants do not oppose this motion.

Dated: February 24, 2012
New York, New York

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ Fred S. Fox
Robert N. Kaplan
Frederic S. Fox

850 Third Avenue, 14th Floor
New York, NY  10022
Tel:  (212) 687-1980
Fax:  (212) 687-7714

*Class Counsel*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

By:  /s/ Steven B. Singer
Max W. Berger
Steven B. Singer

1285 Avenue of the Americas
New York, NY  10019
Tel:  (212) 554-1400
Fax:  (212) 554-1444

*Class Counsel*

**KESSLER TOPAZ MELTZER
& CHECK, LLP**

By:  /s/ David Kessler
David Kessler
Gregory M. Castaldo

280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056

*Class Counsel*

#621307

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
        :

IN RE BANK OF AMERICA CORP.    :   Master File No. 09 MD 2058 (PKC)
SECURITIES, DERIVATIVE, AND    :
EMPLOYEE RETIREMENT INCOME    :   ECF CASE
SECURITY ACT (ERISA) LITIGATION    :
        :
        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
        :

THIS DOCUMENT RELATES TO:    :
        :
Consolidated Securities Action    :
        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] ORDER APPROVING
## NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

WHEREAS, by Memorandum and Order dated February 6, 2012, the Court certified the

above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting

of: (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934

("Exchange Act"), all persons and entities who held Bank of America Corporation ("BoA")

common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and

Merrill Lynch & Co., Inc. ("Merrill"), and were damaged thereby; and (ii) as to claims under

Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or

otherwise acquired BoA common stock during the period from September 18, 2008 through

January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging

stock of Merrill for BoA stock through the merger between the two companies consummated on

January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a)

of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011

call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were

damaged thereby; and (iv) as to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and were damaged thereby (the "Class");[1]

WHEREAS, the State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teacher Retirement System of Texas, Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V., Fjärde AP-Fonden, and Grant Mitchell (collectively, the "Class Representatives") have moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of notices to be disseminated to the Class as well as the proposed method for dissemination of these notices;

WHEREAS, BoA, Merrill, Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., and the BoA Board[2] (collectively, the "Defendants") do not oppose this request; and

WHEREAS, the Court has reviewed the proposed notices submitted by the Class Representatives, and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

---

[1] Excluded from the Class by definition are: Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions).

[2] The "BoA Board" consists of: William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward.

1.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices"), attached hereto as Exhibits 1 and 2, respectively.

2.      The proposed form and content of the Notice meet the requirements of Rule 23(c)(2)(B) – as it clearly and concisely states in plain and easily understood language, the nature of the action, the definition of the class certified, the class claims, issue or defenses, the trial date, that a class member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the class any member who requests exclusion, the time and manner for requesting exclusion and the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c)(3). The Notice and Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3.      The Court approves the retention of _____ as the Notice Administrator.

4.      The Notice Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first-class mail, postage prepaid, not later than twenty-one (21) calendar days ("Notice Date") from entry of this Order, to all Class Members who can be identified with reasonable effort. The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, (1) held BoA common stock as of October 10, 2008, for a person or entity that was

entitled to vote on the merger between BoA and Merrill, (2) purchased or otherwise acquired the common stock of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the Merger between the two companies that was consummated on January 1, 2009; (3) purchased or otherwise acquired January 2011 call options on BoA common stock from September 18, 2008 through January 21, 2009, inclusive; or (4) purchased BoA common stock issued under the Registration Statement and Prospectus and October 7, 2008 Prospectus Supplement of BoA, in the common stock offering that occurred on or about October 7, 2008. Such nominees shall either (a) within seven (7) calendar days of receipt of the Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.

5.     Contemporaneously with the mailing of the Notice, the Notice Administrator shall cause a copy of the Notice to be posted on the website designated for this lawsuit,

www.boasecuritieslitigation.com, from which Class Members may download copies of the Notice.

6.    The Notice Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published in *The Wall Street Journal*, *The New York Times* and *The Financial Times* and transmitted over PR Newswire within ten (10) calendar days of the mailing of the Notice.

7.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first class mail, postmarked no later than forty-five (45) calendar days after the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *In re Bank of America Corp. Securities Litigation*, Master File No. 09 MD 2058 (PKC) and must clearly (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of BoA common stock and the number of January 2011 call options on BoA common stock purchased, otherwise acquired, held and/or sold on or during the relevant periods as well as the dates and prices of each such purchase, acquisition and/or sale during the relevant periods; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

8.      Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than forty-five (45) calendar days after the Notice Date.

9.      Class Counsel shall file with the Court proof of mailing of the Notice and proof of publication of the Summary Notice within ten (10) business days following the date the Summary Notice is published.  Class Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class within twenty-one (21) calendar days following the expiration of the exclusion deadline.

10.     This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

DATED:                                          SO ORDERED:


                                                _____

#621308

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MD 2058 (PKC) ECF CASE |
| THIS DOCUMENT RELATES TO: Consolidated Securities Action | |

<u>**NOTICE OF PENDENCY OF CLASS ACTION**</u>

**To:**   (1)   All persons and entities who held Bank of America Corporation common stock as of October 10, 2008, and were entitled to vote on the merger between Bank of America Corporation and Merrill Lynch & Co., Inc. that was consummated on January 1, 2009;

(2)   All persons and entities who purchased or otherwise acquired the common stock of Bank of America Corporation during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of Bank of America Corporation common stock acquired by exchanging Merrill Lynch & Co., Inc. common stock for Bank of America Corporation common stock through the merger between the two companies;

(3)   All persons and entities who purchased or otherwise acquired January 2011 call options on Bank of America Corporation common stock during the period from September 18, 2008 through January 21, 2009, inclusive; and

(4)   All persons and entities who purchased Bank of America Corporation common stock issued under the Registration Statement and Prospectus and October 7, 2008 Supplemental Prospectus of the Bank of America Corporation, in the common stock offering that occurred on or about October 7, 2008.

*A federal court has authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT
PENDING IN THIS COURT.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court") to inform you (i) of a class action lawsuit that is now pending in the Court under the above caption (the "Action") against Bank of America Corporation ("BoA"), Merrill Lynch & Co., Inc. ("Merrill"), Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., and the BoA Board[1] (collectively, the "Defendants"), and (ii) that the Action has been certified by the Court to proceed as a class action on behalf of a Class of certain purchasers, acquirors and holders of BoA common stock[2] and purchasers and acquirors of certain call options on BoA common stock.

1.      The "Class," as certified by the Court, consists of:

> (i) As to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held BoA common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill, and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus and October 7, 2008 Prospectus Supplement of BoA, in the common stock offering that occurred on or about October 7, 2008, and were damaged thereby.

Excluded from the Class by definition are:

> Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions).

2.      This Notice is directed to you because you may be a member of the Class. If you are a member of the Class, your rights will be affected by this Action. If you do not meet the Class definition, this Notice does not apply to you. If you are uncertain whether you are

---

[1] The "BoA Board" consists of: William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward.

[2] At all relevant times, shares of BoA common stock were actively traded on the New York Stock Exchange under the symbol "BAC."

a member of the Class, contact Class Counsel listed in paragraph 23 below, or your own attorney.

3. This Notice is <u>not</u> an admission by Defendants or an expression of any opinion of the Court concerning the merits of the Action, or a finding by the Court that the claims asserted by Lead Plaintiffs in this case are valid. This Notice is intended solely to advise you of the pendency of the Action and of your rights in connection with it. Defendants have denied Lead Plaintiffs' claims and contend that they are not liable for the harm alleged by Lead Plaintiffs.

4. The Class definition may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## <u>OVERVIEW AND STATUS OF THIS ACTION</u>

5. On September 15, 2008, BoA agreed to acquire Merrill in a stock-for-stock transaction in which shares of Merrill common stock would be exchanged for 0.8595 shares of BoA common stock (the "Merger"). BoA and Merrill issued a Definitive Joint Proxy Statement to shareholders on November 3, 2008, and on December 5, 2008, BoA and Merrill shareholders voted in favor of the Merger. The Merger was consummated on January 1, 2009.

6. Beginning in January 2009, numerous putative securities fraud class actions were filed against BoA, Merrill, and certain officers and directors of both companies related to the Merger.

7. By Order dated June 30, 2009, the Court consolidated the federal securities actions and appointed the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). In the same Order, the Court also approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer, LLP, and Kessler Topaz Meltzer & Check, LLP (f/k/a Barroway Topaz Kessler Meltzer & Check, LLP) as lead counsel for the Class.

8. On September 25, 2009, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint (the "First Amended Complaint" or "Complaint"), which alleged, among other things, that Defendants violated the federal securities laws by failing to disclose, prior to the shareholder vote approving the Merger, that (i) Merrill had suffered billions of dollars in losses during the fourth quarter of 2008, and (ii) BoA had agreed to allow Merrill to pay up to $5.8 billion in bonuses to its employees before the Merger closed, notwithstanding those substantial losses. The Complaint alleged that BoA shareholders voted to approve the Merger unaware of these material facts.

9. The Complaint further alleged that, following the shareholder vote, but before the Merger closed on January 1, 2009, (i) BoA decided that it had grounds to terminate the Merger because of the magnitude of Merrill's losses, and (ii) in order to consummate the Merger

and absorb Merrill's fourth quarter losses, BoA obtained a $138 billion bailout from the Federal Government to prevent BoA's own collapse. The Complaint alleged that these facts were not disclosed to investors before the Merger closed.

10.    The Complaint further alleged that the truth about Merrill's financial condition was not revealed until mid-January 2009, when BoA announced that Merrill had suffered a loss of more than $21 billion during the fourth quarter of 2008 and, as a result, BoA had sought and obtained a $138 billion taxpayer bailout. The Complaint also alleges that on January 21, 2009, it was further reported that, despite Merrill's losses, BoA had allowed Merrill to pay $3 to $4 billion in bonuses before the Merger closed, and that, as these facts became known, the price of BoA common stock declined in value, allegedly causing damage to Class Members.

11.    Based on the facts set forth above, the First Amended Complaint alleged that Defendants violated Sections 14(a), 10(b), and 20(a) of the Exchange Act, and Sections 11, 12(a)(2) and 15 of the Securities Act. In addition to BoA and Merrill, the First Amended Complaint named Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., and the BoA Board as Defendants.

12.    All Defendants moved to dismiss the First Amended Complaint. The motions were fully briefed, and on August 27, 2010, the Court issued a Memorandum and Order that granted in part, and denied in part, Defendants' motions to dismiss. Specifically, the Court sustained (1) Lead Plaintiffs' Section 14(a) claim regarding (i) Merrill's ability to pay bonuses to its employees for fiscal year 2008 prior to the Merger closing, and (ii) Merrill's fourth quarter 2008 losses; (2) Lead Plaintiffs' Section 10(b) claims regarding Merrill's ability to pay bonuses to its employees for fiscal year 2008 prior to the Merger closing; (3) Lead Plaintiffs' Section 20(a) claims for control person liability; and (4) Lead Plaintiffs' Securities Act claims. The Court dismissed Lead Plaintiffs' remaining claims, including Lead Plaintiffs' Section 10(b) claims regarding Defendants' failure to disclose Merrill's fourth quarter 2008 losses.

13.    On October 22, 2010, Lead Plaintiffs filed a Consolidated Second Amended Class Action Complaint (the "Second Amended Complaint"), which contained additional allegations in support of Lead Plaintiffs' Section 10(b) claims against Defendants Lewis, Price and BoA related to these Defendants' failure to disclose Merrill's fourth quarter losses and BoA's receipt of the taxpayer bailout.

14.    After full briefing on Defendants' motions to dismiss the Second Amended Complaint, by Memorandum and Order dated July 29, 2011, the Court sustained Lead Plaintiffs' Section 10(b) claims regarding Defendants' failure to disclose Merrill's fourth quarter losses, but granted Defendants' motion to dismiss Lead Plaintiffs' claims related to Defendants' failure to disclose the taxpayer bailout.

15.    On August 31, 2011, Defendants answered the Second Amended Complaint. Defendants denied Lead Plaintiffs' claims and asserted several affirmative defenses to liability.

16.    Pursuant to the Court's Order setting the discovery and briefing schedule with respect to Lead Plaintiffs' motion for class certification, on October 17, 2011, Lead Plaintiffs filed their Motion for Class Certification and Appointment of Class Representatives and Class Counsel.  After class certification discovery and a full round of briefing, on February 6, 2012, the Court issued a Memorandum and Order granting Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel.  The trial in this action has been scheduled by the Court to begin at 10:00 a.m. on October 22, 2012.

## YOUR RIGHTS AS A CLASS MEMBER

17.    A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly-situated persons and entities to obtain monetary or other relief for the benefit of the entire group.  Class actions avoid the necessity of each member of a class having to file his, her or its own separate lawsuit to obtain relief.  Class actions are used to decide legal and factual issues that are common to all members of a class.

18.    If you (a) owned BoA common stock as of October 10, 2008, and were entitled to vote on the Merger between BoA and Merrill, (b) purchased or otherwise acquired BoA common stock or January 2011 call options from September 18, 2008 through January 21, 2009, inclusive, or (c) purchased BoA common stock issued under the Registration Statement and Prospectus and October 7, 2008 Prospectus Supplement of BoA, in the common stock offering that occurred on or about October 7, 2008, and were damaged thereby, and you are not excluded from the Class by definition, you are a member of the Class.  If you are a member of the Class, you have the right to decide whether to remain a member of the Class.  *If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in BoA common stock or January 2011 call options on BoA common stock as discussed below in paragraph 19.*  If you are a member of the Class and wish to be excluded from the Class, you must request exclusion in accordance with the procedure set forth in paragraph 20, below.  Your decision is important for the following reasons:

    a.    **If you choose to remain a member of the Class**, you will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable.  If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court, you will be eligible to receive a share of that award.  If, however, Defendants prevail, you may not pursue a lawsuit on your own behalf with regard to any of the issues decided in this Action.  Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion as to whether a second opportunity to request exclusion from the Class will be allowed if there is a settlement or judgment in the Action.  Please note that if you remain a member of the Class, you will not be personally responsible for Class Counsel's attorneys' fees or costs.  Class Counsel has agreed to represent the Class on a contingent fee basis, which means that they will be awarded fees and costs only if they succeed in obtaining a recovery from one or more

Defendants. Any attorneys' fees for Class Counsel will be awarded by the Court from the settlement or judgment, if any, obtained on behalf of the Class. As a member of the Class you will be represented by Class Counsel. You may remain a member of the Class and elect to be represented by counsel of your own choosing. If you do retain separate counsel, you will be responsible for that attorneys' fees and expenses and such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in paragraph 23 below on or before [same as exclusion deadline].

b.  **If you choose to be excluded from the Class**, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action. However, you may be able to retain the right to individually pursue any legal rights that you may have against any Defendants with respect to the claims asserted in the Action. Please refer to paragraphs 20-22 below if you would like to be excluded from the Class.

19.  Members of the Class will be eligible to participate in any recovery that might be obtained in the Action. While this Notice is not intended to suggest any likelihood that Lead Plaintiffs or members of the Class will recover any such damages, should there be a recovery, members of the Class will be required to support their requests to participate in the distribution of any such recovery by demonstrating their membership in the Class and documenting their purchases, sales and/or holdings of BoA common stock and/or January 2011 call options, and their resulting damages. *For this reason, please be sure to keep all records of your transactions in these securities*.

## HOW TO BE EXCLUDED FROM THE CLASS

20.  If you wish to be excluded from the Class, you must specifically request exclusion in accordance with the following procedures. To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re Bank of America Corp. Securities Litigation*, Master File No. 09 MD 2058 (PKC)." Your request must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of BoA common stock and the number of January 2011 call options on BoA common stock purchased, otherwise acquired, held and/or sold on or during the relevant periods as well as the dates and prices of each such purchase, acquisition and/or sale during the relevant periods; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. You must mail your exclusion request, postmarked by no later than [INSERT DATE], to:

[INSERT ADDRESS]

You cannot exclude yourself from the Class by telephone or by e-mail and a request for exclusion shall not be effective unless it contains all the information called for by this paragraph and is postmarked by the date stated above, or is otherwise accepted by the Court.

21.     If your request for exclusion complies with the requirements set forth above, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action.

22.     Do not request exclusion from the Class if you wish to participate in this Action as a member of the Class.

## CLASS COUNSEL

23.     As a member of the Class, you will be represented by Class Counsel, who are:

| Robert N. Kaplan | Max Berger | David Kessler |
|---|---|---|
| Frederic S. Fox | Steven B. Singer | Gregory Castaldo |
| **KAPLAN FOX** | **BERNSTEIN LITOWITZ** | **KESSLER TOPAZ** |
| **& KILSHEIMER LLP** | **BERGER & GROSSMANN LLP** | **MELTZER & CHECK LLP** |
| 850 Third Ave, 14th Fl. | 1285 Avenue of the Americas | 280 King of Prussia Road |
| New York, NY 10022 | New York, NY 10019 | Radnor, PA 19087 |
| (212) 687-1980 | (212) 554-1400 | (610) 667-7706 |

24.     As noted above, unless you elect to retain your own personal lawyer, by remaining in the Class, you will not subject yourself to any direct obligations to pay the costs of the litigation.  In the event there is a recovery by the Class in this Action, all costs and expenses of the Action, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount approved by the Court.

## PLEASE KEEP YOUR ADDRESS CURRENT

25.     To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

[INSERT NOTICE ADMINISTRATOR NAME AND ADDRESS]

26.     If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact [NOTICE ADMINISTRATOR] and provide them with your correct address.  If [NOTICE ADMINISTRATOR] does not have your correct address, you may not receive notice of important developments in this Action.

## WHERE YOU CAN FIND ADDITIONAL INFORMATION

27.     This Notice gives only a summary of the lawsuit and the claims asserted by Lead Plaintiffs.  For more detailed information regarding the Action, you may contact Class Counsel or visit http://www.boasecuritieslitigation.com.

PLEASE DO NOT CALL OR WRITE THE COURT.

## NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

28. If, for the beneficial interest of any person or entity other than yourself, you (1) held BoA common stock as of October 10, 2008, for a person or entity that was entitled to vote on the merger between BoA and Merrill, (2) purchased or otherwise acquired the common stock of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the merger between the two companies that was consummated on January 1, 2009; (3) purchased or otherwise acquired January 2011 call options on BoA common stock from September 18, 2008 through January 21, 2009, inclusive; or (4) purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator at [insert address]. If you choose the first option, you must send a statement to the Administrator confirming that the mailing was made and you must retain your mailing records for use in connection with any further notices that may be provided in the Action. If you choose the second option, the Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Dated:                                       BY THE ORDER OF THE COURT:
United States District Court
for the Southern District of New York

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :
          :
IN RE BANK OF AMERICA CORP.     :    Master File No. 09 MD 2058 (PKC)
SECURITIES, DERIVATIVE, AND     :
EMPLOYEE RETIREMENT INCOME    :    ECF CASE
SECURITY ACT (ERISA) LITIGATION   :
          :
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :
THIS DOCUMENT RELATES TO:     :
          :
Consolidated Securities Action      :
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

**To:**    **All persons and entities who (1) held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill") that was consummated on January 1, 2009; (2) purchased or otherwise acquired the common stock of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the merger between the two companies; (3) purchased or otherwise acquired January 2011 call options on BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive; and (4) purchased BoA common stock issued under the Registration Statement and Prospectus and October 7, 2008 Supplemental Prospectus of BoA in the common stock offering that occurred on or about October 7, 2008.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION. A full printed Notice of Pendency of Class Action is currently being mailed to known Class Members. If you have not yet received the full printed Notice, you may obtain copies of this document by contacting:

**Bank of America Securities Litigation**
**[NOTICE ADMINISTRATOR]**
**P.O. Box ____**
**_____, __ _____-____**

(___) ___-____
*www.boasecurities litigation.com*

Inquiries, other than requests for the Notice, may be made to Class Counsel:

| | | |
|---|---|---|
| Robert N. Kaplan | Max Berger | David Kessler |
| Frederic S. Fox | Steven B. Singer | Gregory Castaldo |
| **KAPLAN FOX** | **BERNSTEIN LITOWITZ** | **KESSLER TOPAZ** |
| **& KILSHEIMER LLP** | **BERGER &** | **MELTZER & CHECK LLP** |
| 850 Third Ave, 14th Fl. | **GROSSMANN LLP** | 280 King of Prussia Road |
| New York, NY 10022 | 1285 Avenue of the Americas | Radnor, PA 19087 |
| (212) 687-1980 | New York, NY 10019 | (610) 667-7706 |
| | (212) 554-1400 | |

If you are a Class Member, you have the right to decide whether to remain a member of the Class. *If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in BoA common stock or January 2011 call options on BoA common stock*. You will automatically be included in the Class. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in this Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.

If you ask to be excluded from the Class, you will not be bound by any order or judgment of this Court, and you will not be eligible to receive a share of any money which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than _____, 2012 in accordance with the instructions set forth in the full printed Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion as to whether a second opportunity to request exclusion from the Class will be allowed if there is a settlement or judgment in the Action. The trial in this action has been scheduled by the Court to begin at 10:00 a.m. on October 22, 2012.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator.

Dated:                                                                BY ORDER OF THE COURT:
United States District Court
For the Southern District of New York