UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME         Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION
-----------------------------------------------------------   MEMORANDUM AND ORDER
THIS DOCUMENT RELATES TO:

CHARLES N. DORNFEST,

                Plaintiff,                    10 Civ. 275 (PKC)

      -against-

BANK OF AMERICA CORPORATION, et al.,

                Defendants.
-----------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-16-12
```

P. KEVIN CASTEL, District Judge:

        Plaintiff Charles Dornfest moves for the certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons explained, his motion is denied.

        On September 29, 2011, this Court issued a Memorandum and Order concluding that plaintiff Dornfest could not assert claims on behalf of a class of options holders, but that he remained free to pursue his claims individually. (10 Civ. 275, Docket # 66.) This was consistent with a previous Memorandum Decision issued on April 9, 2010 by then-District Judge Chin. (09 MD 2058, Docket # 240.) Both this Court and Judge Chin observed that the separate class proposed by Dornfest would interfere with the lead plaintiffs' prerogative to exercise control of the class claims, as they are obliged to do by the Private Litigation Securities Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). See generally Hevesi v. Citigroup Inc., 366 F.3d 70, 82-83 & n.13 (2d Cir. 2004).

The United States Court of Appeals for the Second Circuit denied Dornfest's motion for leave to appeal brought under Rule 23(f), Fed. R. Civ. P., and dismissed the petition. (10 Civ. 275, Docket # 77.) The Second Circuit's order stated that the dismissal was without prejudice to certification of an interlocutory appeal under 28 U.S.C. § 1292(b). (Id.) Dornfest now proposes to certify the question of whether, under the PSLRA, "the court may properly deny a motion for lead plaintiff status to represent a class on the grounds that lead plaintiffs of a separate class object[.]" (10 Civ. 275, Docket #80, at 1.) Defense counsel has submitted a letter-brief in opposition to the motion, which Lead Plaintiffs join.

The text of section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

Section 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). Because "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered," certification under section 1292(b) is only "reserved for those cases where an intermediate appeal may avoid protracted litigation." Id. at 865-66. Certification under section 1292(b) is to be granted sparingly. Id. at 866 (discussing limited number of section 1292(b) certifications).

The timing of this motion weighs strongly against certification under section 1292(b). It was filed on March 28, 2012, which is nearly six months after this Court's Memorandum and Order as to the proposed options class, and nearly two years after Judge Chin reached the same conclusion on substantially similar grounds. Although section 1292(b) does

2

not include an express limitations period, courts in this Circuit and elsewhere have denied motions under section 1292(b) when they were filed two to three months after the underlying order. See, e.g., Kogut v. County of Nassau, 2010 WL 844745, at *2 n.1 (E.D.N.Y. March 8, 2010) (two-month gap reflected "unreasonabl[e] delay" in application brought under section 1292(b)); Morris v. Flaig, 511 F. Supp. 2d 282, 314-15 (E.D.N.Y. 2007) (collecting cases); Weir v. Propst, 915 F.2d 283, 286-87 (7th Cir. 1990) (Posner, J.) (reviewing movant's "gratuitous" and "protracted" delay of three months in seeking section 1292(b) certification).[1] Given that section 1292(b) certification should be granted only if "an immediate appeal may avoid protracted certification," Koehler, 101 F.3d at 866, Dornfest's six-month delay weighs against certification.

Second, for the reasons largely explained in this Court's Memorandum and Order of September 29, 2011, Dornfest has not set forth a "substantial ground for difference of opinion" on "a controlling question of law." 28 U.S.C. § 1292(b). As the Court previously discussed, Hevesi concluded that the PSLRA vests lead plaintiffs with control over the litigation as a whole, including authority to name additional class plaintiffs to resolve standing concerns. 366 F.3d at 82-83 & n.13; see also In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997). Counsel to Dornfest acknowledged that lead plaintiffs have authority and discretion to choose which claims to pursue, and the Court observed that any lead plaintiff necessarily makes determinations that limit a shareholder class. (10 Civ. 275, Docket # 66, at 4.) Dornfest contends that this application of the PSLRA abrogates his Article III standing. However, as

---

[1] In a letter-brief sent in reply, counsel to Dornfest asserts that the Second Circuit's denial of the Rule 23(f) motion "made the 1292(b) motion timely." (Apr. 4 Letter at 1.) Counsel appears to interpret the Second Circuit's statement that its Order was "without prejudice to filing a motion under 28 U.S.C. § 1292(b)" (10 Civ. 275, Docket # 77) as an endorsement of the merits of such a motion.

3

emphasized both by this Court and Judge Chin, Dornfest remains free to pursue his claims individually.

Dornfest's motion for certification of an interlocutory appeal pursuant to section 1292(b) is DENIED. The Clerk is directed to terminate the motion. (10 Civ. 275, Docket # 79.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 16, 2012

4