**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                            :

IN RE BANK OF AMERICA CORP.     :
SECURITIES, DERIVATIVE, AND     :
EMPLOYMENT RETIREMENT INCOME  :    Master File No. 09 MDL 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION  :
                            :    ECF CASE

-------------------------------------------------------x

                            :

THIS DOCUMENT RELATES TO:     :
                            :

Consolidated Securities Action     :
                            :

-------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOE L. PRICE'S MOTION FOR SUMMARY JUDGMENT

William Jeffress
Julia Guttman
Jeremy Levin
BAKER BOTTS LLP
The Warner
1299 Pennsylvania Ave., NW
Washington, DC 20004-2400
(202) 639-7700

Melissa J. Armstrong
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY  10112-4498
(212) 408-2500

*Attorneys for Joe L. Price*

Dated:  June 3, 2012

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND AND SUMMARY OF ARGUMENT ............................................................ 2

ARGUMENT ...................................................................................................................... 4

    I.    Mr. Price Is Entitled To Summary Judgment On The Section 14(a) Claim Because
He Did Not Solicit The Joint Proxy ................................................................................ 5

    II.   Mr. Price Is Entitled To Summary Judgment On The Section 11 Claim Because He
Did Not Sign Any Registration Statement Containing A Material Misrepresentation
Or Omission ................................................................................................................. 8

    III.  Mr. Price Is Entitled To Summary Judgment On Plaintiffs' "Control Person" Claims
Under Sections 20(a) And 15 Relating To Merrill Lynch Bonuses ............................... 13

        A.    Plaintiffs Have No Evidence Of An Essential Element Of Their Claims Under
Section 20(a) Relating To Merrill Lynch Bonuses .................................................. 14

        B.    Plaintiffs' Claim Under Section 15 Fails As A Matter of Law Because The
Evidence Establishes Mr. Price's Lack Of Knowledge Of Any Agreement
Between Bank of America And Merrill Lynch Relating to VICP Bonuses ............ 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Boguslavsky v. Kaplan,*
  159 F.3d 715 (2d Cir. 1998)...................................................................................15

*Celotex Corp.* v. *Catrett,*
  477 U.S. 317 (1986)...............................................................................................5

*Chris-Craft Indus. v. Indep. Stockholders Comm.,*
  354 F. Supp. 895 (D. Del. 1973).............................................................................6

*DeMaria v. Andersen,*
  153 F. Supp. 2d 300 (S.D.N.Y. 2001)...................................................................15

*Ellison v. American Image Motor Co.,*
  36 F. Supp. 2d 628 (S.D.N.Y. 1999).....................................................................15

*IBS Fin. Corp. v. Seidman & Assocs. L.L.C,*
  954 F. Supp. 980 (D.N.J. 1997)..............................................................................6

*IBS Fin. Corp. v. Seidman & Assocs. L.L.C,*
  136 F.3d 940 (3d Cir. 1998)....................................................................................6

*In re Asia Pulp & Paper Sec. Litig.,*
  293 F. Supp. 2d 391 (S.D.N.Y. 2003)...................................................................15

*In re Bank of America Corp. Sec., Deriv., and ERISA Lit.,*
  757 F. Supp. 2d 260 (S.D.N.Y. 2010)...............................................2, 4, 5, 6, 7, 13

*In re Lehman Brothers Sec. and ERISA Litig.,*
  799 F. Supp. 2d 258 (S.D.N.Y. 2011)...............................................................12, 13

*In re Refco, Inc. Sec. Litig.,*
  503 F. Supp. 2d 611 (S.D.N.Y. 2007)...............................................................15, 16

*Kalin v. Xanboo, Inc.,*
  526 F. Supp. 2d 392 (S.D.N.Y. 2007)...................................................................15

*Yamamoto v. Omiya,*
  564 F.2d 1319 (9th Cir. 1977) ................................................................................7

STATUTES

15 U.S.C. § 77b(a)(8)............................................................................................11

15 U.S.C. § 77k.......................................................................................................3

15 U.S.C. § 77k(a)(1) ..............................................................................................9, 12

15 U.S.C. § 77o ...................................................................................................3, 14, 17

15 U.S.C. § 78n(a) ....................................................................................................2, 5

15 U.S.C. § 78t(a) ..................................................................................................3, 14

## OTHER AUTHORITIES

17 C.F.R. § 30.424 ......................................................................................................9

17 C.F.R. § 229.430B .................................................................................................13

17 C.F.R. § 229.512(a)(1)(iii)(B) ................................................................................9

17 C.F.R. § 229.512(a)(2) ..........................................................................................13

17 C.F.R. § 229.512(b) ..........................................................................................11, 13

17 C.F.R. § 237.25 ......................................................................................................7

17 C.F.R. § 240.14a–101 ..........................................................................................6, 7

Fed. R. Civ. P. 56 .................................................................................................1, 4, 5

Fed. R. Civ. P. 56(a) 2010 Advisory Note ..................................................................4

Local Rule 56.1 of the Southern District of New York .................................................1

DC01:655356.5

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, defendant Joe L. Price submits this memorandum of law in support of his motion for summary judgment on Counts V, VII and IX of plaintiffs' Consolidated Second Amended Class Action Complaint dated October 22, 2010 ("Second Amended Complaint" or "SAC"), and partial summary judgment on Counts III and VI to the extent these claims relate to Merrill Lynch bonuses.

## INTRODUCTION

Defendant Joe L. Price was the Chief Financial Officer of Bank of America Corporation ("Bank of America" or "the Bank") when it entered into an agreement in September 2008 to acquire Merrill Lynch & Co., Inc. ("Merrill Lynch" or "Merrill"). While plaintiffs have asserted claims against him relating to both Merrill Lynch's mounting losses forecasted in the fourth quarter of 2008 and Merrill Lynch bonuses, the central issue—indeed, we submit, the only issue—in this lawsuit with respect to Mr. Price relates to the nondisclosure of Merrill Lynch's forecasted fourth-quarter losses. That issue, which goes to Mr. Price's intent as well as the softness of intra-quarter financial figures in a volatile marketplace, cannot be resolved on summary judgment and must await trial.

There are, however, several issues on which summary judgment can and should be granted now. Summary judgment presents an opportunity to substantially simplify the case as to Mr. Price by clearing away claims that are legally unsupportable on the record developed during discovery. This motion seeks summary judgment on all claims against Mr. Price relating to Merrill Lynch's bonuses, including all claims relating to Bank of America's secondary offering in October 2008, as well as summary judgment on the proxy claim against Mr. Price under Section 14(a). That would leave for trial plaintiffs' claim against Mr. Price under Section 10(b) relating to nondisclosure of Merrill Lynch's forecasted fourth-quarter losses, as well as

1

their two "control person" claims relating to the nondisclosure of those forecasted losses.  This would appropriately focus the trial, for Mr. Price, on what is at the heart of this case against him—nondisclosure of Merrill Lynch estimated and projected fourth-quarter losses.

Mr. Price also joins in the motion for summary judgment filed by Bank of America Corporation and Banc of America Securities LLC, which would narrow the claims against Mr. Price relating to nondisclosure of Merrill Lynch's forecasted fourth-quarter losses, and provides an independent basis for summary judgment on the bonus-related claims and the proxy claim against Mr. Price.

## BACKGROUND AND SUMMARY OF ARGUMENT

Plaintiffs have brought a claim against Mr. Price under Section 14(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78n(a)) for alleged misstatements and omissions in connection with a Joint Proxy issued by Bank of America and Merrill Lynch seeking shareholder approval for certain actions related to the Bank's proposed acquisition of Merrill Lynch.  Plaintiffs' proxy claim against Mr. Price initially included both a bonus component and a Merrill Lynch fourth-quarter loss component, but the Court previously dismissed the bonus-related component, holding that "[t]he allegations are too thin to ascribe even negligence to Price or Cotty as Section 14(a) and Rule 14a-9 require."  *In re Bank of America Corp. Sec., Deriv., and ERISA Lit.*, 757 F. Supp. 2d 260, 323 (S.D.N.Y. 2010).  This Court should now grant summary judgment on the remainder of the Section 14 claim (SAC Count V).  The Court has previously held, in ruling on the motion to dismiss in the consolidated derivative action, that Mr. Price and other non-director officers of Bank of America could not be liable under Section 14(a) because they did not solicit the Joint Proxy, were not participants in the solicitation, and did not permit the use of their names in the solicitation.  *In re Bank of America Corp.*, 757 F. Supp. 2d at 293–95.  That ruling controls here.

Plaintiffs have also sued Mr. Price under Section 11 of the Securities Act of 1933 (15 U.S.C. § 77k), which imposes liability on persons who sign materially false registration statements.  The registration statement at issue was used to issue Bank of America stock in a secondary offering in October 2008.  It incorporated by reference a September 18, 2008, Bank of America Form 8-K attaching a copy of the Bank of America-Merrill Lynch merger agreement; plaintiffs contend that this Form 8-K contained a material misstatement about Merrill bonus payments in the "Company Forbearances" section of the merger agreement because Bank of America and Merrill Lynch had agreed that Merrill could pay 2008 bonuses under its Variable Incentive Compensation Program ("VICP") not to exceed $5.8 billion.  It is undisputed, however, that Mr. Price did not sign either Bank of America's 2006 shelf registration, or the September 18, 2008, Form 8-K, or the prospectus supplement used to issue the stock in the secondary offering.  Rather, Mr. Price signed only Bank of America's 2007 Form 10-K, filed more than six months before the merger agreement, which was also incorporated by reference into the shelf registration.  Under SEC regulations, Mr. Price can be held liable as a person who "signed the registration statement" for purposes of Section 11 only as to the 2007 Form 10-K that he in fact signed.  Plaintiffs, however, do not allege that the 2007 Form 10-K contained any misstatements.  Accordingly, summary judgment should be entered in Mr. Price's favor on Count VII.  Moreover, plaintiffs recently served interrogatory responses conceding that Mr. Price is not liable under Section 11 for statements or omissions in connection with the secondary offering, and judgment in Mr. Price's favor should be granted on this basis as well.

Plaintiffs also bring "control person" claims against Mr. Price under Section 20(a) of the 1934 Securities Exchange Act (15 U.S.C. § 78t(a)) and Section 15 of the 1933 Securities Act (15 U.S.C. § 77o).  Plaintiffs' Section 15 claim is related to the Section 11 claim for the

secondary offering and is limited to the bonus issue (Count IX).  Plaintiffs' claims under Section 20(a) (Counts II and VI) relate to their Section 10(b) claim and their Section 14 proxy claim and are not limited to the bonus issue.  Mr. Price seeks partial summary judgment on the Section 20(a) claims only to the extent they involve the Merrill bonuses.

In ruling on the initial motion to dismiss in this case, this Court held that plaintiffs failed to plead even negligence, far less scienter, as to Mr. Price in connection with the Merrill Lynch bonus issue, and dismissed the Section 10(b) and Section 14(a) bonus claims against him. *In re Bank of America Corp.*, 757 F. Supp. 2d at 323 ("The allegations are too thin to ascribe even negligence to Price or Cotty as Section 14(a) and Rule 14a-9 require."); *id.* at 324 ("The motions to dismiss the Securities Complaint's bonus-related allegations is therefore granted in full as to Price and Cotty.")  As discovery has only confirmed Mr. Price's complete lack of involvement, and as the undisputed record establishes that Mr. Price did not know that Bank of America had agreed that Merrill could pay 2008 VICP bonuses up to $5.8 billion, plaintiffs cannot prove that Mr. Price was a culpable participant as required for their Section 20(a) claims. Further, Mr. Price is entitled to the affirmative defense to plaintiffs' Section 15 claim that he lacked knowledge of the facts by reason of which liability is alleged to exist.  Summary judgment should therefore be granted on all "control person" claims relating to the Merrill bonuses.

## ARGUMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under Rule 56, summary judgment may be sought as to an entire claim or part of a claim.  *Id.*; *see also* Fed. R. Civ. P. 56(a) 2010 Advisory Committee Note.  Where plaintiffs have had adequate time for discovery and bear the burden of proof on an essential element of

4

their case, a defendant moving for summary judgment meets his burden by showing the Court that plaintiffs lack admissible evidence to establish that essential element. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322–25 (1986); *see* Fed. R. Civ. P. 56(c).

    **I.**    **Mr. Price Is Entitled To Summary Judgment On The Section 14(a) Claim Because He Did Not Solicit The Joint Proxy**

        Plaintiffs have sued Mr. Price in Count V under Section 14(a) in connection with a Joint Proxy issued by Bank of America and Merrill Lynch in November 2008. Section 14(a) makes it unlawful for a person, in violation of SEC rules, to "solicit or to permit the use of his name to solicit any proxy . . . ." 15 U.S.C. § 78n(a)(1). This Court previously dismissed the Section 14(a) claims against Mr. Price and the other Bank of America non-director senior officers in the Derivative Action, holding that the officers could not be liable under Section 14(a) because they did not solicit the Joint Proxy, were not participants in the solicitation, and did not permit the use of their names in the solicitation. *In re Bank of America Corp.*, 757 F. Supp. 2d at 293–95. The Bank Defendants did not raise this argument in their corresponding motion to dismiss the securities case. However, because the Court's previous holding applies to the undisputed facts,[1] Mr. Price is entitled to summary judgment as a matter of law on the remainder of the Section 14(a) claim against him here.[2]

        As the Court previously held, "according to the plain language of Section 14(a), liability attaches only to defendants who actually solicited proxies or permitted the use of their

---

[1] In its initial opinion on the motions to dismiss, the Court observed "While there are distinctions between the Securities Complaint and the Derivative Complaint, they share the same core allegations. They also share certain theories of liability under Section 14(a) and Rule 14a–9." 757 F. Supp. 2d at 270.

[2] This Court previously dismissed the Section 14(a) claim against Mr. Price and Mr. Cotty relating to the Merrill Lynch bonuses, finding that the allegations in the Second Amended Complaint "are too thin to ascribe even negligence to Price or Cotty, as Section 14(a) and Rule 14a-9 require." 757 F. Supp. 2d at 323.

name to solicit proxies." 757 F. Supp. 2d at 293.  Mr. Price did not solicit the Joint Proxy.  The proxy card attached to the Joint Proxy states in bold typeface: "**This Proxy is solicited on Behalf of the Board of Directors**."  Statement of Undisputed Material Facts in Support of Defendant Joe L. Price's Motion for Summary Judgment Pursuant to Local Rule 56.1 ("56.1 Stmt.") at ¶ 1 (emphasis in original).  Based on this language, the Court previously concluded that the proxy solicitation was not made on behalf of the Bank of America officers.  757 F. Supp. 2d at 293.  Nor, the Court held, were the Bank of America officers "participants" in the proxy solicitation within the meaning of the SEC's regulations defining "persons making the solicitation,"  17 C.F.R. § 240.14a–101, Item 4, which exclude from that definition "[a]ny person regularly employed as an officer or employee . . . who is not otherwise a participant."  757 F. Supp. 2d at 293 (quoting 17 C.F.R. § 240.14a–101, Item 4, Instruction 3(b)(iv)); *see id.* at 3(a)(iii)–(vi) (defining distinct categories of participants).[3]  In order to "otherwise" be a participant in the solicitation, an officer must take an active role in raising money or play some other instrumental role in the solicitation, wholly separate from his duties as an employee.[4] There are no facts to support such a contention here.

---

[3] These other categories of participants are not implicated here.  *See* 17 C.F.R. §§ 240.14a–101, Item 4, Instruction 3(a)(iii) (relating to groups or committees that solicit proxies, or individuals who organize, direct or arrange financing for those committees or groups); (a)(iv) ("[a]ny person who finances or joins with another to finance the solicitation of proxies"); (a)(v) (a person who lends money or extends credit or enters into a contract to finance "or otherwise induc[es] the purchase, sale, holding or voting of securities of the registrant by any participant or other persons"); (a)(vi) ("[a]ny person who solicits proxies").

[4] *Accord IBS Fin. Corp. v. Seidman & Assocs., L.L.C.*, 954 F. Supp. 980, 989 (D.N.J. 1997) (holding SEC definitions require more than passive investment to qualify as a "participant") overruled in part on other grounds *IBS Fin. Corp. v. Seidman & Assocs., L.L.C.*, 136 F.3d 940 (3d Cir. 1998); *Chris-Craft Indus. v. Indep. Stockholders Comm.*, 354 F. Supp. 895, 907–08 (D. Del. 1973) (noting a participant's "active" and "instrumental" role in contacting and bringing individuals together, obtaining and furnishing information).

DC01:655356.5

Mr. Price also cannot be held liable for permitting the use of his name to solicit the proxy.  As this Court noted in ruling on the earlier motion to dismiss, his name is never even mentioned in the Joint Proxy.  757 F. Supp. 2d at 293; 56.1 Stmt. at ¶ 2, 3.  While the Joint Proxy "incorporates by reference 78 other documents filed with the SEC . . . [and] refers to these documents for additional information about then-current BofA executive officers," the Court held that the use of an officer's "name in the text of an incorporated document, without more, provides an insufficient basis" to bring him "within the ambit of Section 14(a)."  757 F. Supp. 2d at 295 (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1323 (9th Cir. 1977)).

As in the Derivative Action, there are no facts that make Mr. Price a "participant" in the Joint Proxy solicitation.  We anticipate that plaintiffs may argue, as they alleged in the Second Amended Complaint, that Mr. Price should be held liable under Section 14(a) because he signed the Proxy Registration Statement on Form S-4 that was filed with the SEC on October 2, 2008, and subsequent amendments dated October 22, 2008 and October 29, 2008, which included a preliminary version of the Joint Proxy Statement for the merger.  *Cf.* SAC at ¶¶ 39-40, 342, 347.  However, the Form S-4 *requires* the registrant CFO's signature, and Mr. Price only signed that document in the capacity "of a person regularly employed as an officer."  Form S-4, Item 22, Instruction 1;[5] 17 C.F.R. § 240.14a–101, Item 4, Instruction 3(b)(iv).  These acts fail to make Mr. Price "otherwise a participant" as a matter of law.  *See In re Bank of America Corp.,* 757 F. Supp. 2d at 293–95.  Moreover, these forms were filed before the Joint Proxy was mailed to shareholders and did not solicit a proxy.  The Form S-4 is a specialized form used to register securities issued in connection with a merger or other business combination.  17 C.F.R. § 237.25. Item 18 of Form S-4, entitled "Information *if* Proxies, Consents or Authorizations *are to be*

---

[5] Available at http://www.sec.gov/about/forms/forms-4.pdf.

solicited," makes clear that the S-4 is not itself a proxy solicitation.  Form S-4, Item 18 (emphasis added).  This point is further reinforced in the S-4 Mr. Price signed, which states in bold typeface: **"This document does not constitute […] the solicitation of a proxy."**  56.1 Stmt. at ¶ 4 (original emphasis).[6]  If proxies are to be solicited in connection with a merger, the issuer must include in the S-4 the information required by Item 4 of Schedule 14A, "persons making the solicitation." Form S-4, Item 18(a)(4).  In compliance with this requirement, the S-4 states unequivocally that the forthcoming proxy "is solicited by the Bank of America board of directors." 56.1 Stmt. at ¶ 4.[7] Thus, not only did Mr. Price only sign the S-4 in his capacity as an officer of the Bank, the S-4 was not a proxy solicitation, and the S-4, as with the Joint Proxy, expressly stated that any proxy was solicited by Bank of America's directors.

Because the Court's previous Section 14(a) holding applies to the undisputed facts, Mr. Price is entitled to summary judgment on the remaining portion of the Section 14(a) claim against him in SAC Count V.

## II.   Mr. Price Is Entitled To Summary Judgment On The Section 11 Claim Because He Did Not Sign Any Registration Statement Containing A Material Misrepresentation Or Omission

Plaintiffs' Section 11 claim relates to a Bank of America offering of common stock in October  2008, conducted pursuant to a shelf registration statement dated May 5, 2006. SAC Count VII; 56.1 Stmt. at ¶¶ 7, 11.  A prospectus supplement was filed with the SEC on October 9, 2008.  56.1 Stmt. at ¶ 12.  These documents, and in particular the prospectus supplement, incorporate by reference a Form 8-K that Bank of America filed on September 18,

---

[6] The S-4A amendments that Mr. Price signed, dated October 22, 2008 and October 29, 2008, contain the same language. 56.1 Stmt. at ¶¶ 5, 6.
[7] The S-4A amendments that Mr. Price signed, dated October 22, 2008 and October 29, 2008, contain the same language. 56.1 Stmt. at ¶¶ 5, 6.

8

2008, attaching a copy of the merger agreement that contains the "Company Forbearances" language that plaintiffs challenge as materially misleading with respect to the Merrill Lynch bonuses. *Id.* at ¶¶ 8, 14. Specifically, the shelf registration states generally: "We also incorporate by reference reports that we will file under Sections 13(a), 13(c), 14, and 15(d) of the Securities Exchange Act of 1934 . . . ." *Id.* at ¶ 8. The prospectus supplement expressly references the September 18, 2008 Form 8-K: "On September 18, 2008, we filed with the SEC a Form 8-K containing a copy of the merger agreement. . . . [It] contains additional information and is incorporated by reference into this prospectus supplement."[8] *Id.* at ¶ 14.

Section 11 provides liability for a "person who signed the registration statement." 15 U.S.C. § 77k(a)(1). It is undisputed, however, that Mr. Price did not sign a single one of the documents relied upon by plaintiffs: (1) Mr. Price did not sign the Bank's May 5, 2006 Registration Statement, filed on Form S-3ASR (automatic shelf registration), because he was not then serving as CFO or in any other signing executive capacity; (2) Mr. Price did not sign the September 18, 2008 8-K, nor did he sign the Merger Agreement attached to that 8-K that plaintiffs allege contained a material misstatement about Merrill bonus payments—the basis for their Section 11 claim; and (3) Mr. Price did not sign the Bank's Form 424(b)(5) prospectus supplement filed on October 9, 2008.[9] 56.1 Stmt. at ¶¶ 9, 10, 13, 15, 16.

Indeed, plaintiffs' May 14, 2012, responses to Bank of America's Second Set of Interrogatories concede that Mr. Price made no false statements *whatsoever* relating to Merrill

---

[8] An issuer using a Form S-3 to register shares (as Bank of America did here) is not required to file a post-effective amendment to its shelf registration statement as long as otherwise required information arising after the shelf registration statement's effective date is contained in the issuer's SEC filings that are incorporated by reference into the shelf registration, or is contained in a form of prospectus filed pursuant to Rule 424(b). *See* 17 C.F.R. § 229.512(a)(1)(iii)(B).

[9] There is no signature requirement that applies to a Rule 424(b)(5) prospectus. *See* 17 C.F.R. § 30.424.

bonuses to Bank of America shareholders prior to December 5, 2008 and further concede that in connection with the secondary offering Mr. Price is not "liable for the failure to disclose the material facts concerning the Bonus Agreement and/or . . . material misstatements concerning the Bonus Agreement pursuant to Section 11 . . . ."  56.1 Stmt. at ¶ 17.[10]  On the basis of this interrogatory response alone, plaintiffs should be deemed to have abandoned or withdrawn their claim against Mr. Price under Section 11, although plaintiffs' counsel have advised that they are continuing to pursue this claim against Mr. Price.

Plaintiffs contend in the Second Amended Complaint that Mr. Price is nonetheless liable under Section 11 as a "person who signed the registration statement" because he signed Bank of America's 2007 Form 10-K, filed on February 28, *2008*—roughly a year and ten months after the filing of the shelf registration and more than six months *before* the Form 8-K announcing the Merrill Lynch merger agreement that is the basis for plaintiffs' Section 11 claim —and this Form 10-K was incorporated by reference into the shelf registration.  SAC at ¶ 377;

---

[10] The Bank's Interrogatory No. 1 requested that plaintiffs "Identify, separately as to each Defendant, any statement made by any Defendant to Bank shareholders prior to December 5, 2008, which, at the time and under the circumstances under which it was made, was false or misleading with respect to any material fact." In their response, plaintiffs stated that "Defendants BoA, Merrill, Lewis, Thain, the BoA Board of Directors, and the Underwriter Defendants," but not Mr. Price, "made materially false or misleading statements with respect to the agreement between BoA and Merrill allowing Merrill to pay 2008 discretionary incentive compensation…." 56.1  Stmt. at ¶ 17.

The Bank's Interrogatory No. 3 requested that plaintiffs "Identify, separately as to each Defendant, any material fact that Respondents contend such Defendant was under a duty to disclose, but did not disclose to Bank shareholders . . . . With respect to each such material fact, state the Date on which the duty to disclose arose and the statute, rule or regulation or other source of law that required its disclosure."  In their response, plaintiffs stated in part "Further, in connection with the secondary offering conducted on or about October 10, 2008, BoA, Lewis, the BoA Board of Directors and the Underwriter Defendants" — but not Mr. Price — "are liable for the failure to disclose the material facts concerning the Bonus Agreement and/or their material misstatements concerning the Bonus Agreement pursuant to Section 11 and Section 12(a)(2) of the Securities Act of 1933."  *Id.*

56.1 Stmt. at ¶ 14.  Plaintiffs do not contend that the Form 10-K Mr. Price signed contains any material misrepresentation or omission.  *See* SAC at ¶¶ 369-372, 377.  Notably, while both the shelf registration and the prospectus supplement contain express language incorporating by reference subsequently filed Bank of America documents such as Form 10-Ks and Form 8-Ks, the Form 10-K signed by Mr. Price contains no similar language incorporating subsequently filed documents by reference.  56.1 Stmt. at ¶¶ 8, 14, 20, 21.  The facts may be illustrated graphically:



While the Form 10-K signed by Mr. Price meets the definition of a registration statement for purposes of Section 11,[11] SEC regulations make clear that it is a "new" registration statement "for the purpose of determining any liability under the Securities Act of 1933,"[12] and accordingly

---

[11] Specifically, the Securities Act of 1933 defines the term "registration statement" to mean both "the statement provided for in section 6 [governing the registration of securities]" as well as "any report . . . incorporated therein by reference."  15 U.S.C. § 77b(a)(8).

[12] Pursuant to 17 C.F.R. § 229.512(b), when a shelf registration statement incorporates subsequently filed annual reports, as occurred here, "for purposes of determining any liability under the Securities Act . . . each filing of the registrant's annual report . . . that is incorporated

Mr. Price can be held liable only for material misrepresentations or omissions in the document he in fact signed.  In other words, it is only as to the 2007 Form 10-K—a filing made six months before the Merrill Lynch merger agreement was signed—that Mr. Price can be considered a "person who signed the registration statement."  Where an officer does not sign a shelf registration statement, but rather only signs documents incorporated by reference into it, he can only be liable as a Section 11 "signing officer" for material misstatements and omissions contained in those incorporated SEC filings or other documents he personally signed.  *In re Lehman Brothers Sec. and ERISA Litig.*, 799 F. Supp. 2d 258, 316 (S.D.N.Y. 2011).  Because it is undisputed that Mr. Price did not sign the Bank's shelf registration statement and never signed any incorporated SEC filing or prospectus containing alleged misstatements, Mr. Price is entitled to summary judgment on the Section 11 claims as a matter of law.

Judge Kaplan recently addressed the extent of a CFO's liability under Section 11 where, as here, the CFO did not sign a shelf registration statement.  *See In re Lehman Brothers*, 799 F. Supp. 2d at 315–16.  In that case, the plaintiffs did not allege Lehman's CFO, Erin Callan, signed Lehman's 2006 shelf Registration Statement, filed on Form S-3, and, in fact, "tacitly admit[ted] she did not."  *Id.* at 315 n.388.  Rather, the plaintiffs premised Section 11 liability on the fact that the CFO had "signed various SEC filings, which the Registration Statement incorporated by reference," including a 2007 10-K.  *Id.* at 315.  As framed by Judge Kaplan, the issue was thus "whether signing those filings made [the CFO] a 'person who signed the registration statement' within the meaning of Section 11."  *Id.* (quoting 15 U.S.C. § 77k(a)(1)).

---

by reference in the registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof."

Judge Kaplan's analysis focused on the SEC regulations governing Form S-3 shelf registrations, which deem each filing incorporated by reference into a shelf registration a "new" registration statement.  *Id.*  The base prospectus in that case, just as here, incorporated "future filings made with the SEC under Section 13(a), 13(c), 14, or 15(d) of the Securities Exchange Act of 1934," which included the "the 2007 10-K and the other SEC filings that Callan signed."  *Id.* at 316.  Based on 17 C.F.R. § 229.512(a)(2) and § 229.512(b), Judge Kaplan held the CFO "became a signer of 'new' registration statements by virtue of her having signed those filings," 799 F. Supp. 2d at 316, and granted the CFO's motion dismiss the Section 11 claims on the ground that she did not sign the shelf registration statement except "to the extent that the claim is *based on statements made in the SEC filings that she signed* and that were incorporated by reference in that Statement."  *Id.* (emphasis added).[13]  Plaintiffs in this case do not base *any* of their Section 11 claims on statements made in *any* SEC filing that Mr. Price personally signed. Therefore, under Judge Kaplan's holding and the language of Section 11, as well as plaintiffs' interrogatory responses, summary judgment should be granted on the Section 11 claims against Mr. Price in SAC Count VII.

### III.   Mr. Price Is Entitled To Summary Judgment On Plaintiffs' "Control Person" Claims Under Sections 20(a) And 15 Relating To Merrill Lynch Bonuses

This Court has previously dismissed all direct Section 10(b) and Section 14(a) claims against Mr. Price related to Merrill Lynch's bonuses, holding that plaintiffs failed even to allege negligent conduct by Mr. Price.  *In re Bank of America Corp.*, 757 F. Supp. 2d at 323.

---

[13] Judge Kaplan noted that SEC Rule 430B, 17 C.F.R. § 229.430B, which concerns "the effective date and concurrent liability issues surrounding a newly-filed 'form of prospectus'" was not relevant to the issue of liability created by the signing of SEC filings incorporated by reference. 799 F. Supp. 2d at 316 n.399.  However, Judge Kaplan noted that "[t]o the extent the rule bears on this issue it supports the Court's conclusion." *Id.*

13

Plaintiffs' remaining 1934 Act claims against Mr. Price relating to Merrill Lynch's bonuses are premised on his status as a "control person" of Bank of America. *See* 15 U.S.C. § 78t(a); SAC Counts III, VI. Plaintiffs also maintain a "control person" claim against Mr. Price under the 1933 Act in connection with Bank of America's secondary offering in October 2008. *See* 15 U.S.C. § 77o; SAC Count IX. Plaintiffs' claims under Section 20(a) require that they prove Mr. Price's culpable participation in an underlying violation of securities laws. In light of this Court's prior holding that the facts alleged in the complaint did not amount even to negligence by Mr. Price, these secondary claims all fail as a matter of law as no facts have emerged in discovery that would warrant a different conclusion. There is no evidence in the record that Mr. Price even knew of any agreement between Bank of America and Merrill Lynch relating to Merrill's 2008 VICP bonuses prior to 2009. *See* 56.1 Stmt. at ¶ 25.

Plaintiffs' claims under Section 15 fail for similar reasons. That statute creates an affirmative defense for a "control person" who lacked knowledge of the facts by reason of which liability is alleged to exist. 15 U.S.C. § 77o(a). Plaintiffs' claims in connection with the secondary offering relate solely to bonuses, and the record conclusively establishes Mr. Price's lack of knowledge of any "bonus agreement." Summary judgment on plaintiffs' "control person" claims, as they relate to Merrill Lynch bonuses, is therefore appropriate.

### A. Plaintiffs Have No Evidence Of An Essential Element Of Their Claims Under Section 20(a) Relating To Merrill Lynch Bonuses

Section 20(a) of the Securities Exchange Act creates secondary liability for persons who control the conduct of those who violate the securities laws. 15 U.S.C. § 78t(a) ("Every person who, directly or indirectly, controls any person liable under any provision of this title . . . shall also be liable jointly and severally with and to the same extent as such controlled person . . . ."). Mere status as a "control person" is insufficient to establish liability under this

statute.  *See, e.g., Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 405-407 (S.D.N.Y. 2007)

(dismissing Section 20(a) claim against parent corporation where plaintiff adequately alleged

that parent corporation was a "control person" but not that parent corporation was actually

involved in underlying fraud).  An essential element of plaintiffs' claims under Section 20(a) is

"that the controlling person was in some meaningful sense a culpable participant" in the primary

violation.  *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998).[14]  Section 20(a)'s culpable

participation requirement is "similar to the scienter requirement of Section 10(b)" and requires

that "the controlling person knew or should have known that the primary violator . . . was

engaging in fraudulent conduct."  *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 661, 663

(S.D.N.Y. 2007).

There is no evidence to support the "culpable participation" element of plaintiffs'

"control person" claims against Mr. Price as they relate to Merrill's bonuses.  This Court

previously held that the complaint does not allege even negligent conduct by Mr. Price relating

to the bonuses.  Because no additional facts have emerged after discovery that tie Mr. Price to

plaintiffs' bonus claims, that prior holding is dispositive as to the culpable participation

requirement.  There is no evidence (or allegation) that Mr. Price negotiated or was aware of the

agreement between Bank of America and Merrill Lynch relating to Merrill's VICP bonuses.

56.1 Stmt. at ¶¶ 22, 23, 25.  Further, there is no evidence (or allegation) that Mr. Price negotiated

---

[14] Some courts in this Circuit similarly hold that "culpable participation" is an element of a
plaintiff's *prima facie* case under Section 15.  *See DeMaria v. Andersen*, 153 F. Supp. 2d 300,
314 (S.D.N.Y. 2001); *Ellison v. American Image Motor Co.,* 36 F. Supp. 2d 628, 638 (S.D.N.Y.
1999) ("The same considerations that apply in the context of control person liability under
[Section 20(a)] apply to control person liability pursuant to [Section 15].").  *But see In re Asia
Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 395-96 (S.D.N.Y. 2003) (discussing
disagreement within the Second Circuit as to whether "culpable participation" is an element of a
claim under Section 15).  While the authority on this issue is split, to the extent "culpable
participation" is an element of a Section 15 claim, Mr. Price is entitled to summary judgment on
plaintiffs' Section 15 claim against him on this basis in addition to the grounds discussed *infra*.

DC01:655356.5

or reviewed the nonpublic Company Disclosure Schedule reflecting this agreement.  *Id.* at ¶¶ 24, 25.

Mr. Price has submitted a declaration that he did not know until 2009 of the agreement between Bank of America and Merrill Lynch regarding Merrill Lynch's payment of 2008 VICP bonuses and that he played no role in the timing of those bonuses.  *Id.* at ¶ 25; Declaration of Melissa Armstrong in Support of Defendant Joe L. Price's Motion for Summary Judgment at Exhibit 13.  Of the numerous witnesses who have testified in this action about Merrill Lynch's 2008 bonuses and the Company Disclosure Schedule, not one contradicts Mr. Price on this point.[15]

Because the record is devoid of evidence of any "culpable participation" by Mr. Price with respect to the Merrill Lynch bonuses, plaintiffs cannot establish their case against him under Section 20(a).  Mr. Price is therefore entitled to partial summary judgment on Counts III and VI as they relate to Merrill's bonuses.

> **B.**     **Plaintiffs' Claim Under Section 15 Fails As A Matter of Law Because The Evidence Establishes Mr. Price's Lack Of Knowledge Of Any Agreement Between Bank of America And Merrill Lynch Relating to VICP Bonuses**

Section 15 of the Securities Act creates secondary liability for persons who control the conduct of those who violate Section 11 of the Securities Act, "unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by

---

[15] The evidence reveals that individuals other than Mr. Price negotiated the "bonus agreement" and Company Disclosure Schedule.  56.1 Stmt. at ¶¶ 23, 24.  For example, Greg Curl, Bank of America's Vice Chairman of Corporate Development, negotiated the "bonus agreement" over merger weekend.  *Id.* at ¶ 23.  After the parties signed the merger agreement, Steele Alphin had responsibility for handling Merrill Lynch bonus-related issues on behalf of Bank of America.  *Id.* at ¶ 26.  Likewise, attorneys at Wachtell, Lipton, Rosen & Katz negotiated and drafted the terms of the Company Disclosure Schedule on Bank of America's behalf.  *Id.* at ¶ 24.  None of these individuals has testified that he consulted with Mr. Price about bonus-related issues at any time.

16

reason of which the liability of the controlled person is alleged to exist."  15 U.S.C. § 77o(a).

The record conclusively establishes that this exception applies to plaintiffs' Section 15 claim

against Mr. Price.  As set forth above, Mr. Price's declaration that he did not know until after

January 1, 2009, of the agreement between Bank of America and Merrill Lynch regarding

Merrill Lynch's 2008 VICP program is uncontroverted.  No witness who had any responsibility

for negotiations or decisions related to the agreement between Bank of America and Merrill

Lynch or the timing of Merrill's payment of 2008 VICP bonuses has suggested that Mr. Price

was ever consulted about those issues.  There is no genuine dispute on this point.  Because there

is no issue of fact for a jury to decide, Mr. Price is entitled to summary judgment on Count IX.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant summary judgment in Mr.

Price's favor on Count V (Section 14(a)), Count VII (Section 11), and Count IX (Section 15) of

the Second Amended Complaint.  This Court should also grant partial summary judgment in his

favor on Counts III and VI (Section 20(a)) to the extent these claims relate to Merrill bonuses.  In

addition, this Court should grant partial summary judgment for the reasons set forth in the

separate motion of Bank of America and Banc of America Securities in which Mr. Price joins.


Dated: June 3, 2012                          Respectfully submitted,


                                             */s/ Melissa J. Armstrong*
                                             William H. Jeffress, Jr.
                                             Julia Guttman
                                             Jeremy Levin
                                             BAKER BOTTS L.L.P.
                                             The Warner
                                             1299 Pennsylvania Ave., NW
                                             Washington, DC 20004-2400
                                             Tele:   (202) 639-7700
                                             Fax:    (202) 639-7890

17

william.jeffress@bakerbotts.com
julia.guttman@bakerbotts.com
jeremy.levin@bakerbotts.com

Melissa J. Armstrong
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Tele:    (212) 408-2568
Fax:     (212) 259-2568
melissa.armstrong@bakerbotts.com

*Attorneys for Defendant Joe L. Price*

18