Exhibit 1

**EXECUTION COPY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
                                                                :
                                                                :
IN RE BANK OF AMERICA CORP.                                     :
SECURITIES, DERIVATIVE, AND                                     :
EMPLOYEE RETIREMENT INCOME                                      :
SECURITY ACT (ERISA) LITIGATION                                 :          Master File
                                                                :     No. 09 MD 2058 (PKC)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                         ECF CASE
                                                                :
THIS DOCUMENT RELATES TO                                        :
                                                                :
Consolidated Derivative Action                                 :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND AGREEMENT OF
## <u>COMPROMISE, SETTLEMENT AND RELEASE</u>

This Stipulation and Agreement of Compromise, Settlement and Release (the

"Stipulation" or the "Settlement") is entered into by counsel for the plaintiffs and defendants in

this consolidated derivative action, styled *In re Bank of America Corp. Securities, Derivative and*

*Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (the

"Derivative Action"), and counsel for Bank of America Corporation ("BAC" or the "Bank"), and

is hereby submitted for approval by the Court.

**WHEREAS**:

A.      On January 1, 2009, BAC acquired Merrill Lynch & Co., Inc. ("Merrill") in a

stock-for-stock transaction (the "Merger").

B.      Beginning on or about January 22, 2009, various BAC stockholders filed putative

stockholder derivative lawsuits, securities class actions, ERISA class actions and individual

actions related to the Merger in various jurisdictions, including this Court, against various

combinations of BAC and Merrill, their officers and directors and certain other defendants,

alleging, among other things, that certain material information was omitted from the joint definitive proxy statement filed with the United States Securities and Exchange Commission and mailed to stockholders on November 3, 2008 seeking shareholder consent for the issuance of shares necessary to consummate the Merger and certain other related matters (the "Proxy Statement") and that the individual defendants breached their fiduciary duties in connection with the Merger.

C.      On June 30, 2009, the Court issued an Opinion ordering that, among other things: (a) the various derivative actions before it be consolidated into the Derivative Action; (b) Louisiana Municipal Police Employees Retirement System and Hollywood Police Officers' Retirement System be appointed interim lead plaintiffs in the Derivative Action ("Plaintiffs"); and (c) the law firms of Kahn Swick & Foti, LLC and Saxena White P.A. be appointed as interim lead counsel in the Derivative Action ("Lead Counsel").

D.      On July 29, 2009, the Court entered a Consolidation Order, consolidating the following derivative actions into the Derivative Action: *Louisiana Municipal Police Employees Retirement System v. Lewis, et al.*, No. 09 Civ. 808; *Waldman v. Lewis, et al.*, No. 09 Civ. 834; *Hollywood Police Officers' Retirement System v. Lewis, et al.*, No. 09 Civ. 1174; *Siegal v. Lewis, et al.*, No. 09 Civ. 1331; *Smith v. Lewis, et al.*, No. 09 Civ. 1333; *Lehmann v. Lewis, et al.*, No. 09 Civ. 1434; *Young v. Lewis, et al.*, No. 09 Civ. 1561; *Anderson v. Lewis, et al.*, No. 09 Civ. 1572; *West Palm Beach Firefighters Pension Fund v. Lewis, et al.*, No. 09 Civ. 2581; and *Westmoreland County Employee Retirement System v. Lewis, et al.*, No. 09 Civ. 2609.  The Consolidation Order also provided that the Derivative Action be coordinated for pretrial purposes with the related consolidated securities and ERISA actions under the same caption, *In*

EXECUTION COPY

*re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (PKC).

E.　　On October 9, 2009, Plaintiffs filed a consolidated complaint in the Derivative Action (the "Complaint"), naming as defendants Kenneth D. Lewis, Charles K. Gifford, William Barnet, III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward (collectively, "Defendants" and, with Plaintiffs, the "Parties"), among others, and alleging generally, purportedly on behalf of BAC, violations of Section 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), in connection with the Proxy Statement, breaches of fiduciary duty under state law in connection with the Merger and other claims.

F.　　On December 8, 2009, Defendants moved to dismiss certain claims in the Derivative Action.

G.　　On August 18, 2010, Lead Counsel engaged in a caucus session with the Hon. Layn R. Phillips (Ret.), in Chicago, Illinois regarding preliminary terms upon which this Action might be settled.

H.　　On August 27, 2010, the Court granted in part and denied in part Defendants' motion to dismiss, holding that a pre-litigation demand on the BAC board of directors was excused and permitting Plaintiffs to pursue the claims asserted in the litigation on the Bank's behalf.

I.　　Extensive discovery has been conducted in connection with the Derivative Action and related proceedings.  Lead Counsel have reviewed more than 2.5 million pages of documents produced in the Derivative Action and other civil and regulatory proceedings related to the

Merger; participated in, and/or reviewed copies of transcripts of, more than 100 depositions of Defendants and other relevant witnesses taken in connection with the various civil and regulatory proceedings related to the Merger; and retained and worked with experts to evaluate issues of causation and damages and to evaluate Defendants' conduct in connection with the Merger and advise on potential corporate governance reforms.

J.      Since the fall of 2011, counsel for the Parties have engaged in arm's-length discussions and negotiations regarding a potential resolution of the Derivative Action, on the basis of certain corporate-governance reforms at BAC and/or certain monetary consideration to be paid on behalf of Defendants by BAC's insurance carriers that provide coverage applicable to the claims asserted in the Derivative Action (the "D&O Carriers"), pursuant to the terms of the relevant policies.

K.      On February 29, 2012, counsel for the Parties and the D&O Carriers participated in a mediation, conducted by Judge Phillips, regarding the monetary consideration to be included in a settlement of the Derivative Action.

L.      Following the February 29, 2012 mediation, counsel for the Parties continued to have discussions regarding issues related to a settlement of the Derivative Action, including further negotiation through Judge Phillips regarding the monetary consideration to be included in any such settlement.

M.      As a result of the Parties' arm's length discussions and negotiations, including during and subsequent to the February 29, 2012 mediation, the Parties reached an agreement providing for the settlement of the Derivative Action on the terms and conditions set forth below, which will include but not be limited to a release of all claims in the Derivative Action.

N.      On April 12, 2012, the Parties entered into a memorandum of understanding (the "MOU") setting forth the material terms of the Settlement.

O.      Lead Counsel have thoroughly reviewed and analyzed the facts and circumstances relating to the claims asserted in the Derivative Action, including conducting arm's length discussions with counsel to Defendants, reviewing publicly available information, analyzing the extensive discovery record, reviewing applicable case law and other authorities and consulting with retained experts.  Plaintiffs brought their claims in good faith and continue to believe that their claims have legal merit.  However, Plaintiffs recognize that there are legal and factual defenses to the claims asserted in the Derivative Action, which present substantial risks to the successful resolution of any litigation, especially in complex shareholder derivative litigation such as the Derivative Action.  Accordingly, in light of these risks and based on their evaluation of the claims and their substantial experience, Lead Counsel have determined that the Settlement, which confers substantial benefits upon BAC and its stockholders, is fair, reasonable and adequate, and in the best interests of the Bank and its stockholders.

P.      Defendants have vigorously denied, and continue vigorously to deny, all allegations of wrongdoing, fault, liability or cognizable damage to BAC, deny that they engaged in any wrongdoing, deny that they committed any violation of law, deny that the Proxy Statement is in any way deficient, deny that they acted improperly in any way, believe that they acted properly at all times, believe the Derivative Action has no merit, and maintain that they have committed no disclosure violations or any other breach of duty whatsoever in connection with the Merger or any related disclosures.  Defendants are entering into this Settlement solely because they consider it desirable that the Derivative Action be settled and dismissed with prejudice in order to, among other things, (i) eliminate the burden, inconvenience, expense,

uncertainty and distraction of further litigation; and (ii) finally put to rest all claims that were or could have been asserted against Defendants in the Derivative Action.

Q.     Based on the foregoing, the Parties believe that it is reasonable and appropriate to seek approval of the Settlement by the Court based upon the terms set forth herein and the benefits and protections to be provided thereby.

**NOW THEREFORE, IT IS STIPULATED AND AGREED**, subject to approval by the Court pursuant to Federal Rule of Civil Procedure 23.1, by and between the undersigned counsel for the Parties, in consideration of the benefits flowing to the Parties from, and as described in, the Settlement, that all Released Claims (as defined below) shall be and hereby are fully and finally compromised, settled, released and discontinued, and that the Derivative Action shall be dismissed with prejudice on the merits and without costs (except as provided herein) as to all Released Parties upon the terms and conditions herein.

## <u>DEFINITIONS</u>

In addition to the terms defined above, the following additional terms shall have the meanings specified below:

1.     "Delaware Action" means the pending derivative action in the Court of Chancery for the State of Delaware, styled *In re Bank of America Corp. Stockholder Derivative Litigation*, C.A. No. 4307-CS.

2.     "Final Approval" of the Settlement means the date, following the Court's entry of the Order and Final Judgment, on which the Order and Final Judgment is final and no longer subject to appeal or further review, whether as a result of affirmance on or exhaustion of any possible appeal or review, lapse of time or otherwise, *provided, however*, and notwithstanding any provision to the contrary in this Settlement, Final Approval of the Settlement shall not

include, and the Settlement is expressly not conditioned upon, the approval of an application for attorneys' fees and the reimbursement of expenses to Lead Counsel as contemplated in Paragraph 26 below or any appeal or further review related thereto.

3. "North Carolina Action" means the pending derivative action in the Superior Court for the State of North Carolina, styled *Cunniff v. Lewis*, No. 09 CVS 3978.

4. "Notice" means the Notice of Settlement of Stockholder Derivative Litigation, substantially in the form attached hereto as Exhibit C.

5. "Notice Costs" means the costs and expenses incurred in providing notice of the Settlement to BAC stockholders.

6. "Order and Final Judgment" means an order entered by the Court, substantially in the form attached hereto as Exhibit E, finally approving the Settlement and dismissing the Derivative Action with prejudice on the merits and without costs to any party (except as provided in Paragraphs 21 and 26 below).

7. "Person" means any individual, corporation, professional corporation, limited-liability company, partnership, limited partnership, limited-liability partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

8. "Preliminary Approval Order" means an order entered by the Court, substantially in the form attached hereto as Exhibit B, setting forth the date for a Settlement Hearing on the proposed Settlement, directing notice thereof and preliminarily determining, for purposes of the Settlement only, that the Derivative Action is properly maintained as a shareholder derivative action on behalf of BAC.

9.      "Released Claims" means any and all manner of claims, demands, rights,

liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties,

sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements,

judgments, decrees, matters, issues and controversies of any kind, nature or description

whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued,

apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or

unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims

(defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or

other law or rule, brought or that could be brought derivatively or otherwise by or on behalf of

BAC against any of the Released Parties (defined below), which now or hereafter are based

upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions,

transactions, occurrences, statements, representations, misrepresentations, omissions, allegations,

facts, practices, events, claims or any other matters, things or causes whatsoever, or any series

thereof, that are, were, could have been, or in the future can or might be alleged, asserted, set

forth, claimed, embraced, involved or referred to in the Derivative Action and relate to, directly

or indirectly, the subject matter of the Derivative Action in any court, tribunal, forum or

proceeding, including, without limitation, any and all claims by or on behalf of BAC which are

based upon, arise out of, relate in any way to, or involve, directly or indirectly:  (i) the Merger;

(ii) the Proxy Statement, including all supplements thereto, or any other disclosures or purported

omissions relating, directly or indirectly, to the Merger, the performance or financial condition of

Merrill prior to the closing of the Merger or any governmental assistance contemplated or

provided, in whole or in part, in connection with the Merger; or (iii) any of the allegations in any

complaint or amendment(s) thereto filed in the Derivative Action, the Delaware Action, the

North Carolina Action, or any action consolidated into any such actions; *provided, however*, that the Released Claims shall not include (a) claims to enforce this Settlement or (b) any claims (other than claims for relief predicated on an alleged misrepresentation or omission after September 14, 2008 or claims released pursuant to the Order and Final Judgment in the action captioned, *County of York Employees Retirement Plan v. Merrill Lynch & Co., Inc. et al.*, C.A. No. 4066-VCN (Del. Ch. Aug. 31, 2009)) against any current or former director, officer or employee of Merrill based on any alleged breach prior to January 2, 2009 of any alleged duty to Merrill or its stockholders that have been asserted in (i) the Verified Third Amended Shareholder Derivative and Class Action Complaint filed on July 27, 2009 in the action captioned, *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, No. 07 Civ. 9696 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Sollins v. O'Neal et al.*, No. 11-1589, or (ii) the Amended Complaint filed on September 14, 2009 in the action captioned, *Lambrecht v. O'Neal et al.*, No. 09 Civ. 8259 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Lambrecht v. O'Neal et al.*, No. 11-1285.  For the avoidance of doubt, the Released Claims do not include (1) any direct claims on behalf of present or former BAC stockholders that are being prosecuted in the individual and class actions that have been coordinated for pretrial purposes with the derivative action under the caption, *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (PKC) (the "Securities Actions"); (2) in the event of an adverse judgment in the Securities Actions, claims, if any, by BAC to recover fees and expenses advanced by BAC in the Securities Actions against any person for whom BAC has advanced fees and expenses in such actions; (3) in the event of a payment of money damages by

9

BAC in satisfaction of a judgment against BAC in the Securities Actions, claims, if any, by BAC for contribution; or (4) any derivative claims related to Bank of America's residential loan activities that have been or might be asserted in the action captioned, *American European Insurance Company, et al. v. Moynihan, et al.*, C.A. No. 7436, which is currently pending in the Court of Chancery of the State of Delaware.

10. "Released Parties" means (i) Kenneth D. Lewis, Charles K. Gifford, William Barnet, III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward; (ii) any other individual or entity that was originally named as a defendant in the Derivative Action or any of the constituent actions underlying the Derivative Action, the Delaware Action, the North Carolina Action or any action consolidated into any such actions; (iii) all other current and former employees, officers, directors and advisers of BAC and Merrill, to the extent of any claimed liability relating, directly or indirectly, to any decisions to proceed with the Merger or any disclosures or purported nondisclosures relating to the Merger or the performance or financial condition of Merrill prior to the closing of the Merger or any governmental assistance contemplated or provided, in whole or in part, in connection with the Merger; and (iv) for each and all of the foregoing persons or entities (but only to the extent such persons or entities are released as provided above), any and all of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited-liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers,

directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants and associates.

11.     "Releases" means the releases set forth in Paragraphs 16 and 17 below.

12.     "Settlement Hearing" means the hearing at which the Court will review the adequacy, fairness and reasonableness of the Settlement and determine whether to issue the Order and Final Judgment.

13.     "Summary Notice" means the Notice of Settlement of Stockholder Derivative Litigation, substantially in the form attached hereto as Exhibit D.

14.     "Unknown Claims" means any claims of Plaintiffs or BAC or any BAC stockholder that he, she or it does not know or suspect exist in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into or object to the Settlement.

## SETTLEMENT CONSIDERATION

15.     In connection with the Settlement, (i) BAC has agreed to implement a program of corporate-governance reforms described in Exhibit A hereto that is tailored to address the particular allegations made in the Derivative Action; and (ii) the D&O Carriers have agreed to pay, on behalf of Defendants, the sum of $20 million to BAC.  The D&O Carriers shall pay the amount referenced in the preceding sentence within forty-five (45) days after Final Approval of the Settlement, and BAC shall implement the corporate-governance reforms as soon as practicable after such payment by the D&O Carriers.

11

## RELEASES

16.     Upon Final Approval, Plaintiffs, BAC and by operation of law BAC's stockholders shall and hereby do completely, fully, finally and forever release, relinquish, settle, and discharge each and all of the Released Parties from and with respect to any and all of the Released Claims, and will be forever barred and enjoined from commencing, instituting or prosecuting any action or proceeding, in any forum, asserting any of the Released Claims against any of the Released Parties.

17.     Upon Final Approval, Defendants, individually and collectively, shall and hereby do completely, fully, finally and forever release, relinquish, settle, and discharge each and all of the Plaintiffs, Lead Counsel and all other plaintiffs' counsel from and with respect to any and all claims arising out of or relating to the initiation, prosecution, and resolution of the Derivative Action, excepting any claim to enforce the Stipulation or Settlement.

## EFFECT OF RELEASES

18.     The Released Claims include any and all Unknown Claims.  With respect to any of the Released Claims, the parties stipulate and agree that upon Final Approval of the Settlement, Plaintiffs and BAC shall have, and each BAC stockholder shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under California Civil Code § 1542 or any law or principle of common law of the United States or any state or territory of the United States which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs and BAC acknowledge, and all BAC stockholders by operation of law shall be deemed
to have acknowledged, that they may discover facts in addition to or different from those now
known or believed to be true with respect to the Released Claims, but that it is the intention of
Plaintiffs, BAC and all BAC stockholders by operation of law, to completely, fully, finally and
forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected,
which now exist, heretofore existed or may hereafter exist, and without regard to the subsequent
discovery of additional or different facts.  Plaintiffs and BAC acknowledge, and all BAC
stockholders by operation of law shall be deemed to have acknowledged, that the inclusion of
"Unknown Claims" in the definition of "Released Claims" was separately bargained for and was
a material element of the Settlement and was relied upon by each and all of Defendants in
entering into the Stipulation and agreeing to the Settlement.

## PRELIMINARY APPROVAL

19.     As soon as practicable after the Stipulation has been executed, the parties to the
Derivative Action shall jointly submit this Stipulation, together with its related documents, to the
Court and request entry of the Preliminary Approval Order:  (a) preliminarily determining that
the Derivative Action is properly brought as a shareholder derivative action; (b) preliminarily
approving the Settlement; (c) setting a date for hearing of a motion for final approval of the
Settlement and Lead Counsel's application for an award of attorneys' fees and expenses; (d)
directing the form and manner of notice to stockholders of the Settlement and of their right to
object; (e) setting dates for the receipt of objections and the filing of final approval papers; (f)
staying all proceedings in the Derivative Action except as may be necessary to implement the
Settlement; and (g) granting such other and further relief as the Court deems just and proper.

## NOTICE

20.     Notice of the proposed Settlement shall be provided to BAC stockholders in the following manner (or in such other manner directed by the Court):  (i) BAC's publishing the Summary Notice, substantially in the form of Exhibit D to the Stipulation, as a quarter-page advertisement in the national and local editions of the *Wall Street Journal* and *Investor Business Daily*; (ii) Lead Counsel's publishing the same or substantially the same notice via a national wire service; and (iii) BAC's causing the Stipulation and the Notice, substantially in the form of Exhibit C to the Stipulation, to be made electronically available at a website to be identified in the Summary Notice created specifically for the purpose of disseminating notice, and to be sent by U.S. Mail to persons who request such Notice by calling a hotline number to be identified in the Summary Notice.

21.     BAC shall bear all Notice Costs related to promulgating notice in the manner set forth in items (i) and (iii) above, and Lead Counsel shall bear the costs and expenses related to promulgating notice in the manner set forth in item (ii) above.

## STAY OF PROCEEDINGS

22.     The Parties agree to abide by and seek the continuation of the stay of proceedings in the Derivative Action, granted by the Court on April 12, 2012, and not to initiate any proceedings other than those related to the Settlement itself.  The Parties also agree to use their reasonable best efforts to prevent, stay or seek dismissal of or oppose entry of any interim or final relief in favor of BAC or any BAC stockholder in any other litigation that challenges the Settlement or otherwise involves, directly or indirectly, a Released Claim.  Notwithstanding the generality of the foregoing, the Parties specifically agree that they expect and intend that the Releases and the Order and Final Judgment contemplated herein will be effective to release, bar

14

**EXECUTION COPY**

and preclude the claims being asserted against the Defendants in the Delaware Action and in the North Carolina Action, and Defendants have accordingly moved to stay the Delaware Action, pending Final Approval of the Settlement.

## DISMISSAL WITH PREJUDICE

23.     If the Settlement is approved by the Court, the Parties shall jointly and promptly request that the Court enter the Order and Final Judgment in the Derivative Action substantially in the form attached hereto as Exhibit E.

24.     Following Final Approval of the Settlement, Defendants will move in the respective courts to dismiss the Delaware Action and the North Carolina Action, in each case with prejudice, based on the doctrine of *res judicata*, collateral estoppel, the effect of the Releases to be given in connection with the Settlement and any similar or additional theory, and Plaintiffs agree to cooperate with Defendants' efforts to obtain such dismissals.

## CONDITIONS OF SETTLEMENT

25.     The Settlement (including the Releases given pursuant to the terms of this Stipulation) shall be null and void and of no force and effect, unless otherwise agreed by the Parties in accordance with Paragraph 45 herein, if:  (i) the Court does not enter the Order and Final Judgment; (ii) the Derivative Action is not dismissed with prejudice against all Defendants, without the award of any damages, costs, fees or the grant of further relief except for the payments contemplated by this Stipulation; or (iii) the Parties do not obtain Final Approval of the Settlement for any reason.  In addition, Defendants shall have the right in their sole discretion to terminate this Settlement in the event that any Released Claim is commenced or prosecuted against any of the Released Parties in any court prior to Final Approval of the Settlement and (following a motion by any Defendant) is not dismissed with prejudice or stayed pending Final

EXECUTION COPY

Approval of the Settlement.  In the event of such termination, this Stipulation shall be deemed null and void (except as provided in Paragraph 32 below), the Parties shall be deemed to be in the respective positions they were in prior to the execution of this Stipulation and BAC shall return to the D&O Carriers any payment made to BAC pursuant to Paragraph 15 herein.

## ATTORNEYS' FEES

26.    Lead Counsel intend to apply to the Court for an award of fees and expenses in connection with the Derivative Action (the "Fee Application"), which shall be the only fee application made by counsel for any plaintiff in the Derivative Action.  Defendants agree that Plaintiffs and their counsel in the Derivative Action are entitled to an award of reasonable attorneys' fees and expenses, and agree to negotiate in good faith regarding an award of fees and expenses to be sought in the Fee Application that would avoid a contested application, but Defendants otherwise reserve all rights with respect to the Fee Application.  The Parties acknowledge and agree that any fees and expenses awarded by the Court in the Derivative Action, plus simple interest on such amounts accruing from the date on which the Court enters the Order and Final Judgment approving the Settlement and grants an award of fees and expenses, through the date of payment of any such award, at a rate equal to the "3-month CDs (secondary market)" rate published monthly by the Federal Reserve, shall be paid by BAC within ten (10) business days after the later of:  (i) the payment of the $20 million by the D&O Carriers to BAC as provided in Paragraph 15; (ii) dismissal with prejudice of the Delaware Action; (iii) dismissal with prejudice of the North Carolina Action; and (iv) dismissal with prejudice of all other pending actions, if any, asserting any Released Claim against any Released Party.

16

27.     Neither the resolution of, nor any ruling regarding, the Fee Application or any award of attorneys' fees and expenses shall be a precondition to the Settlement or the dismissal of the Derivative Action with prejudice and entry of the Order and Final Judgment in accordance with the terms of the Stipulation.  The Court may consider and rule upon the fairness, reasonableness and adequacy of the Settlement independently of the Fee Application and any fee award, and any failure of the Court to approve the Fee Application in whole or in part shall have no impact on the effectiveness of the Settlement.  Notwithstanding anything in this Stipulation to the contrary, the effectiveness of the Releases and the other obligations of the parties under the Settlement (except with respect to the payment of attorneys' fees and expenses) shall not be conditioned upon or subject to the resolution of any appeal from any order, if such appeal relates solely to the issue of any award of attorneys' fees or the reimbursement of expenses.

28.     Defendants and their counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel of any fees or expenses awarded by the Court.  Any dispute regarding any allocation of fees or expenses among Lead Counsel shall have no effect on the Settlement.  The payment of any fees and expenses by BAC shall be subject to Lead Counsel's joint and several obligation to make appropriate refunds or repayments of the applicable portion of the fee received, if, as a result of any further proceedings or collateral attack, the amount of the fee awarded is reduced or the judgment of dismissal as contemplated in the Settlement Agreement is not accorded full effect or the Defendants withdraw from the Settlement in accordance with the terms of the Stipulation.

## **COOPERATION**

29.     The Parties and their respective counsel agree to cooperate fully with one another in seeking the Court's approval of the Settlement and to use their best efforts to effect the

**EXECUTION COPY**

consummation of this Stipulation and the Settlement (including, but not limited to, resolving any objections raised with respect to the Settlement).

30.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

31.     If any of the Released Claims are asserted or continue to be litigated against any of the Released Parties in any court prior to Final Approval of the Settlement, Plaintiffs and their counsel shall join, if requested by Defendants, in any motion to dismiss or stay such proceedings and otherwise shall use their reasonable efforts to cooperate with Defendants to effect a withdrawal or dismissal of the claims.

## **STIPULATION NOT AN ADMISSION**

32.     The existence of this Stipulation, its contents and any negotiations, statements or proceedings in connection therewith will not be argued to be, and will not be construed or deemed to be, a presumption, concession or admission by any of the Released Parties or any other person of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Derivative Action or otherwise or that BAC, Plaintiffs or Lead Counsel, any present or former stockholders of BAC or any other person, have suffered any damage attributable in any manner to any of the Released Parties.  Nor shall the existence of this Stipulation and its contents or any negotiations, statements or proceedings in connection therewith be construed as a presumption, concession or admission by Plaintiffs or Lead Counsel of any lack of merit of the Released Claims, or that BAC has not suffered cognizable damages caused by Defendants.  The existence of the Stipulation, its contents or any negotiations, statements or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any person for any purpose in the Derivative Action or

otherwise, except as may be necessary to effectuate the Settlement.  This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.  Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## NO WAIVER

33.    Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation by such other party.

34.    No waiver, express or implied, by any party of any breach or default in the performance by the other party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

## AUTHORITY

35.    This Stipulation will be executed by counsel to the Parties and BAC, each of whom represents and warrants that he or she has been duly authorized and empowered to execute this Stipulation on behalf of such party, and that it shall be binding on such party in accordance with its terms.

## SUCCESSORS AND ASSIGNS

36.     This Stipulation is, and shall be, binding upon, and inure to the benefit of, the

Parties and their respective agents, executors, administrators, heirs, successors and assigns;

*provided, however*, that no Party shall assign or delegate its rights or responsibilities under this

Stipulation without the prior written consent of the other Parties.

## GOVERNING LAW AND FORUM

37.     This Stipulation, and any dispute arising out of or relating in any way to this

Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in

accordance with the laws of the State of New York, without regard to conflict-of-laws principles.

Each of the Parties:  (i) irrevocably submits to the personal jurisdiction of any state or federal

court sitting in New York, New York, as well as to the jurisdiction of all courts to which an

appeal may be taken from such courts, in any suit, action or proceeding arising out of or relating

to this Stipulation and/or the Settlement; (ii) agrees that all claims in respect of such suit, action

or proceeding shall be brought, heard and determined exclusively in the Court (provided that, in

the event that subject-matter jurisdiction is unavailable in the Court, then all such claims shall be

brought, heard and determined exclusively in any other state court sitting in New York, New

York); (iii) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion

or other request for leave from such court; (iv) agrees not to bring any action or proceeding

arising out of or relating to this Stipulation in any other court; and (v) EXPRESSLY WAIVES

THE RIGHT TO A JURY TRIAL, AND AGREES NOT TO PLEAD OR TO MAKE ANY

CLAIM THAT ANY SUCH ACTION OR PROCEEDING IS SUBJECT (IN WHOLE OR IN

PART) TO A JURY TRIAL.  Each of the Parties waives any defense of inconvenient forum to

the maintenance of any action or proceeding brought in accordance with this paragraph.  Each of

the Parties further agrees to waive any bond, surety or other security that might be required of any other Party with respect to any such action or proceeding, including an appeal thereof.  Each of the Parties further consents and agrees that process in any such suit, action or proceeding may be served on such Party by certified mail, return receipt requested, addressed to such Party or such Party's registered agent in the state of its incorporation or organization, or in any other manner provided by law, and in the case of Plaintiffs by giving such written notice to Lead Counsel at their addresses set forth in the signature blocks below.

## **WARRANTY**

38.     Lead Counsel each represent, on behalf of their respective clients, that (i) their clients have been continuous stockholders of BAC at all times relevant to the allegations in the Complaint and through the date of this Stipulation; and (ii) none of the Released Claims has been assigned, encumbered or in any manner transferred in whole or in part, and that they and their respective clients will not attempt to assign, encumber or in any manner transfer in whole or in part any of the Released Claims.

39.     Each party represents and warrants that the party has made such investigation of the facts pertaining to the Settlement provided for in this Stipulation, and all of the matters pertaining thereto, as the party deems necessary and advisable.

## **ENTIRE AGREEMENT**

40.     This Stipulation and the attached exhibits constitute the entire agreement among the Parties and BAC with respect to the subject matter hereof, supersede all prior or contemporaneous oral or written agreements, understandings or representations.  All of the exhibits hereto are incorporated by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation.  This Stipulation replaces the MOU, which

**EXECUTION COPY**

shall be of no further force or effect upon the execution of this Stipulation, excepting those

provisions of the MOU intended to survive the termination thereof.

## INTERPRETATION

41.     Each term of this Stipulation is contractual and not merely a recital.

42.     This Stipulation will be deemed to have been mutually prepared by the Parties

and will not be construed against any of them by reason of authorship.

43.     Section and/or paragraph titles have been inserted for convenience only and will

not be used in determining the terms of this Stipulation.

44.     The terms and provisions of this Stipulation are intended solely for the benefit of

the Parties, and their respective successors and permitted assigns, and it is not the intention of the

Parties to confer third-party beneficiary rights or remedies upon any other person or entity,

except with respect to (a) any attorneys' fees and expenses to be paid to Lead Counsel pursuant

to the terms of this Stipulation; and (b) the Released Parties who are not signatories hereto, and

who shall be third-party beneficiaries under this Stipulation entitled to enforce it in accordance

with its terms.

## AMENDMENTS

45.     This Stipulation may not be amended, changed, waived, discharged or terminated

(except as explicitly provided herein), in whole or in part, except by an instrument in writing

signed by the parties to this Stipulation.  Any such written instrument signed by the parties to this

Stipulation shall be effective upon approval of the Court, without further notice to BAC

stockholders, unless the Court requires such notice.

## COUNTERPARTS

46.     This Stipulation may be executed in any number of actual, telecopied or electronically mailed counterparts and by each of the different parties on several counterparts, each of which when so executed and delivered will be an original.  This Stipulation will become effective when the actual or telecopied counterparts have been signed by each of the parties to this Stipulation and delivered to the other parties.  The executed signature page(s) from each actual, telecopied or electronically mailed counterpart may be joined together and attached and will constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties have caused this Stipulation, dated as of June 19, 2012, to be executed by their duly authorized attorneys.

*[REMAINDER OF PAGE INTENTIONALLY BLANK; SIGNATURE PAGES TO FOLLOW]*

Maya Saxena
Joseph E. White, III
Christopher S. Jones
SAXENA WHITE P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3082

Lawrence Portnoy
Charles S. Duggan
Brian M. Burnovski
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 701-5800

Lewis S. Kahn
Michael A. Swick
Albert M. Myers
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

*Counsel for Defendants Kenneth D. Lewis, Charles K. Gifford, William Barnet, III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward*

*Lead Counsel for Plaintiffs*

BANK OF AMERICA CORPORATION

By: Edward P. O'Keefe
General Counsel
100 N. Tryon Street
Charlotte, NC 28255-0001
Tel: (704) 386-5681
Fax: (980) 386-6699

**EXECUTION COPY**

Maya Saxena
Joseph E. White, III
Christopher S. Jones
SAXENA WHITE P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3082

Lawrence Portnoy
Charles S. Duggan
Brian M. Burnovski
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 701-5800

*Counsel for Defendants Kenneth D. Lewis,
Charles K. Gifford, William Barnet, III, Frank
P. Bramble, Sr., John T. Collins, Gary L.
Countryman, Tommy R. Franks, Monica C.
Lozano, Walter E. Massey, Thomas J. May,
Patricia E. Mitchell, Thomas M. Ryan, O.
Temple Sloan, Meredith R. Spangler, Robert
L. Tillman and Jackie M. Ward*

Lewis S. Kahn
Michael A. Swick
Albert M. Myers
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Plaintiffs*

BANK OF AMERICA CORPORATION

By: Edward P. O'Keefe
General Counsel
100 N. Tryon Street
Charlotte, NC 28255-0001
Tel: (704) 386-5681
Fax: (980) 386-6699

EXECUTION COPY

Maya Saxena
Joseph E. White, III
Christopher S. Jones
SAXENA WHITE P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Tel:  (561) 394-3399
Fax:  (561) 394-3082

Lewis S. Kahn
Michael A. Swick
Albert M. Myers
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel:  (504) 455-1400
Fax:  (504) 455-1498

*Lead Counsel for Plaintiffs*

Lawrence Portnoy
Charles S. Duggan
Brian M. Burnovski
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000
Fax:  (212) 701-5800

*Counsel for Defendants Kenneth D. Lewis,*
*Charles K. Gifford, William Barnet, III, Frank*
*P. Bramble, Sr., John T. Collins, Gary L.*
*Countryman, Tommy R. Franks, Monica C.*
*Lozano, Walter E. Massey, Thomas J. May,*
*Patricia E. Mitchell, Thomas M. Ryan, O.*
*Temple Sloan, Meredith R. Spangler, Robert*
*L. Tillman and Jackie M. Ward*

BANK OF AMERICA CORPORATION

By:  Edward P. O'Keefe
General Counsel
100 N. Tryon Street
Charlotte, NC 28255-0001
Tel:  (704) 386-5681
Fax:  (980) 386-6699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

IN RE BANK OF AMERICA CORP.     :
SECURITIES, DERIVATIVE, AND     :
EMPLOYEE RETIREMENT INCOME    :
SECURITY ACT (ERISA) LITIGATION   :           Master File
                          :          No. 09 MD 2058 (PKC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              ECF CASE

THIS DOCUMENT RELATES TO       :

Consolidated Derivative Action       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CORPORATE GOVERNANCE TERM SHEET</u>

In accordance with the terms of the foregoing Settlement, Bank of America Corp. ("BAC" or the "Company") agrees to implement the following corporate-governance reforms in connection with the settlement of the Derivative Action. BAC will maintain these measures in place for at least four (4) years from their adoption.

<u>Creation of a Corporate Development Committee</u>

BAC will create a new board-level Corporate Development Committee with responsibility for overseeing certain acquisition-related activities of the Company for transactions valued at $2 billion or more. The committee will provide oversight of transactions within its purview to ensure that management vets such transactions carefully and performs appropriate due diligence. For transactions ultimately approved by the full BAC board of directors (the "Board"), the committee will also provide oversight of management's integration- and transition-related activities. The responsibilities and authority of the committee shall be set forth in greater detail in a charter, substantially in the form of the draft charter attached to this Term Sheet.

<u>Changes to Disclosure Committee Charter</u>

BAC will amend the charter of its Disclosure Committee to provide that the Disclosure Committee shall (i) have responsibility to review and consider the accuracy, completeness and timeliness of disclosures required in connection with any acquisitions that fall within the purview of the Corporate Development Committee; and (ii) conduct a semi-annual review to identify for implementation industry-leading oversight practices in connection with the Company's disclosures (including acquisition-related disclosures) and to review progress on such goals.

Other Corporate Governance Changes

- *Continuing Education*:  BAC's Corporate Governance Guidelines shall be amended to provide specifically that the Company's orientation program for new directors include sessions regarding corporate governance best practices and an overview of director duties.   In addition, the guidelines shall be amended to provide that management shall prepare additional educational sessions for directors, periodically as appropriate, on matters relevant to the Company and its business, including sessions relating to corporate governance best practices and director duties.

- *Enterprise Risk Committee Meeting Attendance*:  The charter of the Enterprise Risk Committee ("ERC") of the Board shall be amended to provide that, in the normal course of business and barring exigent circumstances, the Company's Chief Risk Officer or equivalent shall be expected to attend all regular ERC meetings, and the Company's Chief Compliance Officer shall be expected to attend ERC meetings at least twice per year.

**BANK OF AMERICA CORPORATION**
**[DRAFT] CORPORATE DEVELOPMENT COMMITTEE CHARTER**

<u>**Purpose**</u>

The Corporate Development Committee (the "Committee") of Bank of America Corporation (the "Company") is responsible for assisting the Board of Directors of the Company (the "Board") in exercising oversight over the Company's consideration of potential mergers and acquisitions valued at greater than $2 billion ("Applicable Transactions"), and monitoring the progress and transition risks in connection with any Applicable Transactions approved by the Board. The Committee shall also review periodically with management the Company's acquisition strategies, as appropriate. In addition, the Committee shall act as the formal liaison to the full Board in connection with the Committee's activities. All such responsibilities, and others as noted throughout this Charter, shall be carried out in accordance with sound corporate governance principles as reflected in the Company's Corporate Governance Guidelines and other internal governance protocols.

<u>**Membership**</u>

The Committee shall consist of no fewer than three members of the Board, who shall be directors who meet the criteria for independence as established by the Board in accordance with the New York Stock Exchange listing standards and any other required laws, rules and regulations regarding independence as they are in effect from time to time. The Board or the Corporate Governance Committee may identify other qualifications that are necessary to preserve the independence of Committee members.

The members of the Committee and the chair of the Committee shall be appointed, and may be replaced, by the Board on the recommendation of the Corporate Governance Committee.

In addition to other duties set forth herein, the Chair of the Committee shall chair all regular sessions of the Committee and set agendas for meetings. If the Chair is unable to act, all of his or her responsibilities hereunder shall be performed by the Committee member who has served the longest on the full Board, until such time as the Chair is able to act.

<u>**Committee Authority and Responsibilities**</u>

In carrying out its oversight responsibilities as set forth above, the Committee shall oversee senior management's establishment of policies and guidelines, to be adopted by the Board, establishing appropriate systems (including policies, procedures and/or management committees) to ensure that Applicable Transactions are vetted carefully and that adequate due diligence is performed prior to Board approval of any Applicable Transaction. In connection with any Applicable Transaction to be submitted to the Board for approval, the Committee shall meet at least once, telephonically or in person, with members of senior management to review management's compliance with applicable policies and procedures related to the Company's consideration of the Applicable Transaction, prior to its presentation to the Board for approval.

In addition, following approval by the Board of any Applicable Transaction, the Committee shall oversee management's activities with respect to post-acquisition integration and business development opportunities and monitor, as appropriate, any material transitional risks related to the Applicable Transaction.

The Committee shall convene as frequently as necessary to fulfill its Charter and responsibilities and to act on any matter within its jurisdiction, and shall meet in person at least once annually.  Any Executive Officer, including the CEO, the Chairperson of the Board or other member of the Board who receives any inquiry, overture or proposal – however formal or informal – about the Company's interest in an Applicable Transaction must report such contact to the Chair of the Committee as soon as reasonably practicable.  This requirement will be publicized to all Executive Officers and Board members of the Company no less than once annually.  Upon receiving notice of an Applicable Transaction that requires action by the Committee, the Chair of the Committee shall convene a meeting or meetings thereof for purposes of acting upon it.

The Committee shall report its findings to the Board at each regular meeting following a meeting of the Committee, or, if applicable, at any special meeting of the Board convened in connection with an Applicable Transaction.  The Committee shall review and reassess this Charter annually and recommend any proposed changes to the Board for approval and shall conduct an annual review of its own performance.

## Additional Authority

The Board delegates to the Committee, in order to further the performance of the Committee's responsibilities, the authority to conduct or authorize investigations into or studies of matters within the Committee's scope of responsibilities, with full access to all books, records, facilities and personnel of the Company.  In connection with this authority, or as otherwise appropriate, the Committee may request that Company management prepare and present post-acquisition performance reviews on Applicable Transactions with such frequency as the Committee may designate.

The Board further delegates to the Committee, in order to further the performance of its responsibilities, the power and authority to obtain, at its discretion, advice and assistance from internal or external financial, legal, investment banking, accounting or other advisors, and to hire and compensate such external advisors at the Company's expense.  The Committee retains the authority, in its sole discretion, to terminate or limit the scope of activity of such external advisers.

The Committee may request that any members of Company management or other members of the Board attend a meeting or meetings of the Committee or meet with any members of or advisers to the Committee.  All non-management Board members who are not members of the Committee may attend any meetings of the Committee but may not vote.  The Committee may, in its discretion, exclude any invitees or non-members from its proceedings at any time.

The Committee may form, and delegate authority to, subcommittees when appropriate.

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                     :
                                                                     :
                                                                     :
IN RE BANK OF AMERICA CORP.                                          :
SECURITIES, DERIVATIVE, AND                                          :
EMPLOYEE RETIREMENT INCOME                                           :
SECURITY ACT (ERISA) LITIGATION                                      :        Master File
                                                                     :     No. 09 MD 2058 (PKC)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                     :         ECF CASE
THIS DOCUMENT RELATES TO                                             :
                                                                     :
Consolidated Derivative Action                                      :
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER SETTING SCHEDULE AND
## PRELIMINARILY APPROVING PROPOSED SETTLEMENT

The parties to the consolidated stockholder derivative action, styled *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (the "Derivative Action"), currently pending before the United States District Court for the Southern District of New York (the "Court"), having applied pursuant to Federal Rule of Civil Procedure 23.1 for an order preliminarily approving the proposed settlement of the Derivative Action in accordance with the Stipulation and Agreement of Compromise, Settlement and Release entered into by the parties on June 19, 2012 (the "Stipulation"), upon the terms and conditions set forth therein (the "Settlement"); the Court having read and considered the Stipulation and accompanying documents; and all parties having consented to the entry of this Order,

**NOW, THEREFORE**, this _____ day of _____, 2012, upon application of the parties,
**IT IS HEREBY ORDERED** that:

1.      Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2.      The Court preliminarily approves the Settlement, as embodied in the Stipulation and the exhibits attached thereto, as fair, reasonable and adequate, pending a final hearing on the proposed Settlement as provided herein.

3.      For the purposes of the proposed Settlement only, the Court preliminarily finds that the Derivative Action was properly brought as a derivative action for and on behalf of Bank of America Corporation ("BAC"), and that Plaintiffs fairly and adequately represent the interests of BAC stockholders ("BAC Stockholders") similarly situated in enforcing the rights of BAC.

4.      Lead Counsel is authorized to act on behalf of BAC Stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

5.      A hearing (the "Settlement Hearing") shall be held on _____, 2012 at _____ _.m., Eastern Time, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12C, New York, New York 10007, to:

      a.      determine whether the Settlement should be approved as fair, reasonable and adequate;

      b.      determine whether an Order and Final Judgment should be entered dismissing the Derivative Action with prejudice;

      c.      hear and address any objections to the Settlement; and

      d.      rule on such other matters as the Court may deem appropriate.

6.      The Court reserves the right to (i) approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the parties to the

Stipulation and without further notice to BAC Stockholders; and (ii) adjourn the Settlement

Hearing or any adjournment thereof, without further notice of any kind to BAC Stockholders.

7.     If the Settlement is approved at or following the Settlement Hearing, Lead

Counsel shall file an application for an award of attorneys' fees in an amount not to exceed $13

million, and for reimbursement of their expenses incurred in prosecuting the case in an amount

not to exceed $600,000 (the "Fee Application").  Following the filing of the Fee Application, the

Court shall enter an order (the "Fee Hearing Order") setting a date for a hearing to consider the

Fee Application (the "Fee Hearing"), and providing instructions to file any objections to the Fee

Application, which the Court will consider at the Fee Hearing.

8.     At least sixty (60) calendar days prior to the Settlement Hearing:  (a) BAC shall

publish a Summary Notice, in the form of Exhibit D to the Stipulation, as a quarter-page

advertisement in the national and local editions of the *Wall Street Journal* and *Investor Business

Daily*; (b) Lead Counsel shall publish the same or substantially the same Summary Notice via a

national wire service; and (c) BAC shall cause the Stipulation and the Notice, in the form of

Exhibit C to the Stipulation, to be made electronically available at a website to be identified in

the Summary Notice created specifically for the purpose of disseminating notice (the "Settlement

Website"), and to be sent by U.S. Mail to persons who request such Notice by calling a hotline

number to be identified in the Summary Notice.  The parties shall, at or before the Settlement

Hearing, file with the Court proof of publication of such notice.  In addition, if the Settlement is

approved, BAC shall, within seven (7) calendar days of the Court's entry of the Fee Hearing

Order, cause the Fee Application and the Fee Hearing Order to be posted on the Settlement

Website.  The costs of the notice described in this paragraph shall be borne in accordance with

the terms of the Stipulation.

3

9.      The Court approves, in form and substance, the Notice and Summary Notice, and finds that the form and method of notice specified herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23.1 and applicable law.

10.      All proceedings and pending deadlines in the Derivative Action, other than such proceedings as may be necessary to effectuate the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

11.      Any BAC Stockholder who objects to any aspect of the Settlement or the Order and Final Judgment to be entered in the Derivative Action, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; *provided, however*, that, except for good cause shown, no person other than Lead Counsel and counsel for Defendants and BAC shall be heard and no papers, briefs, pleadings or other documents submitted by any BAC Stockholder shall be considered by the Court unless, not later than twenty-eight (28) calendar days prior to the Settlement Hearing directed herein:  (i) a statement of the objections by the BAC Stockholder; (ii) the grounds for such objections; and (iii) proof of ownership of BAC common stock, as well as all documents or writings such person desires the Court to consider, are filed by such person with the Court, and, on or before such filing, are served by hand or mail on the following counsel of record:

Lead Counsel for Plaintiffs:                    Lewis S. Kahn, Esq.
                                                Michael A. Swick, Esq.
                                                Albert M. Myers, Esq.
                                                Kahn Swick & Foti, LLC
                                                206 Covington Street
                                                Madisonville, Louisiana 70447

                                             Maya Saxena, Esq.
Joseph E. White, III, Esq.
Christopher S. Jones, Esq.
Saxena White P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, Florida 33431

Counsel for Defendants:             Lawrence Portnoy, Esq.
Charles S. Duggan, Esq.
Brian M. Burnovski, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017

12.     Any BAC Stockholder who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding unless the Court orders otherwise.

13.     All papers in support of the Settlement shall be filed and served fourteen (14) calendar days prior to the deadline for BAC Stockholders to object to the Settlement, and all reply papers shall be filed and served seven (7) calendar days before the Settlement Hearing.

14.     If the Settlement is approved by the Court following the Settlement Hearing, an Order and Final Judgment will be entered as described in the Stipulation.  Without affecting the finality of that Order and Final Judgment, the Court shall retain continuing jurisdiction to consider the Fee Application, address any objections thereto and enter any separate judgment(s) for fees and expenses.

15.     If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), and certifications herein and any actions taken or to be

taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for BAC's and Lead Counsel's obligations to pay, in accordance with the terms of the Stipulation, expenses incurred in connection with provision of the notice prescribed by this Order.  In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission, concession or received as evidence in this or any other action or proceeding.

16.     The existence of the Stipulation, its contents and any negotiations, statements or proceedings in connection therewith will not be argued to be, and will not be construed or deemed to be, a presumption, concession or admission by any of the Released Parties or any other person of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Derivative Action or otherwise or that BAC, Plaintiffs or Lead Counsel, any present or former stockholders of BAC or any other person, have suffered any damage attributable in any manner to any of the Released Parties.  Nor shall the existence of the Stipulation and its contents or any negotiations, statements or proceedings in connection therewith be construed as a presumption, concession or admission by Plaintiffs or Lead Counsel of any lack of merit of the Released Claims, or that BAC has not suffered cognizable damages caused by Defendants.  The existence of the Stipulation, its contents or any negotiations, statements or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any person for any purpose in the Derivative Action or otherwise, except as may be necessary to effectuate the Settlement.  Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto in any other action that may be brought against them, in order to support any

and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to BAC Stockholders, and the Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**It is SO ORDERED.**


Dated: _____          _____
                                      THE HONORABLE P. KEVIN CASTEL
                                      U.S. DISTRICT JUDGE

7

**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                 :

IN RE BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO

Consolidated Derivative Action

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Master File
No. 09 MD 2058 (PKC)

ECF CASE

<u>**NOTICE OF SETTLEMENT OF STOCKHOLDER DERIVATIVE LITIGATION**</u>

**TO:     ALL RECORD AND BENEFICIAL OWNERS OF BANK OF AMERICA CORP. COMMON STOCK AS OF JUNE 19, 2012, WHO CONTINUE TO OWN SUCH SHARES ("BAC STOCKHOLDERS")**

THIS NOTICE IS GIVEN pursuant to an Order of the United States District Court for the

Southern District of New York (the "Court" or the "Federal Court"), to inform you of a proposed

settlement (the "Settlement") in the above-captioned derivative action (the "Derivative Action"),

which was brought derivatively on behalf of Bank of America Corp. ("BAC" or the

"Company"), in connection with the Company's acquisition of Merrill Lynch & Co., Inc.

("Merrill").

This Notice also informs you of the Court's preliminary approval of the Settlement and of

your right to participate in a hearing to be held on _____ __, 2012, before the Honorable P.

Kevin Castel at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New

York, New York 10007 (the "Settlement Hearing"), to determine whether the Court should

approve the Settlement as fair, reasonable and adequate. ***Because this is a shareholder***

*derivative action brought for the benefit of BAC, no individual BAC Stockholder has the right*

*to receive any individual compensation as a result of the settlement of this action.*

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES OR THE FAIRNESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.**

## I.    BACKGROUND OF THE ACTION

On January 1, 2009, BAC acquired Merrill in a stock-for-stock transaction (the "Merger").  Within several weeks, various BAC stockholders began filing lawsuits in various state and federal courts challenging aspects of the Merger on a variety of legal grounds.  These suits included stockholder derivative lawsuits, as well as class actions and individual actions under the federal securities laws.  The derivative actions generally asserted claims that the defendants had breached fiduciary duties in connection with the approval of the Merger and that disclosures regarding the Merger and Merrill were misleading or omitted material information that should have been disclosed.  In some of these derivative actions, the disclosure claims were based on alleged breaches of fiduciary under Delaware law.  In others, the derivative plaintiffs also asserted disclosure violations under the federal securities laws.

In June and July 2009, the Court consolidated various derivative actions before it into this single Derivative Action, and appointed Louisiana Municipal Police Employees Retirement System and Hollywood Police Officers' Retirement System as interim lead plaintiffs ("Plaintiffs") and appointed the law firms of Kahn Swick & Foti, LLC and Saxena White P.A. as interim co-lead counsel ("Lead Counsel").  It also ordered that the Derivative Action be coordinated for pretrial purposes with related consolidated securities and ERISA actions, also before the Court, under the common caption, *In re Bank of America Corp. Securities, Derivative*

2

*and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (PKC).

On October 9, 2009, Plaintiffs in the Derivative Action filed a consolidated complaint (the "Complaint"), naming as defendants Kenneth D. Lewis, Charles K. Gifford, William Barnet, III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward (collectively, "Defendants" and, with Plaintiffs, the "Parties"), among others, and alleging generally, purportedly on behalf of BAC, violations of Section 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and breaches of fiduciary duty under state law in connection with the Merger and other claims.

On December 8, 2009, Defendants moved to dismiss certain claims in the Derivative Action. On August 27, 2010, the Court granted in part and denied in part Defendants' motion to dismiss, holding that demand on the BAC board of directors was excused and permitting Plaintiffs to pursue the claims asserted in the litigation on BAC's behalf.

Extensive discovery was conducted in connection with the Derivative Action and related proceedings. Lead Counsel reviewed more than 2.5 million pages of documents produced in the Derivative Action and other civil and regulatory proceedings related to the Merger; participated in, and/or reviewed copies of transcripts of, more than 100 depositions of Defendants and other relevant witnesses taken in connection with the various civil and regulatory proceedings related to the Merger; and retained and worked with experts to evaluate issues of causation and damages and to evaluate Defendants' conduct in connection with the Merger and advise on potential corporate governance reforms.

Since the fall of 2011, counsel for the Parties have engaged in arm's-length discussions and negotiations regarding a potential resolution of the Derivative Action, on the basis of certain corporate-governance reforms at BAC and/or certain monetary consideration to be paid on behalf of Defendants by BAC's insurance carriers that provide coverage applicable to the claims asserted in the Derivative Action (the "D&O Carriers"), pursuant to the terms of the relevant policies.

On February 29, 2012, counsel for the Parties and the D&O Carriers participated in a mediation session, conducted by Judge Layn Phillips, a nationally recognized mediator, regarding the monetary consideration to be included in a settlement of the Derivative Action. Following the February 29, 2012 mediation, counsel for the Parties continued to have discussions regarding the issues related to a settlement of the Derivative Action, including further negotiation through Judge Phillips regarding the monetary consideration to be included in any such settlement.

On March 16, plaintiffs in a parallel derivative action captioned, *In re Bank of America Corp. Stockholder Derivative Litigation*, C.A. No. 4307-CS, pending in the Court of Chancery for the State of Delaware (the "Delaware Action"), moved in the Delaware Court for an order enjoining the parties from proceeding with the settlement on the grounds that it was allegedly inadequate and collusive, and moved in the Federal Court for similar relief and an order permitting them to intervene in the Derivative Action pending in the Federal Court.

On May 4, 2012, the Delaware Court denied the Delaware plaintiffs' motion on the ground that it did not have the power to enjoin the Settlement.

4

On May 14, 2012, the Federal Court denied the Delaware plaintiffs' motion on the ground that the Delaware plaintiffs had failed to meet the requirements for intervention and could present any objections they might have to the Settlement at the Settlement Hearing.

On June 19, 2012, the Parties and BAC executed a Stipulation of Settlement (the "Stipulation"), which sets forth the complete terms of the Settlement.

On _____ __, 2012, the Federal Court entered an order preliminarily approving the Settlement, setting a schedule for the Federal Court's final review of the Settlement, and establishing customary notice and objection procedures for BAC Stockholders.

## II.     TERMS OF THE SETTLEMENT

In consideration for the settlement and release of all Released Claims (as described in Section III below), (i) the D&O Carriers have agreed to pay, on behalf of Defendants, the sum of $20 million to BAC; and (ii) BAC has agreed to implement a program of corporate-governance reforms, including the creation of a new board-level committee to oversee major acquisitions by BAC; modifications to the charter of BAC's disclosure committee to ensure more systematic oversight of the Bank's acquisition-related disclosures; changes to BAC's corporate governance guidelines related to director education requirements for BAC directors; and amendments to the charter of the Enterprise Risk Committee ("ERC") of the BAC board of directors relating to the attendance of certain corporate officers at ERC meetings.

## III.     DISMISSALS AND RELEASES

The Stipulation provides that, subject to approval by the Federal Court pursuant to Federal Rule of Civil Procedure 23.1, for good and valuable consideration, the Derivative Action shall be dismissed on the merits with prejudice as to all Defendants and against Plaintiffs and all BAC Stockholders, and all Released Claims (defined below) shall be completely, fully, finally

and forever released, relinquished, settled, discharged and dismissed with prejudice and without costs, as to all Released Parties.[1]

"Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, brought or that could be brought derivatively or otherwise by or on behalf of BAC against any of the Released Parties (defined below), which now or hereafter are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any

---

[1] "Released Parties" means (i) Kenneth D. Lewis, Charles K. Gifford, William Barnet, III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward; (ii) any other individual or entity that was originally named as a defendant in the Derivative Action or any of the constituent actions underlying the Derivative Action, the Delaware Action (defined below), the North Carolina Action (defined below) or any action consolidated into any such actions; (iii) all other current and former employees, officers, directors and advisers of BAC and Merrill, to the extent of any claimed liability relating, directly or indirectly, to any decisions to proceed with the Merger or any disclosures or purported nondisclosures relating to the Merger or the performance or financial condition of Merrill prior to the closing of the Merger or any governmental assistance contemplated or provided, in whole or in part, in connection with the Merger; and (iv) for each and all of the foregoing persons or entities (but only to the extent such persons or entities are released as provided above), any and all of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited-liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants and associates.

6

other matters, things or causes whatsoever, or any series thereof, that are, were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved or referred to in the Derivative Action and relate to, directly or indirectly, the subject matter of the Derivative Action in any court, tribunal, forum or proceeding, including, without limitation, any and all claims by or on behalf of BAC which are based upon, arise out of, relate in any way to, or involve, directly or indirectly:  (i) the Merger; (ii) the Proxy Statement, including all supplements thereto, or any other disclosures or purported omissions relating, directly or indirectly, to the Merger, the performance or financial condition of Merrill prior to the closing of the Merger or any governmental assistance contemplated or provided, in whole or in part, in connection with the Merger; or (iii) any of the allegations in any complaint or amendment(s) thereto filed in the Derivative Action, the Delaware Action, the action captioned, *Cunniff v. Lewis*, No. 09 CVS 3978, pending in the Superior Court for the State of North Carolina (the "North Carolina Action"), or any action consolidated into any such actions; *provided, however*, that the Released Claims shall not include (a) claims to enforce this Settlement or (b) any claims (other than claims for relief predicated on an alleged misrepresentation or omission after September 14, 2008 or claims released pursuant to the Order and Final Judgment in the action captioned, *County of York Employees Retirement Plan v. Merrill Lynch & Co., Inc. et al.*, C.A. No. 4066-VCN (Del. Ch. Aug. 31, 2009)) against any current or former director, officer or employee of Merrill based on any alleged breach prior to January 2, 2009 of any alleged duty to Merrill or its stockholders that have been asserted in (i) the Verified Third Amended Shareholder Derivative and Class Action Complaint filed on July 27, 2009 in the action captioned, *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, No. 07 Civ. 9696 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the

7

caption, *Sollins v. O'Neal et al.*, No. 11-1589, or (ii) the Amended Complaint filed on September 14, 2009 in the action captioned, *Lambrecht v. O'Neal et al.*, No. 09 Civ. 8259 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Lambrecht v. O'Neal et al.*, No. 11-1285.  For the avoidance of doubt, the Released Claims do not include (1) any direct claims on behalf of present or former BAC stockholders that are being prosecuted in the individual and class actions that have been coordinated for pretrial purposes with the derivative action under the caption, *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (PKC) (the "Securities Actions"); (2) in the event of an adverse judgment in the Securities Actions, claims, if any, by BAC to recover fees and expenses advanced by BAC in the Securities Actions against any person for whom BAC has advanced fees and expenses in such actions; (3) in the event of a payment of money damages by BAC in satisfaction of a judgment against BAC in the Securities Actions, claims, if any, by BAC for contribution; or (4) any derivative claims related to Bank of America's residential loan activities that have been or might be asserted in the action captioned, *American European Insurance Company, et al. v. Moynihan, et al.*, C.A. No. 7436, which is currently pending in the Court of Chancery of the State of Delaware.

If the Settlement becomes final, the releases will extend to any claims of Plaintiffs or BAC or any BAC stockholder that he, she or it does not know or suspect exist in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into or object to the Settlement ("Unknown Claims").  Plaintiffs, BAC and BAC stockholders shall be deemed to have expressly waived, relinquished and released any and all provisions, rights and benefits

conferred by or under any law or principle of common law that may have the effect of limiting the releases set forth above, including section 1542 of the California Civil Code.[2]

Following final approval of the Settlement and entry of the Order and Final Judgment, Defendants will seek to dismiss all other pending derivative lawsuits relating to the Merger, which includes derivative actions in Delaware and North Carolina, with prejudice, based on the provisions in the Settlement.

IV.    **REASONS FOR THE SETTLEMENT**

Lead Counsel have thoroughly reviewed and analyzed the facts and circumstances relating to the claims asserted in the Derivative Action, including conducting arm's length discussions with counsel to Defendants, reviewing publicly available information, analyzing the extensive discovery record, reviewing applicable case law and other authorities and consulting with retained experts.  Plaintiffs brought their claims in good faith and continue to believe that their claims have legal merit.  However, Plaintiffs recognize that there are legal and factual defenses to the claims asserted in the Derivative Action, which present substantial risks to the successful resolution of any litigation, especially in complex shareholder derivative litigation such as the Derivative Action.  Accordingly, in light of these risks and based on their evaluation of the claims and their substantial experience, Lead Counsel have determined that the Settlement, which confers substantial benefits upon BAC and its stockholders, is fair, reasonable and adequate, and in the best interests of the Bank and its stockholders.

Defendants have vigorously denied, and continue vigorously to deny, all allegations of wrongdoing, fault liability or cognizable damage to BAC, deny that they engaged in any

---

[2]  Section 1542 of the California Civil Code states:  "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

wrongdoing, deny that they committed any violation of law, deny that the Proxy Statement is in any way deficient, deny that they acted improperly in any way, believe that they acted properly at all times, believe that the Derivative Action has no merit, and maintain that they have committed no disclosure violations or any other breach of duty whatsoever in connection with the Merger or any related disclosures.  Defendants are entering into this Settlement solely because they consider it desirable that the Derivative Action be settled and dismissed with prejudice in order to, among other things, (i) eliminate the burden, inconvenience, expense, uncertainty and distraction of further litigation; and (ii) finally put to rest all claims that were or could have been asserted against Defendants in the Derivative Action.

## V.     PLAINTIFFS' ATTORNEYS FEES AND EXPENSES

If the Settlement is approved, Lead Counsel intend to apply to the Federal Court for an award of fees and expenses in connection with the Derivative Action (the "Fee Application"), which shall be the only fee application made by counsel for any plaintiff in the Derivative Action.  Defendants and BAC agree that Plaintiffs and their counsel in the Derivative Action are entitled to an award of reasonable attorneys' fees and expenses.  The Settlement, however, is not conditioned on the Court granting the Fee Application or awarding any particular amount of attorneys' fees and expenses, and the parties have not reached an agreement with respect to the appropriate amount of fees and expenses Lead Counsel should be awarded.

The parties have agreed that any application for fees and expenses by Lead Counsel shall be presented to the Court for consideration after the Court's approval of the Settlement.  The parties believe that this approach will appropriately focus the Settlement Hearing on the Court's evaluation of the fairness, reasonableness and adequacy of the Settlement.  It will also further judicial economy because the Court will evaluate the Fee Application only if the Settlement is

approved.  At that time, Lead Counsel will ask the Court to award attorneys' fees in an amount

not to exceed $13 million, and for reimbursement of their expenses incurred in prosecuting the

case in an amount not to exceed $600,000.  This fee amount represents Lead Counsel's current

combined professional fees of $10.4 million based upon approximately 24,000 hours prosecuting

this case to date, enhanced by a risk multiplier of 1.25.  If the Settlement is approved, the Court

will hold a separate hearing to consider the Fee Application and any objections thereto.

Defendants and BAC will consider the Fee Application but have advised Lead Counsel that they

plan to object to an application seeking fees in the range of $13 million.  The Fee Application

and information regarding the hearing to consider the Fee Application will be made available at

www._____.com or by calling (xxx) xxx-xxxx.

## VI.    **SETTLEMENT HEARING**

The Court has scheduled the Settlement Hearing for _____, 2012 at

_____ _.m., Eastern Time, at the United States District Court for the Southern District of

New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom

12C, New York, New York 10007, to:  (i) determine whether the Settlement should be approved

by the Court as fair, reasonable and adequate; (ii) determine whether an Order and Final

Judgment should be entered in the Derivative Action pursuant to the Stipulation; (iii) hear and

address any objections to the Settlement; and (iv) rule on such other matters as the Court may

deem appropriate.

The Court has reserved the right to adjourn the Settlement Hearing or any adjournment

thereof, without further notice of any kind to BAC Stockholders.  The Court has also reserved

the right to approve the Settlement at or after the Settlement Hearing with such modification(s)

as may be consented to by the parties to the Stipulation and without further notice to BAC

Stockholders.

## VII.   RIGHT TO APPEAR AND OBJECT

Any BAC Stockholder who objects to any aspect of the Settlement and/or the Order and

Final Judgment to be entered in the Derivative Action, or who otherwise wishes to be heard, may

appear in person or by his or her attorney at the Settlement Hearing and present evidence or

argument that may be proper and relevant.  If you want to do so, however, you must no later than

twenty-eight (28) calendar days prior to the Settlement Hearing, file with the Court, at the Daniel

Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, the

following:  (i) proof of ownership of BAC common stock; (ii) a statement of the objections by

the BAC Stockholder; and (iii) the grounds for the objections, as well as all documents or

writings such person desires the Court to consider.  Also, on or before the date you file such

papers, you must serve them by hand or mail on the following counsel of record:

Lead Counsel for Plaintiffs:

Lewis S. Kahn, Esq.
Michael A. Swick, Esq.
Albert M. Myers, Esq.
Kahn Swick & Foti, LLC
206 Covington Street
Madisonville, Louisiana 70447

Maya Saxena, Esq.
Joseph E. White, III, Esq.
Christopher S. Jones, Esq.
Saxena White P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, Florida 33431

Counsel for Defendants:

Lawrence Portnoy, Esq.
Charles S. Duggan, Esq.
Brian M. Burnovski, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017

12

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, to any Order and Final Judgment entered thereon or to otherwise to be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. ***Any BAC Stockholder who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding unless the Court orders otherwise.***

## VIII.   ORDER AND FINAL JUDGMENT OF THE COURT

If the Court determines that the Settlement is fair, reasonable and adequate, the parties will ask the Court to enter an Order and Final Judgment, which will, among other things:

1.      approve the Settlement as fair, reasonable and adequate, pursuant to Federal Rule of Civil Procedure 23.1;

2.      authorize and direct the performance of the Settlement in accordance with its terms and conditions and reserve jurisdiction to supervise the consummation of the Settlement provided herein; and

3.      dismiss the Derivative Action with prejudice on the merits and release the Released Parties from the Released Claims.

## IX.   SCOPE OF THE NOTICE

This Notice contains only a summary of the Action and the terms of the proposed Settlement.  For more details about the matters involved in the Action and the terms and conditions of the Settlement, you or your attorney may inspect the case files in the Office of the Clerk of Court, United States District Court for the Southern District of New York, Daniel

13

Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007,

during regular business hours.

Please visit www._____.com or call (xxx) xxx-xxxx if you wish to

obtain a copy of the Stipulation.  Should you have any other questions regarding the proposed

Settlement or the Derivative Action, please contact Lead Counsel for Plaintiffs:

| | |
|---|---|
| Lewis S. Kahn, Esq. | Maya Saxena, Esq. |
| Michael A. Swick, Esq. | Joseph E. White, III, Esq. |
| Albert M. Myers, Esq. | Christopher S. Jones, Esq. |
| Kahn Swick & Foti, LLC | Saxena White P.A. |
| 206 Covington Street | 2424 N. Federal Highway, Suite 257 |
| Madisonville, Louisiana 70447 | Boca Raton, Florida 33431 |
| (504) 455-1400 | (561) 394-3399 |

**PLEASE DO NOT CALL OR WRITE THE COURT REGARDING THIS NOTICE.**

DATED: _____ __, 2012      BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                       FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
                                                    :
                                                    :
IN RE BANK OF AMERICA CORP.                         :
SECURITIES, DERIVATIVE, AND                         :
EMPLOYEE RETIREMENT INCOME                          :
SECURITY ACT (ERISA) LITIGATION                     :         Master File
                                                    :    No. 09 MD 2058 (PKC)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              ECF CASE
THIS DOCUMENT RELATES TO                            :
                                                    :
Consolidated Derivative Action                      :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>**NOTICE OF SETTLEMENT OF STOCKHOLDER DERIVATIVE LITIGATION**</u>

**TO:  ALL RECORD AND BENEFICIAL OWNERS OF BANK OF AMERICA CORP. COMMON STOCK AS OF JUNE 19, 2012, WHO CONTINUE TO OWN SUCH SHARES ("BAC STOCKHOLDERS"):**

THIS NOTICE IS GIVEN pursuant to an Order of the United States District Court for the Southern District of New York (the "Court"), to inform you of a proposed stipulated settlement (the "Settlement") in the above-captioned derivative action (the "Action").  The Action involves claims, brought derivatively on behalf of Bank of America Corporation ("BAC"), against certain of its current and former directors alleging violations of Section 14(a) of the Securities Exchange Act of 1934 and certain breaches of fiduciary duty in connection with BAC's acquisition of Merrill Lynch & Co., Inc., which closed on January 1, 2009.

YOU ARE HEREBY NOTIFIED THAT, a hearing will be held on _____ __, 2012, at __ _.m., before the Honorable P. Kevin Castel, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007, for the purpose of determining whether the Settlement should be approved as fair, reasonable and adequate.  If the Settlement is approved, the Court will hold a separate hearing at a later date to consider an application by Lead Counsel for plaintiffs in the Action for an award of attorneys' fees and for the reimbursement of expenses incurred in the prosecution of the Action.  ***Because this is a stockholder derivative action brought for the benefit of BAC, no individual BAC Stockholder has the right to receive any individual compensation as a result of the settlement of this action.***  In accordance with the terms of the Settlement, and in consideration for certain broad releases, the insurance carriers who provide coverage applicable to the claims asserted in the Derivative Action have agreed to pay, on behalf of Defendants, the sum of $20 million to BAC, and BAC has agreed to implement certain corporate-governance reforms, including the creation of a new board-level committee to

oversee major acquisitions by BAC; modifications to the charter of BAC's disclosure committee to ensure more systematic oversight of the Bank's acquisition-related disclosures; changes to BAC's corporate governance guidelines related to director education requirements for BAC directors; and amendments to the charter of the Enterprise Risk Committee (ERC) of the BAC board of directors relating to the attendance of certain corporate officers at ERC meetings.

**IF YOU ARE AN OWNER OF BAC COMMON STOCK, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT.**  This notice contains only a summary of the Action and the terms of the Settlement.  If you are a current BAC Stockholder, you may obtain a copy of a detailed Notice of Settlement of Stockholder Derivative Litigation describing the Action, the proposed Settlement, and the rights of BAC Stockholders with regard to the Settlement, as well as a copy of the Stipulation of Settlement, by visiting the website www._____.com, or by calling (xxx) xxx-xxxx.  Should you have any other questions regarding the proposed Settlement or the Action, please contact Lead Counsel for Plaintiffs:

| | |
|---|---|
| Lewis S. Kahn, Esq. | Maya Saxena, Esq. |
| Michael A. Swick, Esq. | Joseph E. White, III, Esq. |
| Albert M. Myers, Esq. | Christopher S. Jones, Esq. |
| Kahn Swick & Foti, LLC | Saxena White P.A. |
| 206 Covington Street | 2424 N. Federal Highway, Suite 257 |
| Madisonville, Louisiana 70447 | Boca Raton, Florida 33431 |
| (504) 455-1400 | (561) 394-3399 |

Any objection to the Settlement must be filed with the Clerk of the Court (Honorable P. Kevin Castel, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007) in this case numbered 09 MD 2058 (PKC), no later than _____, 2012 and served by hand or first class mail (postage prepaid) for delivery by the same date on Plaintiffs' Counsel (at the address listed above) and on counsel for Defendants (at the address listed below):

Lawrence Portnoy, Esq.
Charles S. Duggan, Esq.
Brian M. Burnovski, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017

**PLEASE DO NOT CALL OR WRITE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2012   BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :
                                                                      :
                                                                      :
IN RE BANK OF AMERICA CORP.                                           :
SECURITIES, DERIVATIVE, AND                                           :
EMPLOYEE RETIREMENT INCOME                                            :
SECURITY ACT (ERISA) LITIGATION                                       :        Master File
                                                                      :        No. 09 MD 2058 (PKC)
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x        ECF CASE
                                                                      :
THIS DOCUMENT RELATES TO                                              :
                                                                      :
Consolidated Derivative Action                                        :
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>**ORDER AND FINAL JUDGMENT**</u>

A hearing having been held before this Court (the "Court") on _____ __, 2012,

pursuant to the Court's Order of _____ __, 2012 (the "Scheduling and Preliminary Approval

Order"), upon a Stipulation and Agreement of Compromise, Settlement and Release, executed on

June 19, 2012 (the "Stipulation"), in the consolidated stockholder derivative action captioned *In

re Bank of America Securities, Derivative, and Employee Retirement Income Security Act

(ERISA) Litigation*, Master File No. 09 MD 2058 (the "Derivative Action"), which was joined

and consented to by all of the parties to the Derivative Action; the Scheduling and Preliminary

Approval Order and the Stipulation being incorporated herein by reference; it appearing that due

notice of said hearing was given in accordance with the aforementioned Scheduling and

Preliminary Approval Order and that said notice was adequate and sufficient; the parties having

appeared by their attorneys of record; the attorneys for the respective parties having been heard

in support of the proposed settlement (the "Settlement") of the Derivative Action; and an

opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this ___ day of _____, 2012, as follows:

18.     Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

19.     The Notice of Settlement of Stockholder Derivative Litigation has been given to stockholders of Bank of America Corporation ("BAC" or the "Company") pursuant to and in the manner directed by the Preliminary Approval Order; proof of publication of the required notice was filed with the Court; and full opportunity to be heard has been offered to all parties, BAC stockholders and persons in interest.  The form and manner of the notice provided is hereby confirmed to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1, due process and applicable law, and it is further determined that all BAC stockholders are bound by the Order and Final Judgment herein.

20.     The Court reconfirms that, for settlement purposes only, the Derivative Action is properly maintained as a shareholder derivative action on behalf of BAC, and that Plaintiffs fairly and adequately represented the interests of stockholders similarly situated in enforcing the rights of BAC stockholders.  Lead Counsel is authorized to act on behalf of BAC stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

21.     The Settlement is found to be fair, reasonable and adequate, and is hereby approved pursuant to Federal Rule of Civil Procedure 23.1.  The parties to the Stipulation are

hereby authorized and directed to comply with and to consummate the Settlement in accordance

with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final

Judgment in the Action.

22.     This Court has jurisdiction over the subject matter of the Derivative Action,

including all matters necessary to effectuate the Settlement and this Final Judgment and over all

parties to the Action.

23.     The Action and the Released Claims are hereby dismissed on the merits with

prejudice as to all Defendants in the Derivative Action and against all Released Parties on the

merits and, except as may be awarded by the Court as contemplated below in Paragraph 14,

without fees or costs.

24.     "Released Claims" means any and all manner of claims, demands, rights,

liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties,

sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements,

judgments, decrees, matters, issues and controversies of any kind, nature or description

whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued,

apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or

unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims

(defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or

other law or rule, brought or that could be brought derivatively or otherwise by or on behalf of

BAC against any of the Released Parties (defined below), which now or hereafter are based

upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions,

transactions, occurrences, statements, representations, misrepresentations, omissions, allegations,

facts, practices, events, claims or any other matters, things or causes whatsoever, or any series

thereof, that are, were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved or referred to in the Derivative Action and relate to, directly or indirectly, the subject matter of the Derivative Action in any court, tribunal, forum or proceeding, including, without limitation, any and all claims by or on behalf of BAC which are based upon, arise out of, relate in any way to, or involve, directly or indirectly:  (i) the Merger; (ii) the Proxy Statement, including all supplements thereto, or any other disclosures or purported omissions relating, directly or indirectly, to the Merger, the performance or financial condition of Merrill prior to the closing of the Merger or any governmental assistance contemplated or provided, in whole or in part, in connection with the Merger; or (iii) any of the allegations in any complaint or amendment(s) thereto filed in the Derivative Action, the action captioned, *In re Bank of America Corp. Stockholder Derivative Litigation*, C.A. No. 4307-CS, pending in the Court of Chancery for the State of Delaware (the "Delaware Action"), the action captioned, *Cunniff v. Lewis*, No. 09 CVS 3978, pending in the Superior Court for the State of North Carolina (the "North Carolina Action"), or any action consolidated into any such actions; *provided, however*, that the Released Claims shall not include (a) claims to enforce this Settlement or (b) any claims (other than claims for relief predicated on an alleged misrepresentation or omission after September 14, 2008 or claims released pursuant to the Order and Final Judgment in the action captioned, *County of York Employees Retirement Plan v. Merrill Lynch & Co., Inc. et al.*, C.A. No. 4066-VCN (Del. Ch. Aug. 31, 2009)) against any current or former director, officer or employee of Merrill based on any alleged breach prior to January 2, 2009 of any alleged duty to Merrill or its stockholders that have been asserted in (i) the Verified Third Amended Shareholder Derivative and Class Action Complaint filed on July 27, 2009 in the action captioned, *In re Merrill Lynch & Co., Inc. Securities, Derivative and*

4

*ERISA Litigation*, No. 07 Civ. 9696 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Sollins v. O'Neal et al.*, No. 11-1589, or (ii) the Amended Complaint filed on September 14, 2009 in the action captioned, *Lambrecht v. O'Neal et al.*, No. 09 Civ. 8259 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Lambrecht v. O'Neal et al.*, No. 11-1285.  For the avoidance of doubt, the Released Claims do not include (1) any direct claims on behalf of present or former BAC stockholders that are being prosecuted in the individual and class actions that have been coordinated for pretrial purposes with the derivative action under the caption, *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (PKC) (the "Securities Actions"); (2) in the event of an adverse judgment in the Securities Actions, claims, if any, by BAC to recover fees and expenses advanced by BAC in the Securities Actions against any person for whom BAC has advanced fees and expenses in such actions; (3) in the event of a payment of money damages by BAC in satisfaction of a judgment against BAC in the Securities Actions, claims, if any, by BAC for contribution; or (4) any derivative claims related to Bank of America's residential loan activities that have been or might be asserted in the action captioned, *American European Insurance Company, et al. v. Moynihan, et al.*, C.A. No. 7436, which is currently pending in the Court of Chancery of the State of Delaware.

25.    "Released Parties" means (i) Kenneth D. Lewis, Charles K. Gifford, William Barnet, III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward; (ii) any other individual or entity that was originally named as a defendant in the Derivative Action or any of

the constituent actions underlying the Derivative Action, the Delaware Action, the North

Carolina Action or any action consolidated into any such actions; (iii) all other current and

former employees, officers, directors and advisers of BAC and Merrill, to the extent of any

claimed liability relating, directly or indirectly, to any decisions to proceed with the Merger or

any disclosures or purported nondisclosures relating to the Merger or the performance or

financial condition of Merrill prior to the closing of the Merger or any governmental assistance

contemplated or provided, in whole or in part, in connection with the Merger; and (iv) for each

and all of the foregoing persons or entities (but only to the extent such persons or entities are

released as provided above), any and all of their respective past or present family members,

spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees,

foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or

partnerships, joint ventures, member firms, limited-liability companies, corporations, parents,

subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers,

directors, managing directors, members, managing members, managing agents, predecessors,

predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment

advisors, advisors, consultants, investment bankers, entities providing any fairness opinion,

underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal

representatives, accountants and associates.

26.     Plaintiffs, BAC and by operation of law all BAC stockholders, shall and hereby

do completely, fully, finally and forever release, relinquish, settle and discharge each and all of

the Released Parties from and with respect to any and all of the Released Claims, and will be

forever barred and enjoined from commencing, instituting or prosecuting any action or

proceeding, in any forum, asserting any of the Released Claims against any of the Released Parties.

27.     Defendants, individually and collectively, shall and hereby do completely, fully, finally and forever release, relinquish, settle and discharge each and all of the Plaintiffs, Lead Counsel and all other plaintiffs' counsel from and with respect to any and all claims arising out of or relating to the initiation, prosecution and resolution of the Derivative Action, excepting any claim to enforce the Stipulation or Settlement.

28.     The Releases include any claims of Plaintiffs or BAC or any BAC stockholder that he, she or it does not know or suspect exist in his, her or its favor at the time of the releases of the Released Claims against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into or to object to the Settlement ("Unknown Claims").  Plaintiffs and BAC shall have, and all BAC stockholders shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under California Civil Code § 1542 or any law or principle of common law of the United States or any state or territory of the United States which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs and BAC acknowledge, and all BAC stockholders by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of

Plaintiffs, BAC and all BAC stockholders by operation of law, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, heretofore existed or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Plaintiffs and BAC acknowledge, and all BAC stockholders by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Stipulation and agreeing to the Settlement.

29.     Plaintiffs, BAC and each and every BAC stockholder are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively or in any other capacity, asserting any of the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

30.     Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any act performed, statement made or document executed pursuant to or in furtherance of the Settlement is or may be construed or deemed to be a presumption, concession or admission (i) by any of the Released Parties or any other person of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Derivative Action or otherwise or that BAC, Plaintiffs or Lead Counsel, any present or former stockholders of BAC or any other person, have suffered any damage attributable in any manner to any of the Released Parties; or (ii) by Plaintiffs or Lead Counsel of any lack of merit of the Released Claims, or that BAC has not suffered cognizable damages caused by Defendants.  The existence of the Stipulation and its contents, the Settlement, this Order and Final Judgment or any negotiations, statements or proceedings in connection

8

therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any person for any purpose in the Derivative Action or otherwise, except as may be necessary to effectuate the Settlement.  Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

31.     Lead Counsel shall file an application for an award of attorneys' fees in an amount not to exceed $13 million, and for reimbursement of their expenses incurred in prosecuting the case in an amount not to exceed $600,000 (the "Fee Application").  Following the filing of the Fee Application, the Court will enter an order setting a date for a hearing to consider the Fee Application (the "Fee Hearing"), and providing instructions to file any objections to the Fee Application, which the Court will consider at the Fee Hearing.

32.     The effectiveness of the Order and Final Judgment and the obligations of Plaintiffs, Lead Counsel, BAC, BAC stockholders and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of attorneys' fees and expenses.

33.     The Court further orders, adjudges and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims and all the parties in the above-styled and numbered stockholder derivative action.

34.     Without affecting the finality of this Order and Final Judgment in any way, this Court retains jurisdiction over all matters relating to the administration and consummation of the

Settlement and all parties hereto for the purpose of construing, enforcing and administering the Settlement and for the purpose of considering the Fee Application and entering any separate judgment(s) for fees and expenses to Lead Counsel.

35.     In the event that the Settlement does not become effective or that Defendants exercise their right to terminate the Settlement in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided for and in accordance with the Stipulation.

Dated: _____

_____
THE HONORABLE P. KEVIN CASTEL
U.S. DISTRICT JUDGE