USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-20-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME         Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION

ORDER

-----------------------------------------------------------x

THIS DOCUMENT RELATES TO:

THE CONSOLIDATED DERIVATIVE
ACTIONS

-----------------------------------------------------------x

CASTEL, District Judge:

      Nancy Rothbaum is a shareholder of Bank of America Corporation ("BofA"). She is also the lead plaintiff in a derivative action pending in Delaware Chancery Court. In re Bank of America Corporation Stockholder Derivative Litigation, C.A. No. 4307-CS (Del. Ch. Ct.). This Court has granted preliminary approval of a settlement among the parties to a consolidated derivative action pending before this Court, and set January 11, 2013 at 11:30 a.m. for the final approval hearing. (Order of July 13, 2012, Docket # 690.)

      Ms. Rothbaum, who objects to the proposed settlement, seeks to conduct discovery in aid of her objections.[1] Ms. Rothbaum and her counsel, by reason of their familiarity with the parallel derivative action in Delaware, have important and useful information that bears upon the fairness, reasonableness and adequacy of the proposed settlement. For example, her

---

[1] In support of discovery, the objector relies upon Zapata v. Maldonado, 430 A.2d 779 (Del. 1981). Zapata established the requirement that a court considering approval of a dismissal (or settlement) of a derivative action proposed by a committee of a board must consider the good faith and independence of the members of the committee that purported to exercise a business judgment as to whether the litigation should proceed. Also, in that context, Zapata requires the Court to exercise its own business judgment. Thus far, no claim has been made that a committee acting in the place and stead of the full board seeks to supplant the role of a shareholder-plaintiff by making a business judgment on whether the litigation ought to proceed. Carlton Investments v. TLC Beatrice Int'l Holdings, Inc., 1997 WL 305829(Del. Ch. May 30, 1997) (Allen, V.C.), also relied upon by the objector, is a special committee case.

counsel aided by experts may have analyzed liability and damage issues that could shed light on the relative difficulty of proving liability and the maximum potential recovery in the event that liability is established, factors bearing on the settlement's reasonableness. Ms. Rothbaum and her counsel may be in the position to demonstrate why the proponents of the settlement are in error in certain of their assessments.

The discovery that she seeks is principally focused on other issues—how the settlement was negotiated, including the positions taken before the mediator, and how the corporation and the director-defendants valued the lawsuit and the settlement. Certainly, the manner in which the settlement was reached, i.e., whether it was the product of a hard-fought, arms-length negotiation, is relevant to consideration of its fairness. It is also relevant whether the defendants could withstand a greater recovery. But this is an area in which the proponents will bear the burden of proof and to which objectors may state their positions. The reaction to the settlement of shareholders, such as Ms. Rothbaum, is a relevant factor in assessing fairness. But the reactions of the nominal party and the director-defendants are of marginal importance.

Standing on a different footing is her requests for "expert reports prepared for the NY Plainiffs." The analysis of these materials by Ms. Rothbaum and her counsel could be useful to the consideration of fairness. The Court will not, however, require invasion of work product on this showing or at this juncture. Accordingly, within 21 days of this Order, plaintiffs in the derivative action shall provide to Ms. Rothbaums' counsel (1) any expert report served pursuant to Rule 26(a)(2), Fed. R. Civ. P., or (2) any expert report not served but actually shared with the mediator or with counsel for the defendants in the course of negotiations or mediation. Also within 21 days of this Order, each of the plaintiffs in the consolidated derivative action shall provide documents showing their holdings of BofA common stock and purchases or sales

of BofA common stock from September 1, 2008 to the date of the application to this Court for preliminary approval of the settlement.

All other requested relief is denied.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 19, 2012