USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-3-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME          Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION

ORDER
----------------------------------------------------------x

THIS DOCUMENT RELATES TO:

DINAPOLI, et al. v. BANK OF AMERICA, et al., 10 Civ. 5563 (PKC)
GRABER, et al. v. BANK OF AMERICA, et al., 11 Civ. 7070 (PKC)
SCHWAB S&P 500 INDEX FUND, et al. v. BANK OF AMERICA, 11 Civ. 7779 (PKC)
STICHTING PENSIOENFUNDS ABP, et al. v. BANK OF AMERICA, 10 Civ. 2284 (PKC)
----------------------------------------------------------x

CASTEL, District Judge:

I have the letter of defendant Bank of America ("BofA") and certain individual defendants dated June 29, 2012, the response of plaintiffs in the above matters dated July 18, 2012 and the reply of defendants dated July 25, 2012. The letters describe a discovery dispute among the parties, specifically related to the scope of permissible discovery of the plaintiffs in the individual actions. Familiarity with the content of those letters is assumed.

I will note at the outset that the sole issue is the scope of permissible discovery. That discovery is allowed on an issue does not foreclose the Court from having a different view of admissibility at the motion in limine stage. Set forth below are the Court's rulings.

1. The issues as to those plaintiffs in Stichting Pensioenfunds ABP, et el. v. Bank Of America, et al. (the "ABP Action"), who are represented by Susman Godfrey LLP, have been fully resolved. The remaining plaintiffs in the ABP Action, represented by Grant & Eisenhofer, P.A., object to Contested Requests 1 and 3, noting that the discovery is burdensome and irrelevant to their section 14(a) claims. The Court concludes that

Contested Requests 1 and 3(b) could have relevance on the materiality issue, even when materiality is judged from an objective viewpoint, and thus will be allowed. To reduce the burden on the producing party, plaintiffs need only produce documents reflecting communications falling within Contested Request 3(b) that were transmitted to personnel who had investment authority over any account or fund that held Bank of America securities, i.e the authority, individually or collectively, to buy, sell or hold securities. As to Contested Request 3(a) any potential relevance is outweighed by the burden in requiring production of this bonus-related material.

2. As to the plaintiffs in Schwab S&P 500 Index Fund, et al. v. Bank of America, et al.("Schwab"), and DiNapoli, et al. v. Bank of America, et al. ("DiNapoli"), the issue as to Contested Request 1 has been resolved. The ruling in paragraph 1 as to Contested Response 3(a) and 3(b) applies to these plaintiffs.

3. As to Contested Requests 4 and 5, the issue has been resolved as to the Schwab and DiNapoli plaintiffs and the plaintiffs in the ABP Action represented by Susman Godfrey LLP. Because the discovery could have relevance to the issue of materiality, even when materiality is judged from an objective viewpoint, I will allow discovery on Contested Requests 4 and 5 for the period September 1, 2008 to January 1, 2009. To reduce the burden on the producing party, plaintiffs need only produce documents reflecting communications falling within Contested Requests 4 and 5 that

were transmitted to personnel who had investment authority over any account or fund that held Bank of America securities, i.e the authority, individually or collectively, to buy, sell or hold securities.

4. The documents as to which production has been required in this Order shall be produced by September 14, 2012.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 3, 2012