```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-3-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME          Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION

                                     ORDER

-----------------------------------------------------------x

THIS DOCUMENT RELATES TO:

THE CONSOLIDATED DERIVATIVE
ACTIONS

-----------------------------------------------------------x

CASTEL, District Judge:

    Nancy Rothbaum, a shareholder of Bank of America Corporation ("BofA") has submitted what she has styled a "Motion" to reconsider this Court's Order granting preliminary approval of a proposed settlement of the Consolidated Derivative Actions. Ms. Rothbaum is not a party to any proceeding before the Court. The Order granting preliminary approval provides for a mechanism for shareholders, such as Ms. Rothbaum, to file an objection before final approval. A final approval hearing is set for January 11, 2013 at 11:30 a.m. (Order of July 13, 2012, Docket # 690.) There is no procedure under Rule 23.1, Fed. R. Civ. P., for individual shareholders to object to preliminary approval.

    That said, I have read and considered Ms. Rothbaum's July 17, 2012 memorandum in support of her objection, as well as her declaration and that of Michael Schwartz in support of the objection. Preliminary approval is not an empty act and this Court would not grant preliminary approval of a settlement which on its face was inadequate or collusive or as to which the proposed notice or method of notice was inadequate. However, on

the record at this stage, the Court has found no facially inadequacy in the proposed settlement and there are no apparent defects in the proposed notice.

The matter may look differently when the Court has had a full opportunity to consider which elements of damages are recoverable against the individual defendants in a derivative suit on behalf of the corporation, as distinguished from a suit by shareholders against the individual defendants. By the time of the settlement hearing, the Court will also have a better sense of the strength of the derivative claims through the trial of the securities claims in the class action. It will have the benefit of hearing from all shareholders in the final approval process.

If Nancy Rothbaum had standing to object to preliminary approval and/or move to reconsider the grant of preliminary approval, an issue I need not decide, I would nevertheless adhere to the order granting preliminary approval and setting a schedule for final approval. She is welcome to file an objection to the settlement in connection with the final approval process.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      August 2, 2012