# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC) ECF CASE |
| THIS DOCUMENT RELATES TO: Consolidated Securities Action | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.) (the "Action");

WHEREAS, by Memorandum and Order dated February 6, 2012, this Court certified the Action to proceed as a class action on behalf of a class of investors consisting of: (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill"), and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from

September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and were damaged thereby (the "Class");[1]

WHEREAS, pursuant to this Court's Order dated February 29, 2012, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against the Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Court-certified Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and 864 requests for exclusion were received pursuant to the Class Notice;

WHEREAS, Lead Plaintiffs, the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden, individually and on behalf of the Court-certified Class, and defendants BoA, Merrill, Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C.

---

[1] Excluded from the Class by definition are: Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions).  Also excluded from the Class are any Persons who previously submitted a request for exclusion as set forth on Appendix 1 to the Stipulation and Agreement of Settlement dated November 30, 2012 who do not opt-back into the Class in accordance with the terms set forth herein and in the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice").

Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward (collectively, the "Defendants" and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated November 30, 2012 (the "Stipulation"), which is approved by additional named plaintiff Grant Mitchell (together with Lead Plaintiffs, the "Class Representatives") and which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the appendix and exhibits thereto, sets forth the terms and conditions of the Parties' proposed settlement of the Action (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and approving notice of the Settlement to the Class as more fully described herein;

WHEREAS, the Court having read and considered (i) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation, Appendix 1 to the Stipulation setting forth all Persons who previously submitted requests for exclusion in connection with the Class Notice, and the exhibits to the Stipulation, including the proposed (a) Settlement Notice; (b) Proof of Claim Form; (c) Summary Notice; and (d) Judgment, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.       **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the other Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.       **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2013 at __:__ _.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.       The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.       **Retention of Claims Administrator and Manner of Notice** – The law firms of Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer LLP and Kessler Topaz

Meltzer & Check, LLP ("Co-Lead Counsel") are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator" or "GCG"), which was previously approved by the Court to be the Notice Administrator, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)     not later than twenty-one (21) calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Proof of Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to those members of the Class at the address of each such Person who may be identified through reasonable effort;

(b)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Proof of Claim Form to be posted on the website designated for this Action, www.boasecuritieslitigation.com, from which Class Members may download copies of the Settlement Notice and Proof of Claim Form;

(c)     not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the national editions of *The Wall Street Journal* and *The New York Times* and once in the *Financial Times*, and to be transmitted once over the *PR Newswire*; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the  Settlement Notice, the Proof of Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to object to any aspect of the proposed Settlement, opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Notice before they are mailed and published, respectively.

6.      **Nominee Procedures** – In the previously disseminated Class Notice, brokers and other nominees ("Nominees") were advised that, if, for the beneficial interest of any person or entity other than themselves, they (1) held BoA common stock as of October 10, 2008, for a person or entity that was entitled to vote on the merger between BoA and Merrill, (2) purchased or otherwise acquired the common stock of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the merger between the two

companies that was consummated on January 1, 2009; (3) purchased or otherwise acquired January 2011 call options on BoA common stock from September 18, 2008 through January 21, 2009, inclusive; or (4) purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, they must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from GCG sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the copies of the Class Notice forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice provide a list of the names and addresses of all such beneficial owners to *In re Bank of America Corp. Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9876, Dublin, Ohio 43017-5776.

(a)     For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), GCG shall forward the same number of Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Notice Packets,  mail the Notice Packets to their beneficial owners;

(b)     For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to GCG), GCG shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or acquired any of the relevant securities for beneficial owners whose names and addresses were not previously provided to GCG, such Nominees need not take any further action;

(c)     For Nominees that purchased or acquired any of the relevant securities for beneficial owners whose names and addresses were not previously provided to GCG, such

Nominees shall within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to GCG, or shall request from GCG sufficient copies of the Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Notice Packets from GCG, mail to the beneficial owners; and

(d)     Upon full compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.     **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8.     Each Proof of Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the

provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.      Any Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Lead Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice.  Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.     **Opting-Back into the Class –** Any Person that previously submitted a request for exclusion as set forth in Appendix 1 to the Stipulation, may elect to opt-back into the Class.  By

opting back into the Class, such Person, subject to the requirement applicable to all Persons that

he, she or it establish membership in the Class, shall be eligible to receive a payment from the

Net Settlement Fund.  Any Person set forth on Appendix 1 to the Stipulation who wishes to opt-

back into the Class must either, individually or through counsel, request to opt-back into the

Class in writing within the time and in the manner set forth in the Settlement Notice, which

provides that any such request to opt-back into the Class must be mailed or delivered such that it

is received no later than thirty-one (31) calendar days prior to the Settlement Hearing, to GCG at

the address set forth in the Settlement Notice.  Each request to opt-back into the Class must (a)

state the name, address and telephone number of the person or entity requesting to opt-back into

the Class; (b) state that such person or entity "requests to opt-back into the Class in the *In re*

*Bank of America Corp. Securities Litigation*, Master File No. 09 MDL 2058 (PKC)"; and (c) be

signed by the person or entity requesting to opt-back into the Class or an authorized

representative.  A Person may not opt-back into the Class for the purpose of objecting to any

aspect of the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees

and reimbursement of Litigation Expenses.

11.     Any Person that previously submitted a request for exclusion from the Class as set

forth on Appendix 1 to the Stipulation and that does not opt-back into the Class in accordance

with the requirements set forth in this Order and the Settlement Notice, shall remain excluded

from the Class; such Person shall not be a Class Member, shall not be bound by the terms of the

Settlement or the Stipulation, or of any other orders or judgments in the Action, and shall have

no right to receive any payment out of the Net Settlement Fund.

12.     **No Second Opportunity to Request Exclusion From the Class** – In light of the

extensive notice program undertaken in connection with class certification and the ample

opportunity provided to Class Members to request exclusion from the Class at that time, the

Court is exercising its discretion in accordance with Second Circuit precedent (*see, e.g.*, *Denney*

*v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) and *Wal-Mart Stores, Inc.* v. *Visa*

*U.S.A., Inc.*, 396 F.3d 96, 114-15 (2d Cir. 2005)) to preclude Class Members from having a

second opportunity to exclude themselves from the Class in connection with the Settlement

proceedings.

13.    **Appearance and Objections at Settlement Hearing** – Any Class Member who

did not previously submit a request for exclusion from the Class as set forth on Appendix 1 to the

Stipulation may enter an appearance in the Action, at his, her or its own expense, individually or

through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a

notice of appearance to Co-Lead Counsel and Representative Defendants' Counsel, at the

addresses set forth in paragraph 14 below, such that it is received no later than thirty-one (31)

calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class

Member who does not enter an appearance will be represented by Co-Lead Counsel.

14.    Any Class Member who did not previously submit a request for exclusion from

the Class as set forth on Appendix 1 to the Stipulation may file a written objection to any aspect

of the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion

for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show

cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of

Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation

Expenses should not be approved; *provided, however*, that no Class Member shall be heard or

entitled to contest the approval of the terms and conditions of any aspect of the proposed

Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and

reimbursement of Litigation Expenses unless that Person has filed a written objection with the

Court and served copies of such objection on Co-Lead Counsel and Representative Defendants'

Counsel at the addresses set forth below such that they are received no later than thirty-one (31)

calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel for the Class** | **Representative Defendants' Counsel** |
|---|---|
| **Bernstein Litowitz Berger & Grossmann LLP** | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Max W. Berger, Esq. | Brad Karp, Esq. |
| Steven B. Singer, Esq. | Daniel J. Kramer, Esq. |
| 1285 Avenue of the Americas | Audra J. Soloway, Esq. |
| New York, NY  10022 | 1285 Avenue of the Americas |
| | New York, NY 10019-6064 |
| **Kaplan Fox & Kilsheimer LLP** | |
| Robert N. Kaplan, Esq. | |
| Frederic S. Fox, Esq. | |
| 850 Third Avenue | |
| 14th Floor | |
| New York, NY 10022 | |
| | |
| **Kessler Topaz Meltzer & Check, LLP** | |
| David Kessler, Esq. | |
| Gregory M. Castaldo, Esq. | |
| 280 King of Prussia Road | |
| Radnor, PA 19087 | |

15.    Any objections, filings and other submissions by the objecting Class Member

(a) must state the name, address and telephone number of the person or entity objecting and must

be signed by the objector; (b) must contain a statement of the Class Member's objection or

objections, and the specific reasons for each objection, including any legal and evidentiary

support the Class Member wishes to bring to the Court's attention; and (c) must include

documents sufficient to prove the objector's membership in the Class such as the number of

shares of BoA common stock and the number of January 2011 call options on BoA common

stock that the objecting Class Member purchased, otherwise acquired, held and/or sold during the relevant periods as well as the dates and prices of each such purchase, acquisition and/or sale, or the objector's holdings in BoA common stock as of October 10, 2008.

16.     Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.     **Stay** – Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court enjoins Lead Plaintiffs and all other Class Members from commencing or prosecuting any and all of the Released Lead Plaintiffs' Claims against each and all of the Defendants' Releasees.

18.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying Class Members of the Settlement as well as administering the Settlement shall be paid as set forth in the Stipulation.

19.     **Settlement Fund** – The contents of the Settlement Fund held by one or more of the following institutions: The Huntington National Bank, Fifth Third Bank and KeyBank National Association (which the Court approves as the Escrow Agent) as determined by Lead

Plaintiffs, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.     **Termination** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the other Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to September 20, 2012, as provided in the Stipulation.  Within fourteen (14) business days after joint written notification of termination is sent by counsel for BoA and Co-Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to BoA.  In the event that the funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation have not been refunded to the Settlement Fund within the fourteen (14) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to BoA immediately upon their deposit into the Escrow Account consistent with ¶ 19 of the Stipulation.

22. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), nor its negotiation, nor any proceedings taken pursuant to it (i) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; (ii) shall be offered against any of the Lead Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (iii) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (iv) shall be construed against Lead Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

23. **Supporting Papers** – Co-Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


SO ORDERED this _____ day of _____, 2012.


_____
The Honorable P. Kevin Castel
United States District Judge

# 686666

# Exhibit 1

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC) ECF CASE |
| THIS DOCUMENT RELATES TO: Consolidated Securities Action | |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  ALL PERSONS AND ENTITIES WHO ARE MEMBERS OF THE CERTIFIED CLASS IN THIS**
**ACTION.  (See definition of the Class set forth in paragraph 1 below).**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  Please be advised that the Court-appointed Lead Plaintiffs, the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class (as defined below), have reached a proposed settlement of the above-captioned securities class action lawsuit ("Action") for a total of $2,425,000,000.00 in cash and certain corporate governance enhancements to be implemented or continued by Bank of America Corporation ("BoA") that, if approved, will resolve all claims in the Action.[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Bank of America Corporation.  All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶124 below).**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated November 30, 2012 (the "Stipulation"), which is available on the website for the Action at www.boasecuritieslitigation.com.

1.     **Description of the Action and Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants[2] violated the federal securities laws by failing to disclose or update prior to the December 5, 2008 shareholder vote approving the issuance of additional shares of BoA stock  in connection with BoA's acquisition of Merrill (the "Merger"), facts about (i) Merrill's  billions of dollars of losses during the fourth quarter of 2008 (including, but not limited to Merrill's goodwill impairment); (ii) BoA's agreement to allow Merrill to pay up to $5.8 billion in bonuses to its employees before the Merger closed, notwithstanding those substantial losses; (iii) the circumstances surrounding the negotiation of the Merger (including the inadequacy of due diligence and pressure from federal regulators); (iv) the purported benefits of the Merger; and (v) BoA's own deteriorating financial condition.   The claims being settled here also alleged that Defendants made materially false and misleading statements about these topics.   The proposed Settlement, if approved by the United States District Court for the Southern District of New York (the "Court"), will settle claims of the Class of persons and entities that was certified by the Court pursuant to a Memorandum and Order issued on February 6, 2012:

> **(i) As to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held BoA common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill, and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive (the "Class Period"), excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and were damaged thereby (the "Class").**

Excluded from the Class by definition are: Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions, *i.e.*, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law).   Also excluded from the Class are any Persons who submitted a request for exclusion in connection with the previously mailed Notice of Pendency of Class Action (the "Class Notice") as set forth on Appendix 1 to the Stipulation who do not opt-back into the Class (*see* ¶109 below).

2.     **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully below, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle all claims based on the purchase or

---

[2]  Defendants are BoA; Merrill Lynch & Co., Inc. ("Merrill"), Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated and the individual defendants Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward (collectively, the "Individual Defendants").

other acquisition of BoA common stock[3] or BoA January 2011 call options[4] during the Class Period that were or could have been asserted against Defendants in the Action or any Section 14(a) or 20(a) claims arising out of the vote by record holders of BoA common stock as of October 10, 2008, in connection with the Merger, in exchange for a settlement payment of $2,425,000,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account.  Also, as part of the Settlement, BoA has agreed to implement or continue corporate governance changes that Lead Plaintiffs believe are significant, including amendments to its Corporate Governance Guidelines with respect to majority voting for directors and minimum stock ownership by executive officers and directors, and amendments to its charter for the Corporate Development Committee in order to provide for additional oversight of senior management (the "Corporate Governance Enhancements") (*see* ¶¶97-98 below).  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __ - __ below.

3.    **Estimate of Average Amount of Recovery Per Share:**  Lead Plaintiffs' damages expert estimates that approximately 2.076 billion shares of BoA common stock were purchased during the Class Period and held through a corrective disclosure and therefore were damaged pursuant to Section 10(b) of the Exchange Act.  In addition, Lead Plaintiffs' damages expert estimates that approximately 3.795 billion shares of BoA common stock were held by shareholders of record as of October 10, 2008 (making them eligible to vote on the Merger) and were held until at least January 12, 2009 (the date of the first alleged corrective disclosure) and therefore were damaged pursuant to Section 14(a) of the Exchange Act.  Under the federal securities laws, however, an investor is not entitled to multiple recoveries and thus, because there is overlap between the shares that were damaged pursuant to Sections 10(b) and 14(a), Lead Plaintiffs' damages expert has eliminated the overlap in his calculations of the estimated recovery per share.[5]  Lead Plaintiffs' damages expert estimates that, if valid claims for all damaged shares are submitted, the average recovery per damaged share of BoA common stock will be approximately $0.43 per share before deduction of attorneys' fees, costs and expenses awarded by the Court and the costs of providing notice and administering the Settlement.  **Class Members should note, however, that the foregoing average recovery per damaged share of BoA common stock is only an estimate**.  A Class Member's actual recovery will depend on several things, including: (1) the number of claims filed; (2) when Class Members purchased, acquired and/or held their BoA common stock during the Class Period; and (3) whether Class Members sold their shares of BoA common stock and, if so, when.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.    **Statement of Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.

---

[3]  At all relevant times, shares of BoA common stock were actively traded on the New York Stock Exchange under the symbol "BAC."

[4]  "BoA January 2011 Call Options" means January 22, 2011 call options referencing BoA common stock with the following strike prices:  $2.50, $5.00, $7.50, $10.00, $12.50, $15.00, $17.50, $20.00, $22.50, $25.00, $30.00, $35.00, $40.00, $45.00, $50.00, $55.00 and $60.00.

[5]  The overlap applies only to those shares of BoA common stock that were purchased during the Class Period, held as of October 10, 2008, and were still held as of the close of trading on January 21, 2009.

Among other things, Defendants deny that any proxy solicitations contained materially false or misleading statements or omitted material information or that they had any duty to update these solicitation materials during the pendency of the 2008 fourth quarter.  Defendants also assert that they were prepared to establish that the price of BoA common stock declined in value for reasons not related to the disclosure of any allegedly false or misleading statements.  The Parties also disagree on the appropriate methodology for determining damages, if liability were established, particularly under Section 14(a), as Defendants have argued that Class Members seeking recovery under Section 14(a), who did not purchase or otherwise exchange any shares of their BoA common stock in connection with the Merger, failed to adduce evidence of a direct, compensable injury under Section 14(a).  In sum, Defendants do not agree with the assertion that they engaged in any actionable misconduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.      **Statement of Attorneys' Fees and Expenses Sought**:  Court-appointed Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer LLP and Kessler Topaz Meltzer & Check, LLP, which have been prosecuting the Action on a wholly contingent basis since its inception in 2009, have not received any payment of attorneys' fees for their representation of the Class and have advanced millions of dollars in expenses necessarily incurred in order to prosecute the Action.  As set forth in greater detail below (*see* ¶¶14-47 below), Co-Lead Counsel have taken this case from inception to a trial that was scheduled to begin only a few weeks after the Settlement was reached.  Among other things, Co-Lead Counsel were responsible for: (i) conducting an extensive investigation into the Class's claims; (ii) drafting two detailed amended complaints; (iii) successfully moving for a partial modification of the PSLRA discovery stay in order to obtain documents from Defendants; (iv) successfully opposing two rounds of multiple dismissal motions; (v) successfully opposing Defendants' motions seeking interlocutory appeal of multiple issues decided by the Court in connection with Defendants' first round of motions to dismiss; (vi) successfully briefing Lead Plaintiffs' motion for class certification and opposing Defendants' petition for leave to appeal the Court's order granting class certification; (vii) engaging in an extensive discovery program, including participating in approximately 60 depositions and reviewing more than 4 million pages of documents; (viii) briefing multiple motions for summary judgment, including Lead Plaintiffs' own motion for partial summary judgment; (ix) preparing for trial, including exchanging with Defendants *Daubert* motions, motions in *limine*, jury verdict forms, jury instructions, voir dire and pre-trial order preparation;[6] and (x) engaging in multiple in-person and telephonic meetings regarding a possible settlement of the Action before reaching an agreement in principle to settle just weeks before the trial of this Action was scheduled to begin on October 22, 2012.

At the outset of the Action, Co-Lead Counsel and Lead Plaintiffs entered into retainer agreements providing for attorneys' fees to be set by the Court and based upon the amount recovered and stage of the proceedings.  Pursuant to those agreements, Co-Lead Counsel will ask the Court to award attorneys' fees in the amount of 6.56% of the Settlement Fund.  Co-Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $17.5 million, which may include the reasonable costs and expenses of Class Representatives (as defined in ¶9 below) directly related to their representation of the Class.  If the Court approves Co-Lead Counsel's fee and expense application, the average cost per affected share of BoA common stock will be approximately $0.03 per share.

---

[6]  A motion in *limine* is a motion made prior to the commencement of a trial requesting an order or ruling from the Court limiting or preventing certain evidence or information from being presented at trial.  A *Daubert* motion is a specific type of motion in *limine* used to preclude or exclude the testimony of an expert witness.

6.      **Identification of Attorneys' Representatives:**   Lead Plaintiffs and the Class are being represented by: Steven B. Singer, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, (800) 380-8496, blbg@blbglaw.com; Robert N. Kaplan, Esq. and Frederic S. Fox, Esq., Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022, (800) 290-1952, mail@kaplanfox.com; and David Kessler, Esq., Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, info@ktmc.com.

7.      **Reasons for the Settlement:**   Lead Plaintiffs' principal reason for entering into the Settlement is the substantial cash benefit for the Class combined with the significant Corporate Governance Enhancements to be implemented or continued by BoA as a condition of the Settlement, without the risk or the delays inherent in further litigation.   Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after a trial of the Action and the likely appeals that would follow a trial, a process that could last many months, or even years, into the future.   Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2013** | This is the only way to be eligible to receive a payment from the Settlement.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Lead Plaintiffs' Claims (as defined in ¶100 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶101 below), so it is in your interest to submit a Claim Form. |
| **OPT-BACK INTO THE CLASS BY SUBMITTING A WRITTEN REQUEST TO WITHDRAW YOUR PREVIOUSLY SUBMITTED REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you previously submitted a request for exclusion from the Class in connection with the Class Notice and now want to be part of the Class which would make you eligible to receive a payment from the Settlement Fund if you submit a valid Claim Form by the claim filing deadline, you must follow the steps for "Opting-Back Into the Class" as set forth in ¶109 below.  If you previously submitted a request for exclusion from the Class in connection with the Class Notice and wish to remain excluded from the Class, no further action is necessary. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and you did not previously submit a request for exclusion in connection with the Class Notice. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **GO TO THE HEARING ON _____, 2013 AT \_:\_\_ \_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | Filing a written objection and notice of intention to appear by _____, 2013 allows you to speak in Court at the discretion of the Court about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by _____, 2013, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ............................................................................. Page \_\_

What Is This Case About? ................................................................................. Page \_\_

How Do I Know If I Am Affected By The Settlement? ................................... Page \_\_

What Are Lead Plaintiffs' Reasons For The Settlement? ............................... Page \_\_

What Might Happen If There Were No Settlement? ....................................... Page \_\_

How Much Will My Payment Be? .................................................................... Page \_\_

What Corporate Governance Enhancement Measures Will BoA Implement or Continue As A Result Of The Settlement? ......................................................... Page \_\_

How Are Class Members Affected By The Action And The Settlement? ....... Page \_\_

What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? ... Page \_\_

How Do I Participate In The Settlement?  What Do I Need To Do? ................. Page \_\_

Opting-Back Into The Class - What If I Previously Requested Exclusion from the Class And Now Want To Be Eligible To Receive A Payment From The Settlement Fund?  How Do I Opt-Back Into The Class? ........................................................................................ Page \_

When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? ................................................................................. Page \_\_

What If I Bought Shares On Someone Else's Behalf? .................................... Page \_\_

Can I See The Court File?  Whom Should I Contact If I Have Questions? ..... Page \_\_

| WHY DID I GET THIS NOTICE? |
| --- |

8.     This Notice is being sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired BoA common stock or BoA January 2011 call options during the Class Period (*i.e.*, September 18, 2008 through January 21, 2009, inclusive) or held BoA common stock as of October 10, 2008 and were therefore eligible to vote on the Merger.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, The Garden City Group, Inc. ("GCG"), the claims administrator selected by Lead Plaintiffs and approved by the Court, will distribute payments pursuant to the Settlement after any objections and appeals are resolved.

9.     In a class action lawsuit, under a federal law governing lawsuits such as this one, the Court appoints one or more investors, known as class representatives, to oversee litigation brought on behalf of all investors with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed the State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teacher Retirement System of Texas, Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V., and Fjärde AP-Fonden to serve as "Lead Plaintiffs" and has appointed the law firms of Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer LLP, and Kessler Topaz Meltzer & Check, LLP as Co-Lead Counsel for Lead Plaintiffs and the Class in the Action.  Pursuant to the Court's Memorandum and Order issued on February 6, 2012, Lead Plaintiffs, together with additional named plaintiff Grant Mitchell (who represents Persons who purchased or otherwise acquired during the Class Period January 2011 call options on BoA common stock), were certified as "Class Representatives" and Co-Lead Counsel were certified as "Class Counsel."  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Here, the Court has already certified the Class.  Accordingly, the Settlement, if approved by the Court, will resolve all issues on behalf of the Class Members, except for any Persons who previously submitted a request for exclusion in connection with the Class Notice who do not opt-back into the Class.

10.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.).  The Judge presiding over this case is the Honorable P. Kevin Castel, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, several of the named plaintiffs are referred to as the Lead Plaintiffs and they are suing on behalf of themselves and the Class, and the Defendants are BoA, Merrill, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, and the Individual Defendants (*see* fn. 2 above).  If the Settlement is approved, it will resolve all claims in the Action by Class Members against Defendants and will bring the Action to an end.

11.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you that a settlement has been reached in this Action and how you might be affected.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Fairness Hearing").

12.     The Settlement Fairness Hearing will be held on _____, 2013 at _:__ _.m., before the Honorable P. Kevin Castel, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine:

(a)     whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)     whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation;

(c)     whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

(d)     whether Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and

(e)     any other relief the Court deems necessary to effectuate the terms of the Settlement.

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  As referenced above, there are several billion shares of BoA common stock as to which claims may be submitted and, thus, the claims process could take substantial time to complete fully and fairly.  Please be patient.

| WHAT IS THIS CASE ABOUT? |
|---|

**A.     Summary of Procedural History and Background on Lead Plaintiffs' Claims**

14.     On September 15, 2008, BoA agreed to acquire Merrill in a stock-for-stock transaction in which a share of Merrill common stock would be exchanged for 0.8595 shares of BoA common stock.  BoA and Merrill issued a Definitive Joint Proxy Statement to shareholders on or about November 3, 2008 (the "November 3 Proxy"), and on December 5, 2008, BoA shareholders voted in favor of the issuance of additional shares of BoA stock in connection with the Merger and Merrill shareholders voted to approve the Merger.  The Merger was consummated on January 1, 2009.

15.     On October 7, 2008, BoA sold 455,000,000 shares of BoA common stock at $22 per share for net proceeds of $9.9 billion (the "Secondary Offering") pursuant to the Registration Statement and Prospectus (the "Registration Statement").

16.     Beginning in January 2009, numerous putative securities fraud class actions were filed against BoA, Merrill, and certain officers and directors of both companies related to the Merger.

17.     By Memorandum Opinion and Order dated June 30, 2009, the Court consolidated the federal securities actions and appointed the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  In the same Order, the Court also approved Lead

Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer LLP, and Kessler Topaz Meltzer & Check, LLP (f/k/a Barroway Topaz Kessler Meltzer & Check, LLP) as lead counsel for the Class.

18.     On September 25, 2009, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("First Amended Complaint"), which asserted that Defendants had violated federal securities laws and alleged claims on behalf of all persons who: (i) purchased or acquired BoA shares between September 15, 2008 and January 21, 2009, inclusive; (ii) held BoA stock as of October 10, 2008 and were entitled to vote on the Merger; or (iii) purchased BoA common stock in the Secondary Offering, and were damaged thereby.

19.     The First Amended Complaint alleged that Defendants violated the federal securities laws by failing to disclose or update prior to the December 5, 2008 shareholder vote approving the issuance of additional shares in connection with the Merger, facts about (i) Merrill's billions of dollars of losses during the fourth quarter of 2008 (including, but not limited to, Merrill's goodwill impairment); (ii) BoA's agreement to allow Merrill to pay up to $5.8 billion in bonuses to its employees before the Merger closed, notwithstanding those substantial losses; (iii) the circumstances surrounding the negotiation of the Merger (including the inadequacy of due diligence and pressure from federal regulators); (iv) the purported benefits of the Merger; and (v) BoA's own deteriorating financial condition.   The First Amended Complaint also alleged that Defendants made materially false and misleading statements about these topics.   The First Amended Complaint alleged that these actions deceived the investing public in violation of the federal securities laws, artificially inflated the price of BoA stock, and caused putative Class Members to purchase BoA stock at artificially inflated prices.

20.     The First Amended Complaint alleged that BoA shareholders voted to issue additional shares while unaware of these material facts.   The First Amended Complaint further alleged that BoA continued to make some of these misstatements and omissions, or failed to update them, following the shareholder vote.

21.     The First Amended Complaint further alleged that the Registration Statement contained untrue statements of material facts and omitted material facts required to be stated in order to make the statements contained therein not misleading.   The First Amended Complaint further alleged that putative Class Members who purchased BoA common stock pursuant to the Secondary Offering suffered substantial damages as a result of the untrue statements and omissions of material facts in the Registration Statement, as they either sold these shares at prices below the Secondary Offering price or still held shares as of the date of the initial complaint containing claims under the Securities Act when the price of BoA common stock was below the Secondary Offering price.

22.     The First Amended Complaint alleged that, following the shareholder vote on December 5, 2008, but before the Merger closed on January 1, 2009, (i) BoA decided that it had grounds to terminate the Merger because of the magnitude of Merrill's losses and BoA's own deteriorating financial condition, and (ii) in order to consummate the Merger and absorb Merrill's fourth quarter losses, BoA obtained a $138 billion bailout from the Federal Government to prevent BoA's own collapse.   The First Amended Complaint alleged that facts related to these events were not disclosed to investors before the Merger closed.

23.     The First Amended Complaint further alleged that the truth about Merrill's financial condition was not revealed until mid-January 2009, when several alleged corrective disclosures revealed, according to the First Amended Complaint, that Merrill had suffered a pre-tax loss of more than $21 billion during the fourth quarter of 2008 and, as a result, BoA had sought and obtained $138 billion of additional government assistance. The First Amended Complaint also alleged that on January 21, 2009, it was further reported that, despite

Merrill's losses, BoA had allowed Merrill to pay $3 to $4 billion in bonuses before the Merger closed, and that, as these facts became known, the price of BoA common stock declined causing damage to putative Class Members.  Lead Plaintiffs sought damages for all of their claims based solely on the amounts that the price of BoA's securities allegedly dropped as a result of alleged corrective disclosures during January 2009.

24.    Based on the facts set forth above, the First Amended Complaint alleged that Defendants violated Sections 14(a), 10(b), and 20(a) of the Exchange Act, and Sections 11, 12(a)(2) and 15 of the Securities Act.  In addition to BoA and Merrill, the First Amended Complaint named Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, and the BoA Board as Defendants.

25.    On October 6, 2009, Lead Plaintiffs requested a partial modification of the PSLRA discovery stay in order to obtain (1) documents that Defendants produced to various government agencies (including, but not limited to, the Securities and Exchange Commission ("SEC"), the United States Congress and the New York State Attorney General) in connection with those agencies' investigations into the Merger, and (2) transcripts of any testimony given in connection with those investigations.  On November 16, 2009, the Court issued an order granting Lead Plaintiffs' request.

26.    All Defendants moved to dismiss the First Amended Complaint.  The motions were fully briefed by January 26, 2010, and on June 4, 2010, following a conference with the Court, the Parties submitted supplemental letter briefs to the Court concerning the measure of recoverable damages for Lead Plaintiffs' Section 14(a) claims.

27.    On August 27, 2010, the Court issued a Memorandum and Order that granted in part, and denied in part, Defendants' motions to dismiss.  Specifically, the Court sustained (1) Lead Plaintiffs' Section 14(a) claim regarding (i) Merrill's ability to pay bonuses to its employees for fiscal year 2008 prior to the Merger closing, and (ii) Merrill's fourth quarter 2008 losses; (2) Lead Plaintiffs' Section 10(b) claims regarding Merrill's ability to pay bonuses to its employees for fiscal year 2008 prior to the Merger closing; (3) Lead Plaintiffs' Section 20(a) claims for control person liability; and (4) Lead Plaintiffs' Securities Act claims.  The Court dismissed Lead Plaintiffs' remaining claims, including Lead Plaintiffs' Section 10(b) claims regarding Defendants' failure to disclose Merrill's fourth quarter 2008 losses and held that allegations relating to events post-dating the December 5, 2008 shareholder vote cannot form the basis of a Section 14(a) claim.

28.    On September 10, 2010, Defendants filed motions seeking certification for interlocutory appeal, or, in the alternative, for reconsideration, of multiple issues decided by Judge Castel in his August 27, 2010 Memorandum and Order related to Defendants' motions to dismiss.  On October 8, 2010, after another full round of briefing, Judge Castel denied Defendants' motions.

29.    On October 22, 2010, Lead Plaintiffs, along with additional named plaintiff Grant Mitchell, filed a Consolidated Second Amended Class Action Complaint (the "Second Amended Complaint"), which contained additional allegations in support of Lead Plaintiffs' Section 10(b) claims against Defendants Lewis, Price and BoA related to these Defendants' alleged failure to disclose Merrill's fourth quarter losses and BoA's receipt of the taxpayer bailout.  The Second Amended Complaint contained additional allegations bearing on the scienter of BoA, Lewis and Price, including, *inter alia*, allegations that BoA's former General Counsel was not advised of the full extent of Merrill's losses prior to the December 5, 2008 shareholder vote.

30.    Defendants moved to dismiss the Second Amended Complaint.  After full briefing on Defendants' motions to dismiss the Second Amended Complaint, by Memorandum and Order dated July 29,

2011, the Court sustained Lead Plaintiffs' Section 10(b) claims regarding Defendants' failure to disclose Merrill's fourth quarter losses, but granted Defendants' motion to dismiss Lead Plaintiffs' claims related to Defendants' failure to disclose the taxpayer bailout.  Although the Court sustained Lead Plaintiffs' Section 10(b) claims regarding BoA's, Lewis's and Price's alleged failure to disclose Merrill's fourth quarter losses, the Court rejected Lead Plaintiffs' theory that Lewis's and Price's scienter could be established by allegations that they were motivated to commit fraud in order to obtain a favorable result in the shareholder vote or to ensure that the Merger closed.

31.     On August 31, 2011, Defendants answered the Second Amended Complaint.  Defendants denied Lead Plaintiffs' claims and asserted a number of defenses to liability.

32.     On October 17, 2011, Lead Plaintiffs filed their Motion for Class Certification and Appointment of Class Representatives and Class Counsel.  After class certification discovery and a full round of briefing, on February 6, 2012, the Court issued a Memorandum and Order granting Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel.  Among other things, the Court ruled that while Lead Plaintiffs had to prove that the alleged omissions were material, they were not obligated to prove that the Class relied on the alleged omissions in making their investment decisions.  The Court further ruled that no individualized inquiry was required to determine whether the November 3 Proxy violated the Class Members' right to vote on the Merger under Section 14(a).

33.     On February 21, 2012, Defendants filed with the United States Court of Appeals for the Second Circuit a Petition Pursuant To Fed. R. Civ. P. 23(f) For Leave To Appeal From The District Court's Order Granting Class Certification.  After full briefing, on July 23, 2012 the Court of Appeals issued an order denying Defendants' petition.

34.     On February 29, 2012, the Court approved the Class Notice, which was sent to putative Class Members beginning on March 21, 2012.  Pursuant to the Court's February 29, 2012 Order, the Class Notice provided these putative Class Members with the opportunity to request exclusion from the Class.  The Class Notice explained Class Members' right to request exclusion and set forth the procedure for doing so.

35.     The Parties and their counsel have vigorously pursued discovery in this case.  Fact discovery concluded on May 18, 2012.  During the course of the litigation, the Parties conducted approximately 60 depositions and produced, reviewed and/or analyzed almost 4.75 million pages of documents.  Additionally, in a forty-five day period between March 16, 2012 and April 30, 2012, the Parties exchanged 17 opening and rebuttal reports from 11 different experts accompanied by thousands of pages of exhibits.

36.     On June 3, 2012, Lead Plaintiffs and Defendants filed cross-motions for summary judgment, each of which included briefing, statements of undisputed facts, supporting exhibits and expert reports.  On June 29, 2012, the Parties filed opposition briefs, counterstatements of facts, responses to statements of undisputed facts and accompanying exhibits.  Briefing on the Parties' summary judgment motions was completed on July 17, 2012, when reply briefs were filed, along with accompanying exhibits.  The Parties prepared and submitted well over 700 pages of briefing, statements of undisputed facts, and counterstatements of facts, in addition to approximately 500 exhibits in connection with summary judgment.  These summary judgment motions were pending at the time the settlement in principle was reached.

37.     Lead Plaintiffs' motion for summary judgment sought partial summary judgment as to the alleged falsity and materiality of statements related to the projected accretive/dilutive impact of the Merger.  The motion focused on statements that Lewis made at BoA's December 5, 2008 shareholder meeting relating to

BoA's accretion/dilution forecast, as well as statements that Defendants made about this forecast on September 15, 2008 and in the November 3 Proxy.  In responding to this motion, Defendants argued that the statements at issue were not false, that there was no duty to update them, that they were immaterial as a matter of law, that the individuals who made the alleged statements lacked scienter, that plaintiffs failed to meet the burden necessary to obtain summary judgment on these claims, and that Lead Plaintiffs could not obtain summary judgment on purported misstatements that had not previously been pleaded in the Second Amended Complaint.

38.     Defendants sought summary judgment as to Lead Plaintiffs' Section 14(a) claims on the ground that Lead Plaintiffs failed to adduce evidence that members of the Section 14(a) class sustained any compensable injury or actual damages.  Lead Plaintiffs' opposition to this motion articulated Lead Plaintiffs' theory of direct harm to the Class through stock-drop damages as opposed to any injury to BoA itself.  In addition, Defendants sought summary judgment as to Lead Plaintiffs' claims under the Exchange Act related to Merrill's bonus payments, as well as to Lead Plaintiffs' claims related to the alleged January 12, 2009 and January 13, 2009 corrective disclosures related to Merrill's fourth quarter losses, on the ground that Lead Plaintiffs failed to establish loss causation for these claims.  Defendants also sought summary judgment as to Lead Plaintiffs' bonus-related claims under the Securities Act asserting that they had met their burden of negating causation with respect to these claims.

39.     In addition, Defendants Lewis, Price, Thain, Cotty, and the BoA Board each sought summary judgment on the Securities Act and/or the Exchange Act claims for reasons specific to their individual circumstances.

40.     Lead Plaintiffs opposed all of Defendants' summary judgment motions.

41.     From August 17, 2012 through September 7, 2012, in preparation for trial, the Parties exchanged preliminary witness lists, exhibit lists, preliminary statements of claims and defenses, and deposition designations and counter-designations for those witnesses that would be unavailable at trial, a joint pretrial report, jury verdict form, stipulated statement of facts, jury instructions, voir dire questions, initial jury remarks, 8 *Daubert* motions and 32 separate motions *in limine*.

42.     The trial in this Action was scheduled to begin at 10:00 a.m. on October 22, 2012.

**B.     The Parties' Settlement Negotiations**

43.     At the suggestion of the Court, commencing in August 2010, the Parties first began discussing a potential resolution of the Action in a private mediation.  The mediation was conducted by the Honorable Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma.  Although the Parties met several times in person over the course of the next several years, a resolution was not achieved.

44.      The Parties' mediation efforts included several rounds of in-person and telephonic mediation while discovery was ongoing, but the Parties remained no closer to a resolution as fact and expert discovery wound down in the spring of 2012.

45.     With the October 22, 2012 trial date set, the Parties made a final push to bridge the substantial gap between them.  With the assistance of Judge Phillips, on September 20, 2012, counsel for BoA and Co-Lead Counsel, on behalf of Lead Plaintiffs, executed a term sheet providing for the settlement and release of all claims asserted against the Defendants for $2,425,000,000 in cash, plus certain Corporate Governance Enhancements to be adopted or continued by BoA, to be subsequently negotiated and agreed upon by the

Parties, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

46.     On September 27, 2012, BoA and Lead Plaintiffs completed their negotiations on Corporate Governance Enhancements to be implemented or continued by BoA and executed a supplemental term sheet concerning those terms.

47.     On September 28, 2012, in light of the proposed Settlement, the Parties orally requested the adjournment of the trial date, all pre-trial submissions, the final pre-trial conference and the rendering of the Court's decision on summary judgment, which adjournments were granted by the Court.

48.     Based upon their investigation, prosecution and mediation of the case, Co-Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to the Lead Plaintiffs and the other members of the Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Co-Lead Counsel, each of the Lead Plaintiffs has agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (a) the very substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement, (b) the significant Corporate Governance Enhancements that BoA will implement or continue as a result of the proposed Settlement, (c) the significant risks of continued litigation and trial, and (d) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.  The fact that Lead Plaintiffs have agreed to settle the Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' affirmative defenses to liability have any merit.

49.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Defendants' Releasees (defined in ¶101 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have asserted.  The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

50.     On _____, 2012, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

51.     If you are a member of the Class, you are subject to the Settlement unless you are excluded from the Class as set forth below.  The Class consists of:

(i)      all persons and entities who held BoA common stock as of October 10, 2008, and were entitled to vote on the Merger between BoA and Merrill that was consummated on January 1, 2009, and were damaged thereby; and

(ii)     all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the Merger between the two companies consummated on January 1, 2009, and were damaged thereby; and

(iii)     all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and

(iv)     all persons and entities who purchased BoA common stock issued under the Registration Statement in the  Secondary Offering that occurred on or about October 7, 2008, and were damaged thereby.

**Excluded from the Class are**:  Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions, *i.e.*, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law).  Also excluded from the Class are any Persons who submitted a request for exclusion in connection with the Class Notice as set forth on Appendix 1 to the Stipulation who do not opt-back into the Class in accordance with the instructions set forth herein (*see* ¶109 below).

**PLEASE NOTE:   RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.   IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

52.     The principal reason for Lead Plaintiffs' consent to the Settlement is that it provides an immediate and substantial benefit to the Class, in the form of both a substantial monetary recovery as well as the Corporate Governance Enhancements to be implemented or continued by BoA (*see* ¶¶97-98 below).  The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly many months, or even years, into the future.

53.     But for the Settlement achieved on September 20, 2012, this Action would have proceeded to trial, which was scheduled to begin on October 22, 2012.  The claims advanced by the Class in this Action involve numerous complex legal and factual issues.  If the Action were to proceed to trial, Lead Plaintiffs would have to overcome significant defenses asserted by multiple defendants.  Among other things, the Parties disagree about (i) whether Lead Plaintiffs or the Class have suffered any damages, (ii) whether the price of BoA common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise, and (iii) whether Lead Plaintiffs or the Class were harmed by the conduct alleged in the Second Amended Complaint.  The Parties also disagree on the appropriate methodology for determining damages, if liability were established, particularly under Section 14(a), as Defendants have argued that Class Members seeking recovery under Section 14(a), who did not purchase or otherwise exchange any shares of their BoA common stock in connection with the Merger, failed to adduce evidence of a direct, compensable injury under Section 14(a).

Even after an extensive investigation and substantial discovery, questions remain regarding the extent of Defendants' liability and the extent to which a jury might find them liable, if at all.  In addition, due to the novel issues surrounding damages under Section 14(a), Lead Plaintiffs are confident that even if a jury were to award damages in connection with a successful trial, Defendants would surely appeal such verdict and this could lead to further delays at best, and at worst, no recovery under Section 14(a).  This Settlement enables the Class to recover without incurring any additional risk or costs.

54.     Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also continue to believe that the claims asserted against them in the Action are without merit.  Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden and expense of further protracted litigation.

55.     In light of the risks associated with a trial of this Action, the monetary amount of the Settlement and the immediacy of this recovery to the Class combined with the Corporate Governance Enhancements to be implemented or continued by BoA, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $2.425 billion in cash (less the various deductions described in this Notice) and the Corporate Governance Enhancements (described below at ¶¶97-98), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial and appeals.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

56.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

57.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

58.     Pursuant to the Settlement, BoA, on behalf of all Defendants, has agreed to pay two billion four hundred and twenty five million dollars ($2,425,000,000) in cash.  The Settlement Amount will be deposited into an interest-bearing escrow account.  The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

59. The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

60. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

61. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

62. Only Class Members, i.e., persons and entities who or which (i) held BoA common stock as of October 10, 2008, and were entitled to vote on the Merger between BoA and Merrill that was consummated on January 1, 2009, (ii) purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the Merger between the two companies consummated on January 1, 2009, (iii) purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and/or (iv) purchased BoA common stock issued under the Registration Statement in the Secondary Offering that occurred on or about October 7, 2008, and were damaged as a result of such holdings, purchases or acquisitions and who or which are not excluded from the Class, will be eligible to share in the distribution of the Net Settlement Fund.

63. Each Class Member wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, including all required documentation, postmarked on or before _____, 2013 to the address set forth in the Claim Form that accompanies this Notice.

64. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2013 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Lead Plaintiffs' Claims (as defined in ¶100 below) against the Defendants' Releasees (as defined in ¶101 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Lead Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

65. Information Required on the Claim Form: Among other things, each Claim Form must state and provide sufficient documentation for the Claimant's position in BoA common stock and/or January 2011 call options as of the beginning of the Class Period, all transactions in BoA common stock and/or January 2011 call options during the Class Period, and the Claimant's closing position in BoA common stock and/or January 2011 call options on the date specified in the Claim Form. The Claim Form must also state and provide sufficient documentation to demonstrate the Claimant's holding in BoA common stock as of October 10, 2008.

66. Participants and beneficiaries in a retirement plan covered by Section 3(3) of ERISA, 29 U.S.C. § 1002(3), including the Bank of America 401(k) Plan, the Bank of America 401(k) Plan for Legacy Companies, the Merrill Lynch & Co., Inc. 401(k) Savings & Investment Plan, and the Merrill Lynch & Co., Inc. Retirement Accumulation Plan (collectively the "ERISA Plans"), should NOT include any information relating

to their transactions in BOA common stock held through the ERISA Plans in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plans.   Claims based on any ERISA Plan[s]' purchases of eligible BoA securities during the Class Period may be made by the Plan[s]' trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan[s], such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by any ERISA Plan[s].

67.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

68.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

69.    Persons and entities that either are excluded from the Class by definition or whose names appear on Appendix 1 to the Stipulation because they previously submitted a request for exclusion in connection with the Class Notice who do not elect to opt-back into the Class, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

70.    The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

71.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the amount of estimated alleged artificial inflation in the per share closing prices of BoA common stock as well as January 2011 call options which purportedly was proximately caused by Defendants' alleged misrepresentations and material omissions.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and material omissions, Lead Plaintiffs' damages expert considered price changes in BoA common stock and January 2011 call options in reaction to certain public announcements regarding BoA in which such misrepresentations and material omissions were alleged to have been finally revealed to the market (which are termed "corrective disclosures"), adjusting for price changes that were attributable to market or industry forces, the allegations in the Complaint and the evidence developed in support thereof, as advised by Co-Lead Counsel.

72.     The alleged corrective disclosures that removed artificial inflation from the prices of BoA common stock and January 2011 call options are the January 12, 2009[7], January 13, 2009, January 15, 2009[8], January 16, 2009 and January 22, 2009[9] disclosures.

73.     Recognized Loss Amounts under Section 10(b) of the Exchange Act are based primarily on the change in the level of alleged artificial inflation in the prices of BoA common stock and January 2011 call options at the time of purchase or acquisition and at the time of sale.   Accordingly, in order to have a Recognized Loss Amount under Section 10(b), a Class Member who purchased his, her or its shares of BoA common stock or January 2011 call options prior to January 12, 2009 must have held his, her or its shares of BoA common stock or January 2011 call options through at least the opening of trading on January 12, 2009.  With respect to shares of BoA common stock or January 2011 call options purchased on January 12, 2009 through the close of trading on January 21, 2009, those securities must have been held through at least one of the subsequent alleged corrective disclosures.

74.     In developing the Plan of Allocation for claims under Section 14(a) of the Exchange Act, Lead Plaintiffs' damages expert measured the decline in the price of BoA common stock proximately caused by the revelation of information that Lead Plaintiffs alleged was concealed from BoA's shareholders voting on the Merger, adjusting for price changes that were attributable to market or industry forces, the allegations in the Complaint and the evidence developed in support thereof, as advised by Co-Lead Counsel.   In order to have recoverable damages under Section 14(a), disclosure of the alleged misrepresentations and omissions must be the cause of the decline in the price of the stock.   Recognized Loss Amounts under Section 14(a) are based primarily on these observed price declines in BoA common stock on dates when such alleged corrective disclosures occurred.  As with Section 10(b), these disclosures occurred on January 12, 2009, January 13, 2009, January 15, 2009, January 16, 2009 and January 22, 2009.  In order to have a Recognized Loss Amount, a Class Member must have been a record holder of BoA common stock on October 10, 2008, the record date for the shareholder vote on the Merger, and have held those shares through at least the opening of trading on January 12, 2009, the first alleged corrective disclosure.

75.     As set forth above, in this Action claims were asserted under both Sections 10(b) and 14(a) of the Exchange Act.   BoA investors, however, can only receive a recovery under one of these sections of the Exchange Act with respect to the same share for the same violation, not both.  With respect to Class Members who purchased or otherwise acquired BoA shares of common stock on or after September 18, 2008 through and including October 10, 2008 as to which a claim can be stated with respect to both Sections 10(b) and 14(a), the Recognized Loss Amount calculated pursuant to the Section 14(a) calculations set forth below will be used for purposes of determining a Claimant's overall Recognized Claim as that amount will always be greater than the Recognized Loss Amount calculated pursuant to the Section 10(b) calculations set forth below.[10]

---

[7]  This disclosure occurred on Sunday, January 11, 2009, thereby impacting the market on January 12, 2009.  For ease of reference, this disclosure is referred to as the January 12, 2009 disclosure.

[8]  This disclosure occurred after the close of trading on January 14, 2009, thereby impacting the market on January 15, 2009.  For ease of reference, this disclosure is referred to as the January 15, 2009 disclosure.

[9]  This disclosure occurred after the close of trading on January 21, 2009, thereby impacting the market on January 22, 2009.  For ease of reference, this disclosure is referred to as the January 22, 2009 disclosure.

[10]  If the Section 10(b) calculation results in a Recognized Gain Amount, that amount will be used to offset other Section 10(b) losses but it will not reduce the Section 14(a) Recognized Loss Amount.

## CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

76.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions and sales of like securities will first be matched on a First In/First Out Basis as set forth in ¶84 below.

## SECTION 10(b) CLAIMS

77.     With respect to shares of BoA common stock and January 2011 call options purchased or acquired during the Class Period, a "Recognized Loss Amount" or a "Recognized Gain Amount" will be calculated as set forth below for each purchase or other acquisition of BoA common stock or January 2011 call option from September 18, 2008 through and including January 21, 2009 that is listed in the Claim Form and for which adequate documentation is provided.[11]  To the extent that a calculation of a Recognized Loss Amount or a Recognized Gain Amount results in a negative number, that number shall be set to zero.

## COMMON STOCK CALCULATIONS

78.     For each share of BoA common stock purchased or otherwise acquired from  September 18, 2008 through and including January 21, 2009 and:

A.      sold before the opening of trading on January 12, 2009,

   (i)      the Recognized Loss Amount for each such share shall be zero; and

   (ii)     the Recognized Gain Amount for each such share shall be the dollar inflation applicable to each such share on the date of sale as set forth in Table 1 below _minus_ the dollar inflation applicable to each such share on the date of purchase as set forth in Table 1 below.

B.      sold after the opening of trading on January 12, 2009 and before the close of trading on January 21, 2009,

---

Claimants who purchased BoA common stock in the secondary offering on October 8, 2008, were shareholders of record as of October 10, 2008 and therefore, were eligible to vote on the Merger.  As a result, such Claimants would also be entitled to have their Recognized Loss Amounts calculated under the Section 14(a) provisions of this Plan of Allocation.  Lead Plaintiffs' damages expert has submitted a report in this litigation which limits Section 11 damages to a maximum of $0.49 per share and the Claimant would have had to have held those shares through the entire Class Period to receive any damages award under Section 11.  If the Claimant held through the entirety of the Class Period, however, the Recognized Loss Amount calculation would always result in a greater amount under the Section 14(a) provisions of the plan ($4.74 per share).  Thus, there is no independent reason to provide for Recognized Loss Amounts calculated under Section 11.

[11]  As set forth above, shares of BoA common stock that were acquired from the exchange of Merrill shares in connection with the Merger, are not covered by the definition of the Class and, thus, those shares shall not be included in the calculation of a Claimant's Recognized Loss or Gain Amounts.  Please note, however, that those shares must be included in the Claim Form.  Those shares will be used for purposes of matching sales to acquisitions (_see_ ¶84 below) and they are needed in order for the Claims Administrator to be able to balance the Claim.

(i)     the Recognized Loss Amount for each such share shall be the dollar inflation applicable to each such share on the date of purchase as set forth in Table 1 below *minus* the dollar inflation applicable to each such share on the date of sale as set forth in Table 1 below; and

(ii)    the Recognized Gain Amount for each such share shall be the dollar inflation applicable to each such share on the date of sale as set forth in Table 1 below *minus* the dollar inflation applicable to each such share on the date of purchase as set forth in Table 1 below.

C.     sold after the opening of trading on January 22, 2009 and before the close of trading on April 21, 2009,

(i)     the Recognized Loss Amount for each such share shall be ***the lesser of***:

(a)    the dollar inflation applicable to each such share on the date of purchase as set forth in Table 1 below; or

(b)    the actual purchase price of each such share (excluding all fees, taxes and commissions) *minus* the average closing price for the days following the last alleged corrective disclosure on January 22, 2009, ending on the date of sale as set forth in Table 2 below.

D.     held as of the close of trading on April 21, 2009,

(i)     the Recognized Loss Amount for each such share shall be ***the lesser of***:

(a)    the dollar inflation applicable to each such share on the date of purchase as set forth in Table 1 below; or

(b)    the actual purchase price of each such share (excluding all fees, taxes and commissions) *minus* $6.31.[12]

## JANUARY 2011 CALL OPTIONS CALCULATIONS

79.    For each January 2011 call option[13] purchased or otherwise acquired from September 18, 2008 through and including January 21, 2009 and:

---

[12]   Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of BoA common stock during the 90-day look-back period.  The mean (average) closing price for BoA common stock during this 90-day look-back period was $6.31.

[13]   For purposes of these calculations, a call option refers to 1/100 of an option contract.

A.    sold or exercised before the opening of trading on January 12, 2009,

    (i)    the Recognized Loss Amount for each such call option shall be zero; and

    (ii)    the Recognized Gain Amount for each such call option shall be the dollar inflation applicable to each such option on the date of sale or exercise as set forth in Table 3 below *minus* the dollar inflation applicable to each such option on the date of purchase as set forth in Table 3 below.

B.    sold or exercised after the opening of trading on January 12, 2009 and before the close of trading on January 21, 2009,

    (i)    the Recognized Loss Amount for each such call option shall be ***the lesser of***:

        (a)    the dollar inflation applicable to each such call option on the date of purchase as set forth in Table 3 below *minus* the dollar inflation applicable to each such call option on the date of sale or exercise as set forth in Table 3 below; or

        (b)    the sum of inflation revealed on each of the following dates through which such call option was held as set forth in Table 4 below: January 12, 2009, January 13, 2009, January 15, 2009, and January 16, 2009; and

    (ii)    the Recognized Gain Amount for each such call option shall be the dollar inflation applicable to each such call option on the date of sale or exercise as set forth in Table 3 below *minus* the dollar inflation applicable to each such call option on the date of purchase as set forth in Table 3 below.

C.    sold or exercised after the opening of trading on January 22, 2009 and before close of trading on April 21, 2009,

    (i)    the Recognized Loss Amount for each such call option shall be ***the least of***:

        (a)    the dollar inflation applicable to each call option on the date of purchase as set forth in Table 3 below; or

        (b)    the sum of inflation revealed on each of the following dates through which such call option was held as set forth in Table 4 below: January 12, 2009, January 13, 2009, January 15, 2009, January 16, 2009, and January 22, 2009; or

        (c)    the actual purchase price per call option (excluding all fees, taxes and commissions) *minus* the average closing price for the days following the last alleged corrective disclosure on January 22, 2009, ending on the date of sale or exercise as set forth in Table 5 below.

D.    which was still held as of the close of trading on April 21, 2009,

    (i)    the Recognized Loss Amount for each such call option shall be ***the least of***:

(a)     the dollar inflation applicable to each call option on the date of purchase as set forth in Table 3 below; or

(b)     the sum of inflation revealed on each of the following dates through which such call option was held as set forth in Table 4 below: January 12, 2009, January 13, 2009, January 15, 2009, January 16, 2009, and January 22, 2009; or

(c)     the actual purchase price per call option (excluding all fees, taxes and commissions) _minus_ the average closing price between the final alleged corrective disclosure on January 22, 2009 and April 21, 2009 as set forth in the last line of Table 5 below.

80.     Shares of BoA common stock acquired during the Class Period through the exercise of January 2011 call options shall be treated as a purchase of common stock on the date of exercise at a price per share equal to the exercise price of the call option, and any Recognized Loss or Gain Amount arising from such transaction shall be computed as provided for other purchases of BoA common stock as set forth herein.

81.     No Recognized Loss or Gain Amount shall be calculated based upon the sale or writing of any January 2011 call option that was subsequently repurchased.

## SECTION 14(a) CLAIMS – COMMON STOCK CALCULATIONS

82.     For each share of BoA common stock that was held as of October 10, 2008, the record date for the shareholder vote on the Merger, that was still held as of the opening of trading on January 12, 2009,[14] and:

A.     sold after the opening of trading on January 12, 2009, and before the close of trading on January 21, 2009, the Recognized Loss Amount for each such share shall be $4.74[15] per share _minus_ the dollar inflation applicable to each share on the date of sale as set forth in Table 1 below;

B.     still held as of the opening of trading on January 22, 2009, the Recognized Loss Amount for each such share shall be $4.74 per share.

83.     A Claimant's Section 14(a) Claim shall be the total of the Recognized Loss Amounts calculated pursuant to ¶82.

## ADDITIONAL PROVISIONS

84.     **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of BoA common stock or January 2011 call options on BoA common stock during the Class Period, all purchases/acquisitions and sales of the like security[16] shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then

---

[14]   For shares that were sold before the opening of trading on January 12, 2009, the Recognized Loss Amount for each such share shall be zero.

[15]   $4.74 represents the total amount of decline in the price of BoA common stock calculated by Lead Plaintiffs' damages expert as being related to the disclosure of the alleged misrepresentations and omissions.

[16]   With respect to the January 2011 call options, the "like security" shall be options with the same strike price.

against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

85.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of BoA common stock or January 2011 call options shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of BoA common stock or January 2011 call options during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of BoA common stock or January 2011 call options for the calculation of a Claimant's Recognized Loss Amounts pursuant to the Section 10(b) calculations set forth above and such receipt or grant shall not be deemed an assignment of any claim relating to the purchase/acquisition of such shares of BoA common stock or January 2011 call options, unless (i) the donor or decedent purchased or otherwise acquired such shares of BoA common stock or January 2011 call options during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of BoA common stock or January 2011 call options.  For purposes of calculating a Claimant's Recognized Loss Amounts pursuant to the Section 14(a) calculations set forth above, the receipt or grant by gift, inheritance or operation of law of BoA common stock shall not be deemed an assignment of any claim relating to such shares of BoA common stock, unless (i) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of BoA common stock.

86.     **Short Sales:**  With respect to BoA common stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock.  The date of a "short sale" is deemed to be the date of sale of BoA common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in BoA common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.  If a Class Member has "written" January 2011 call options, thereby having a short position in the options, the date of covering such a written position is deemed to be the date of purchase or acquisition of January 2011 call options.  The date on which the January 2011 call option was written is deemed to be the date of sale of the January 2011 call option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" January 2011 call options is zero. In the event that a Claimant has an opening written position in January 2011 call options, the earliest Class Period purchases or acquisitions of like January 2011 call options shall be matched against such opening written position, and not entitled to a recovery, until that written position is fully covered.

87.     **Eligible Securities:**  BoA common stock and January 2011 call options are the only securities eligible for recovery under the Plan of Allocation.  Options other than January 2011 call options on BoA common stock are not securities eligible to participate in the Settlement.  With respect to BoA common stock purchased or sold through the exercise of an option, the purchase/sale date of the BoA common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

88.     **Netting Gains and Losses**:  Gains and losses in stock and options trades will be netted for purposes of calculating whether a Claimant had an overall Section 10(b) gain or loss in his, her or its transactions.  The netting will occur both with respect to the Section 10(b) calculated Recognized Gain and Loss Amounts as set forth in ¶¶77-81 above as well as with respect to the Claimant's gains or losses based on his, her or its market transactions.

(a) **Netting of Calculated Section 10(b) Gains and Losses**:  With respect to the calculations made pursuant to Section 10(b) Claim Calculations, the Claimant's Section 10(b) Recognized Stock and Options Losses will be totaled (the "Total Section 10(b) Loss") and the Claimant's Section 10(b) Recognized Stock and Options Gains will be totaled (the "Total Section 10(b) Gain").  If the Total Section 10(b) Loss _minus_ the Total Section 10(b) Gain is a positive number, that will be the Claimant's Section 10(b) Recognized Loss Amount; if the number is a negative number, that will be the Claimant's Section 10(b) Recognized Gain Amount.

(b) **Netting of Market Gains and Losses:**  With respect to all shares of BoA common stock purchased or acquired during the Class Period (other than shares obtained in exchange for Merrill shares in the Merger) and all January 2011 call options purchased or acquired during the Class Period, the Claims Administrator will also determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Class Period in those shares and options.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[17] and (ii) the sum of the Sales Proceeds[18] and the Holding Value.[19]  This difference will be deemed a Claimant's Market Gain or Market Loss with respect to his, her or its overall Section 10(b) transactions in BoA common stock and January 2011 call options.

89.    If a Claimant has a Section 10(b) Recognized Gain Amount **or** a Market Gain, the value of that Claimant's Section 10(b) Claim will be zero.  If the Claimant has a Section 10(b) Recognized Loss Amount **and** a Market Loss, the value of the Claimant's Section 10(b) Claim will be the lesser of the two.

90.    **Determination of Recognized Claim:**  For purposes of calculating a Claimant's Recognized Claim, the Claimant's Section 10(b) Claim shall be added to his, her or its Section 14(a) Claim.

91.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the

---

[17]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all BoA common stock (other than shares obtained in exchange for Merrill shares in the Merger) and for all January 2011 call options purchased or acquired during the Class Period.

[18]  The Claims Administrator shall match any sales of BoA common stock or January 2011 call options during the Class Period, first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining BoA common stock, other than those shares of BoA common stock acquired in exchange for shares of Merrill in the Merger, and January 2011 call options sold during the Class Period is the "Sales Proceeds."

[19]  The Claims Administrator shall ascribe a "Holding Value" to each share of BoA common stock and each January 2011 call option purchased or acquired during the Class Period that was still held as of the close of trading on January 21, 2009. With respect to shares of BoA common stock, the Holding Value will be $5.71 per share other than for those shares of BoA common stock acquired in exchange for shares of Merrill in the Merger.  As noted above, those shares are not included in the calculations and, to the extent that any of them are included in the shares still held at the close of the Class Period, a value of zero will be ascribed to them.  With respect to January 2011 call options, the Holding Values for options still held at the close of the Class Period are set forth in Table 6 below.  With respect to January 2011 call options that were exercised during the Class Period, a value of zero will be ascribed to them.

Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

92.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

93.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.

94.     To the extent that any monies remain in the Net Settlement Fund after GCG has caused distributions to be made to all Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $20.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with GCG, determine that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance in the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

95.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' Counsel or any of the other Releasees, or the claims administrator, GCG, or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, Defendants' Counsel, Lead Plaintiffs' damages expert, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the claims administrator, GCG, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

96.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Action, www.boasecuritieslitigation.com.

| WHAT CORPORATE GOVERNANCE ENHANCEMENT MEASURES WILL BOA IMPLEMENT OR CONTINUE AS A RESULT OF THE SETTLEMENT? |
| :---: |

97.     BoA will, within forty-five (45) days following the Court's entry of the Judgment, or Alternative Judgment if applicable, implement the following Corporate Governance Enhancements, and will maintain such Corporate Governance Enhancements through the later of January 1, 2015 or eighteen (18) months following the Court's entry of the Judgment, or Alternative Judgment if applicable.:

A.     BoA will amend Section 3 of its Corporate Governance Guidelines to read, in relevant part, as follows:

"***Majority Voting for Directors***.  In an uncontested election, a director who fails to receive the required number of votes for re-election in accordance with the Bylaws shall offer to resign.  In addition, a director whose resignation is under consideration shall abstain from participating in any recommendation or decision regarding that resignation.  The Corporate Governance Committee shall make a recommendation to the Board as to whether to accept or reject the tendered resignation, or whether other action should be taken.  The Corporate Governance Committee and the Board, in making their decisions, may consider any factor or other information that they deem relevant.  The Board shall act on the tendered resignation, taking into account the Corporate Governance Committee's recommendation, and shall publicly disclose its decision regarding the resignation and the basis for the decision within ninety (90) days after the results of the election are certified.  If the resignation is not accepted, the director will continue to serve until the next annual meeting of stockholders and until the director's successor is elected and qualified.  The Board shall not permit the director to stand for election at the next annual meeting."

B.     BoA will amend Section 8 of its Corporate Governance Guidelines to read, in relevant part, as follows:

"***Minimum Stock Ownership by Executive Officers and Directors***.  In order to align the interests of the Company's executive officers and directors with those of the Company's stockholders, the Board has adopted the following minimum stock ownership requirements: (a) the Chief Executive Officer shall hold at least 500,000 shares of the Company's common stock and retain at least 50% of the net after-tax shares from future equity awards until retirement; (b) other executive officers shall hold at least 300,000 shares of the Company's common stock and retain at least 50% of the net after-tax shares from future equity awards until the ownership guideline is achieved; and (c) non-management directors are required to hold and cannot sell the restricted stock they receive as compensation (except as necessary to pay taxes upon vesting) until termination of their service.  The Company shall disclose in its annual proxy statement any failure of any director to comply with the stock ownership guidelines.  All full value shares and units beneficially owned by executive officers and directors are included in the calculation; performance contingent shares and units are included in the calculation when earned; and stock options are not included.  Newly appointed executive officers will have up to five years to achieve compliance."

C.     In connection with the establishment of the Corporate Development Committee BoA will amend the charter for the Corporate Development Committee to read, in relevant part, as follows:

"***Committee Authority and Responsibilities***.  In carrying out its oversight responsibilities as set forth above, the Committee shall oversee senior management's establishment of policies and guidelines, to be adopted by the Board, establishing appropriate systems (including policies, procedures and/or management committees) to ensure that Applicable Transactions are vetted carefully and that adequate due diligence is performed prior to Board approval of any Applicable Transaction.  Among other things, the Committee shall ensure that the Chief Executive Officer and the Board are informed with respect to any bonus or incentive compensation agreements with an actual or estimated aggregate value exceeding 5% of the acquisition price at the time the Applicable Transaction is announced, which agreements have been negotiated in connection with an Applicable Transaction and are based on or otherwise related to such Applicable Transaction.  In connection with any Applicable Transaction to be submitted to the Board for approval, the Committee shall meet at least once, telephonically or in person, with members of senior management to review management's compliance with applicable policies and procedures related to the Company's consideration of the Applicable Transaction, prior to its presentation to the Board for approval."

98.     BoA will maintain the following corporate governance reforms (agreed to previously with the SEC) through January 1, 2015:

     (i)     that all compensation committee members be super-independent;

     (ii)    that BoA publish on its website the incentive compensation principles and the requirement that it adhere to them;

     (iii)   that BoA have its Chief Executive and Chief Financial Officers certify that they have reviewed all annual and merger proxy statements;

     (iv)    that BoA maintain a consultant to the Compensation Committee who would report solely to the Compensation Committee and would be "independent" under all applicable NYSE rules and guidelines concerning compensation consultants; and

     (v)     that BoA provide shareholders with an annual non-binding "say on pay" with respect to executive compensation.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

99.     If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and all other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, will fully and finally release, to the fullest extent that the law permits their release in this Action, as against Defendants and the other Defendants' Releasees (as defined in ¶101 below), all Released Lead Plaintiffs' Claims (as defined in ¶100 below).

100.    "Released Lead Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state,

local or foreign statutory law or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, to the fullest extent permitted by law that Lead Plaintiffs or any other member of the Class (a) asserted in the Action, or (b) could have asserted against any of the Defendants' Releasees in any forum that (i) arise out of, are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the First Amended Complaint or Second Amended Complaint; and (ii) that either arise out of or are based upon (a) the purchase or other acquisition of BoA common stock or BoA January 2011 call options during the Class Period, or (b) the holding of BoA common stock that gives rise to a Section 14(a) or 20(a) claim arising out of the vote by record holders of BoA common stock in connection with the Merger. Released Lead Plaintiffs' Claims do not include, release, bar, or waive: (1) the derivative claims that are being prosecuted on behalf of BoA in the actions that have been coordinated for pretrial purposes with this Action under the caption *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.), (the "Consolidated Derivative Action"), including *Pinsly* v. *Holliday*, 12-CV-4778 (S.D.N.Y.) and *Waber* v. *Lewis*, 12-CV-4568 (S.D.N.Y.); (2) the derivative claims that are being prosecuted on behalf of BoA in the action styled *In re Bank of Am. Corp. Stockholder Deriv. Litig.*, C.A. No. 4307-CS (Del. Ch. Ct.); (3) the derivative claims that are being prosecuted on behalf of BoA in the action styled *Cunniff* v. *Lewis, et al.*, No. 09 CVS 3978 (N.C. Sup. Ct.); (4) any claims (other than claims for relief predicated on an alleged misrepresentation or omission after September 14, 2008 or claims released pursuant to the Order and Final Judgment in the action captioned, *County of York Employees Retirement Plan v. Merrill Lynch & Co., Inc. et al.*, C.A. No. 4066-VCN (Del. Ch. Aug. 31, 2009)) against any current or former director, officer or employee of Merrill based on any alleged breach prior to January 2, 2009 of any alleged duty to Merrill or its stockholders that have been asserted in (i) the Verified Third Amended Shareholder Derivative and Class Action Complaint filed on July 27, 2009 in the action captioned, *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, No. 07 Civ. 9696 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Sollins v. O'Neal et al.*, No. 11-1589, or (ii) the Amended Complaint filed on September 14, 2009 in the action captioned, *Lambrecht v. O'Neal et al.*, No 09 Civ. 8259 (S.D.N.Y.), which was dismissed and is on appeal before the United States Court of Appeals for the Second Circuit under the caption, *Lambrecht v. O'Neal et al.*, No. 11-1285; (5) any claims in the action under the caption *State of New Jersey, Department of Treasury, Division of Investment, on behalf of Common Pension Fund A v. Merrill Lynch & Co., Inc. and Bank of America Corporation*, No. HUD-L-3855-09 (N.J. Sup. Ct.); (6) any claims of any person or entity that submitted a request for exclusion as set forth on Appendix 1 hereto and who does not opt back into the Class; or (7) if and only if the Court permits a second opportunity to request exclusion from the Class, any claims of any person or entity that submits a request for exclusion in connection with the Settlement Notice who does not withdraw his her or its request for exclusion and whose request is accepted by the Court (collectively, the "Excluded Claims").[20]  For the sake of clarity, no claims are being released with respect to securities not covered by the Court-certified Class definition. Additionally, Released Lead Plaintiffs' Claims do not include claims relating to the enforcement of the Settlement.

101.   "Defendants' Releasees" means the Defendants and their respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the

---

[20]   Pursuant to its Order Preliminarily Approving Proposed Settlement and Providing for Notice dated _____, 2012, the Court is not permitting Class Members with a second opportunity to exclude themselves from the Class.

predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

102.    "Unknown Claims" means any Released Claims which Lead Plaintiffs or any other Class Member, each of the Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and each of the Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

103.    Co-Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Co-Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in the amount of 6.56% of the Settlement Fund.  At the same time, Co-Lead Counsel also intend to apply for the reimbursement of Litigation Expenses not to exceed $17.5 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

104.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2013**.  A Claim Form is included with this Notice, or you may obtain one from the website for this Action, www.boasecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the claims administrator, GCG, toll free at (855) 733-8308.  Please retain all records of your ownership of and transactions in BoA securities, as they may be needed to document your Claim.  If you are excluded from the Class by definition or you previously submitted a request for exclusion in connection with the Class Notice and do not opt-back into the Class in accordance with the instructions set forth in ¶109 below, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

105.    As a Class Member, you are represented by the Class Representatives and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

106.    If you are a Class Member who has not previously submitted a request for exclusion in connection with the Class Notice and you wish to object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

---

**"OPTING-BACK" INTO THE CLASS**
**WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND?**
**HOW DO I OPT-BACK INTO THE CLASS?**

---

107.    If you previously submitted a request for exclusion from the Class in connection with the Class Notice (*see* Appendix 1 to the Stipulation), you may elect to opt-back into the Class and be eligible to receive a payment from the Settlement.

108.    If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the claims administrator, GCG, at (855) 733-8308 for assistance.

109.    In order to opt-back into the Class, you, individually or through counsel, must submit a written Request to Opt-Back Into the Class to GCG, addressed as follows: *In re Bank of America Corp. Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9876, Dublin, Ohio 43017-5776.  This request must be *received* no later than _____, 2013.  Your Request to Opt-Back Into the Class must (a) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in the *In re Bank of America Corp. Securities Litigation*, Master File No. 09 MDL 2058 (PKC)"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

110.    You may not opt-back into the Class for the purpose of objecting to any aspect of the Settlement, Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.

111.    **PLEASE NOTE:  OPTING-BACK INTO THE CLASS IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU OPT-BACK INTO THE CLASS AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE ALSO REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

112.    Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Fairness Hearing.

113.    The Settlement Fairness Hearing will be held on _____, 2013 at _:__ _ m. before the Honorable P. Kevin Castel, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

114.    Any Class Member who did not submit a request for exclusion from the Class in connection with the Class Notice may object to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office of the Court at the address set forth below on or before _____, 2013.  You must also serve the papers on Co-Lead Counsel for the Class and Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2013.

| **Clerk's Office** | **Co-Lead Counsel for the Class** | **Representative Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007-1312 | **Bernstein Litowitz Berger & Grossmann LLP** Max W. Berger, Esq. Steven B. Singer, Esq. 1285 Avenue of the Americas New York, NY 10022 | **Paul, Weiss, Rifkind, Wharton & Garrison LLP** Brad Karp, Esq. Daniel J. Kramer, Esq. Audra J. Soloway, Esq. 1285 Avenue of the Americas New York, NY 10019-6064 |
| | **Kaplan Fox & Kilsheimer LLP** Robert N. Kaplan, Esq. Frederic S. Fox, Esq. 850 Third Avenue 14th Floor New York, NY 10022 | |
| | **Kessler Topaz Meltzer & Check, LLP** David Kessler, Esq. Gregory M. Castaldo, Esq. 280 King of Prussia Road Radnor, PA 19087 | |

115.     Any objection to the Settlement (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the objector's membership in the Class such as the number of shares of BoA common stock and the number of January 2011 call options on BoA common stock that the objecting Class Member purchased, otherwise acquired, held and/or sold during the relevant periods as well as the dates and prices of each such purchase, acquisition and/or sale, or the objector's holding in BoA common stock as of October 10, 2008.  You may not object to the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you previously submitted a request for exclusion from the Class in connection with the Class Notice or if you are not a member of the Class.

116.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

117.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth above so that it is *received* on or before _____, 2013.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

118.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth above so that the notice is *received* on or before _____, 2013.

119.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Co-Lead Counsel.

120.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

121.     In the Class Notice you were advised that, if, for the beneficial interest of any person or entity other than yourself, you (1) held BoA common stock as of October 10, 2008, for a person or entity that was entitled to vote on the merger between BoA and Merrill, (2) purchased or otherwise acquired the common stock

of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the merger between the two companies that was consummated on January 1, 2009; (3) purchased or otherwise acquired January 2011 call options on BoA common stock from September 18, 2008 through January 21, 2009, inclusive; or (4) purchased BoA common stock issued under the Registration Statement for the Secondary Offering that occurred on or about October 7, 2008, you must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from GCG sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the copies of the Class Notice forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to *In re Bank of America Corp. Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9876, Dublin, Ohio 43017-5776.

122.    If you chose the first option, *i.e.*, you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for BoA common stock for use in connection with any further notices that may be provided in the Action.  If you elected that option, GCG will forward the same number of this Notice and Claim Form (together, the "Notice Packet") to you to send to the beneficial owners.  If you require more copies than you previously requested, please contact GCG toll-free at (855) 733-8308 and let them know how many additional Notice Packets you require.  You must mail the Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the packets.  Upon mailing of the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.

123.    If you chose the second option, GCG will send a copy of the Notice and the Claim Form to the beneficial owners whose names and addresses you previously supplied.  Unless you believe that you purchased or acquired any of the relevant securities for beneficial owners whose names you did not previously provide to GCG, you need do nothing further at this time.  If you believe that you did purchase or acquire any of the relevant securities for beneficial owners whose names you did not previously provide to GCG, you must within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Bank of America Corp. Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9876, Dublin, Ohio 43017-5776.  Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from website for this Action, www.boasecuritieslitigation.com, or by calling the claims administrator, GCG, toll-free at (855) 733-8308.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

124.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website for this Action, www.boasecuritieslitigation.com.  All inquiries concerning this Notice or the Claim Form should be directed to GCG or Co-Lead Counsel at:

*In re Bank of America Corp.*
*Securities Litigation,*
c/o The Garden City Group, Inc.
P.O. Box 9876
Dublin, Ohio 43017-5776
(855) 733-8308
www.boasecuritieslitigation.com

and/or

| **Bernstein Litowitz Berger & Grossmann LLP** | **Kaplan Fox & Kilsheimer LLP** | **Kessler Topaz Meltzer & Check, LLP** |
|---|---|---|
| Max W. Berger, Esq. | Robert N. Kaplan, Esq. | David Kessler, Esq. |
| Steven B. Singer, Esq. | Frederic S. Fox, Esq. | Gregory M. Castaldo, Esq. |
| 1285 Avenue of the Americas | 850 Third Avenue | 280 King of Prussia Road |
| New York, NY 10022 | 14th Floor | Radnor, PA 19087 |
| (800) 380-8496 | New York, NY 10022 | (610) 667-7706 |
| blbg@blbglaw.com | (800) 290-1952 | info@ktmc.com |
| | mail@kaplanfox.com | |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**
**DO NOT CALL OR WRITE BANK OF AMERICA CORPORATION REGARDING THIS NOTICE.**

Dated: _____, 2012

By Order of the Clerk of Court
United States District Court
for the Southern District of New York

# 689579

34

| Table 1. Common Stock Daily Inflation | |
|---|---|
| **Date** | **Daily Inflation** |
| 9/18/2008 | $0.49 |
| 9/19/2008 | $0.49 |
| 9/22/2008 | $0.49 |
| 9/23/2008 | $0.49 |
| 9/24/2008 | $0.49 |
| 9/25/2008 | $0.49 |
| 9/26/2008 | $0.49 |
| 9/29/2008 | $0.49 |
| 9/30/2008 | $0.49 |
| 10/1/2008 | $0.49 |
| 10/2/2008 | $0.49 |
| 10/3/2008 | $0.49 |
| 10/6/2008 | $0.49 |
| 10/7/2008 | $0.49 |
| 10/8/2008 | $0.49 |
| 10/9/2008 | $0.49 |
| 10/10/2008 | $0.49 |
| 10/13/2008 | $0.49 |
| 10/14/2008 | $0.49 |
| 10/15/2008 | $0.49 |
| 10/16/2008 | $0.49 |
| 10/17/2008 | $0.49 |
| 10/20/2008 | $0.49 |
| 10/21/2008 | $0.49 |
| 10/22/2008 | $0.49 |
| 10/23/2008 | $0.49 |
| 10/24/2008 | $0.49 |
| 10/27/2008 | $0.49 |
| 10/28/2008 | $0.49 |
| 10/29/2008 | $0.49 |
| 10/30/2008 | $0.49 |
| 10/31/2008 | $0.49 |
| 11/3/2008 | $1.37 |
| 11/4/2008 | $1.92 |
| 11/5/2008 | $2.03 |
| 11/6/2008 | $2.07 |
| 11/7/2008 | $2.08 |
| 11/10/2008 | $2.26 |
| 11/11/2008 | $2.26 |
| 11/12/2008 | $2.26 |

| Table 1. Common Stock Daily Inflation | |
|---|---|
| **Date** | **Daily Inflation** |
| 11/13/2008 | $2.25 |
| 11/14/2008 | $2.25 |
| 11/17/2008 | $2.25 |
| 11/18/2008 | $2.25 |
| 11/19/2008 | $2.27 |
| 11/20/2008 | $2.71 |
| 11/21/2008 | $2.45 |
| 11/24/2008 | $2.45 |
| 11/25/2008 | $2.45 |
| 11/26/2008 | $2.60 |
| 11/28/2008 | $2.93 |
| 12/1/2008 | $2.69 |
| 12/2/2008 | $2.95 |
| 12/3/2008 | $3.70 |
| 12/4/2008 | $3.69 |
| 12/5/2008 | $3.69 |
| 12/8/2008 | $4.10 |
| 12/9/2008 | $4.10 |
| 12/10/2008 | $4.50 |
| 12/11/2008 | $4.50 |
| 12/12/2008 | $4.50 |
| 12/15/2008 | $4.50 |
| 12/16/2008 | $4.66 |
| 12/17/2008 | $4.55 |
| 12/18/2008 | $4.55 |
| 12/19/2008 | $4.55 |
| 12/22/2008 | $4.74 |
| 12/23/2008 | $4.74 |
| 12/24/2008 | $4.74 |
| 12/26/2008 | $4.74 |
| 12/29/2008 | $4.64 |
| 12/30/2008 | $4.68 |
| 12/31/2008 | $4.74 |
| 1/2/2009 | $4.74 |
| 1/5/2009 | $4.74 |
| 1/6/2009 | $4.74 |
| 1/7/2009 | $4.74 |
| 1/8/2009 | $4.74 |
| 1/9/2009 | $4.74 |
| 1/12/2009 | $4.06 |
| 1/13/2009 | $3.32 |
| 1/14/2009 | $3.32 |

| Table 1. Common Stock Daily Inflation | |
|---|---|
| **Date** | **Daily Inflation** |
| 1/15/2009 | $1.59 |
| 1/16/2009 | $0.49 |
| 1/20/2009 | $0.49 |
| 1/21/2009 | $0.49 |
| 1/22/2009 | $0.00 |

| Table 2. Average 90 Day Look-Back Closing Prices ||
| Date | Average Price |
|------|---------------|
| 1/22/2009 | $5.71 |
| 1/23/2009 | $5.98 |
| 1/26/2009 | $5.98 |
| 1/27/2009 | $6.11 |
| 1/28/2009 | $6.37 |
| 1/29/2009 | $6.44 |
| 1/30/2009 | $6.46 |
| 2/2/2009 | $6.40 |
| 2/3/2009 | $6.28 |
| 2/4/2009 | $6.12 |
| 2/5/2009 | $6.00 |
| 2/6/2009 | $6.01 |
| 2/9/2009 | $6.08 |
| 2/10/2009 | $6.04 |
| 2/11/2009 | $6.05 |
| 2/12/2009 | $6.04 |
| 2/13/2009 | $6.01 |
| 2/17/2009 | $5.95 |
| 2/18/2009 | $5.87 |
| 2/19/2009 | $5.78 |
| 2/20/2009 | $5.68 |
| 2/23/2009 | $5.60 |
| 2/24/2009 | $5.56 |
| 2/25/2009 | $5.55 |
| 2/26/2009 | $5.54 |
| 2/27/2009 | $5.48 |
| 3/2/2009 | $5.41 |
| 3/3/2009 | $5.35 |
| 3/4/2009 | $5.28 |
| 3/5/2009 | $5.21 |
| 3/6/2009 | $5.15 |
| 3/9/2009 | $5.10 |
| 3/10/2009 | $5.09 |
| 3/11/2009 | $5.09 |
| 3/12/2009 | $5.11 |
| 3/13/2009 | $5.13 |
| 3/16/2009 | $5.16 |
| 3/17/2009 | $5.19 |
| 3/18/2009 | $5.25 |
| 3/19/2009 | $5.29 |
| 3/20/2009 | $5.31 |
| 3/23/2009 | $5.37 |

| Table 2. Average 90 Day Look-Back Closing Prices ||
| Date | Average Price |
| --- | --- |
| 3/24/2009 | $5.42 |
| 3/25/2009 | $5.47 |
| 3/26/2009 | $5.52 |
| 3/27/2009 | $5.56 |
| 3/30/2009 | $5.57 |
| 3/31/2009 | $5.59 |
| 4/1/2009 | $5.62 |
| 4/2/2009 | $5.65 |
| 4/3/2009 | $5.69 |
| 4/6/2009 | $5.73 |
| 4/7/2009 | $5.76 |
| 4/8/2009 | $5.78 |
| 4/9/2009 | $5.85 |
| 4/13/2009 | $5.94 |
| 4/14/2009 | $6.01 |
| 4/15/2009 | $6.09 |
| 4/16/2009 | $6.16 |
| 4/17/2009 | $6.24 |
| 4/20/2009 | $6.27 |
| 4/21/2009 | $6.31 |

| | Table 3. Inflation Per Option (Organized by Strike Price) | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Strike Price | | | | | | | | | | | | | | | | |
| Date | $2.50 | $5.00 | $7.50 | $10 | $12.50 | $15 | $17.50 | $20 | $22.50 | $25 | $30 | $35 | $40 | $45 | $50 | $55 | $60 |
| 9/18/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/19/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/22/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/23/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/24/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/25/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/26/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/29/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 9/30/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/1/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/2/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/3/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/6/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/7/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/8/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/9/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/10/2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 10/13/2008 | $ - | $ - | $ - | $ - | $ - | $0.39 | $ - | $0.35 | $ - | $0.32 | $0.27 | $0.24 | $0.20 | $ - | $ - | $ - | $ - |
| 10/14/2008 | $ - | $ - | $ - | $ - | $ - | $0.41 | $ - | $0.37 | $ - | $0.33 | $0.29 | $0.25 | $0.21 | $ - | $ - | $ - | $ - |
| 10/15/2008 | $ - | $ - | $ - | $ - | $ - | $0.40 | $ - | $0.35 | $ - | $0.31 | $0.27 | $0.23 | $0.19 | $ - | $ - | $ - | $ - |
| 10/16/2008 | $ - | $ - | $ - | $ - | $ - | $0.40 | $ - | $0.36 | $ - | $0.31 | $0.26 | $0.22 | $0.18 | $ - | $ - | $ - | $ - |
| 10/17/2008 | $ - | $ - | $ - | $ - | $ - | $0.39 | $ - | $0.35 | $ - | $0.30 | $0.25 | $0.21 | $0.17 | $ - | $ - | $ - | $ - |
| 10/20/2008 | $ - | $ - | $ - | $ - | $ - | $0.40 | $ - | $0.35 | $ - | $0.31 | $0.26 | $0.21 | $0.17 | $ - | $ - | $ - | $ - |
| 10/21/2008 | $ - | $ - | $ - | $ - | $ - | $0.40 | $ - | $0.35 | $ - | $0.30 | $0.25 | $0.20 | $0.16 | $ - | $ - | $ - | $ - |
| 10/22/2008 | $ - | $ - | $ - | $ - | $ - | $0.39 | $ - | $0.34 | $ - | $0.29 | $0.24 | $0.20 | $0.16 | $ - | $ - | $ - | $ - |
| 10/23/2008 | $ - | $ - | $ - | $ - | $ - | $0.39 | $ - | $0.34 | $ - | $0.29 | $0.24 | $0.20 | $0.15 | $0.12 | $ - | $ - | $ - |
| 10/24/2008 | $ - | $ - | $ - | $ - | $ - | $0.38 | $ - | $0.33 | $ - | $0.28 | $0.23 | $0.19 | $0.15 | $0.11 | $ - | $ - | $ - |
| 10/27/2008 | $ - | $ - | $ - | $ - | $ - | $0.37 | $ - | $0.32 | $ - | $0.27 | $0.22 | $0.18 | $0.14 | $0.11 | $ - | $ - | $ - |
| 10/28/2008 | $ - | $ - | $ - | $ - | $ - | $0.39 | $ - | $0.34 | $ - | $0.29 | $0.24 | $0.19 | $0.15 | $0.11 | $ - | $ - | $ - |
| 10/29/2008 | $ - | $ - | $ - | $ - | $ - | $0.38 | $ - | $0.33 | $ - | $0.28 | $0.24 | $0.19 | $0.15 | $0.11 | $ - | $ - | $ - |
| 10/30/2008 | $ - | $ - | $ - | $ - | $ - | $0.39 | $ - | $0.34 | $ - | $0.28 | $0.23 | $0.19 | $0.14 | $0.11 | $ - | $ - | $ - |
| 10/31/2008 | $ - | $ - | $ - | $ - | $ - | $0.40 | $ - | $0.35 | $ - | $0.29 | $0.24 | $0.20 | $0.15 | $0.11 | $ - | $ - | $ - |
| 11/3/2008 | $ - | $ - | $ - | $ - | $ - | $1.08 | $ - | $0.94 | $ - | $0.80 | $0.66 | $0.53 | $0.41 | $0.31 | $ - | $ - | $ - |
| 11/4/2008 | $ - | $ - | $ - | $ - | $ - | $1.53 | $ - | $1.34 | $ - | $1.13 | $0.92 | $0.73 | $0.55 | $0.41 | $ - | $ - | $ - |
| 11/5/2008 | $ - | $ - | $ - | $ - | $ - | $1.54 | $ - | $1.30 | $ - | $1.07 | $0.86 | $0.68 | $0.50 | $0.35 | $ - | $ - | $ - |

| Table 3. Inflation Per Option (Organized by Strike Price) | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Strike Price | | | | | | | | | | | | | | | | |
| Date | $2.50 | $5.00 | $7.50 | $10 | $12.50 | $15 | $17.50 | $20 | $22.50 | $25 | $30 | $35 | $40 | $45 | $50 | $55 | $60 |
| 11/6/2008 | $ - | $ - | $ - | $ - | $ - | $1.52 | $ - | $1.29 | $ - | $1.07 | $0.85 | $0.67 | $0.51 | $0.38 | $ - | $ - | $ - |
| 11/7/2008 | $ - | $ - | $ - | $ - | $ - | $1.54 | $ - | $1.31 | $ - | $1.09 | $0.87 | $0.70 | $0.52 | $0.39 | $ - | $ - | $ - |
| 11/10/2008 | $ - | $ - | $ - | $ - | $ - | $1.64 | $ - | $1.39 | $ - | $1.15 | $0.93 | $0.73 | $0.57 | $0.42 | $ - | $ - | $ - |
| 11/11/2008 | $ - | $ - | $ - | $ - | $ - | $1.61 | $ - | $1.36 | $ - | $1.11 | $0.89 | $0.70 | $0.54 | $0.42 | $ - | $ - | $ - |
| 11/12/2008 | $ - | $ - | $ - | $ - | $ - | $1.54 | $ - | $1.28 | $ - | $1.06 | $0.83 | $0.65 | $0.50 | $0.39 | $ - | $ - | $ - |
| 11/13/2008 | $ - | $ - | $ - | $ - | $ - | $1.56 | $ - | $1.30 | $ - | $1.07 | $0.86 | $0.68 | $0.53 | $0.41 | $ - | $ - | $ - |
| 11/14/2008 | $2.18 | $2.06 | $1.93 | $1.79 | $1.66 | $1.52 | $1.39 | $1.26 | $1.15 | $1.03 | $0.81 | $0.64 | $0.49 | $0.38 | $0.28 | $0.21 | $0.16 |
| 11/17/2008 | $2.17 | $2.03 | $1.88 | $1.74 | $1.60 | $1.46 | $1.32 | $1.19 | $1.07 | $0.95 | $0.74 | $0.57 | $0.42 | $0.31 | $0.23 | $0.17 | $0.12 |
| 11/18/2008 | $2.17 | $2.03 | $1.89 | $1.74 | $1.60 | $1.46 | $1.32 | $1.18 | $1.06 | $0.94 | $0.71 | $0.54 | $0.39 | $0.30 | $0.20 | $0.14 | $0.11 |
| 11/19/2008 | $2.16 | $1.99 | $1.84 | $1.68 | $1.53 | $1.38 | $1.25 | $1.12 | $0.98 | $0.86 | $0.66 | $0.50 | $0.37 | $0.28 | $0.18 | $0.13 | $0.10 |
| 11/20/2008 | $2.51 | $2.35 | $2.10 | $1.92 | $1.72 | $1.56 | $1.37 | $1.24 | $1.08 | $0.94 | $0.74 | $0.58 | $0.43 | $0.34 | $0.22 | $0.16 | $0.11 |
| 11/21/2008 | $2.28 | $2.11 | $1.93 | $1.74 | $1.57 | $1.41 | $1.26 | $1.07 | $0.95 | $0.84 | $0.60 | $0.44 | $0.33 | $0.25 | $0.18 | $0.13 | $0.11 |
| 11/24/2008 | $2.34 | $2.19 | $2.04 | $1.88 | $1.72 | $1.57 | $1.40 | $1.25 | $1.10 | $0.97 | $0.72 | $0.53 | $0.40 | $0.29 | $0.22 | $0.15 | $0.12 |
| 11/25/2008 | $2.35 | $2.20 | $2.05 | $1.90 | $1.74 | $1.57 | $1.42 | $1.27 | $1.10 | $0.98 | $0.73 | $0.55 | $0.37 | $0.29 | $0.20 | $0.14 | $0.12 |
| 11/26/2008 | $2.50 | $2.35 | $2.20 | $2.04 | $1.87 | $1.69 | $1.52 | $1.35 | $1.18 | $1.04 | $0.77 | $0.53 | $0.38 | $0.28 | $0.19 | $0.14 | $0.11 |
| 11/28/2008 | $2.82 | $2.67 | $2.50 | $2.32 | $2.14 | $1.95 | $1.73 | $1.54 | $1.30 | $1.19 | $0.87 | $0.58 | $0.40 | $0.30 | $0.20 | $0.13 | $0.12 |
| 12/1/2008 | $2.55 | $2.38 | $2.18 | $1.99 | $1.79 | $1.59 | $1.40 | $1.22 | $1.04 | $0.90 | $0.64 | $0.47 | $0.33 | $0.23 | $0.16 | $0.11 | $0.09 |
| 12/2/2008 | $2.81 | $2.62 | $2.44 | $2.23 | $2.03 | $1.83 | $1.63 | $1.41 | $1.23 | $1.05 | $0.76 | $0.53 | $0.36 | $0.27 | $0.18 | $0.11 | $0.09 |
| 12/3/2008 | $3.54 | $3.33 | $3.11 | $2.86 | $2.63 | $2.37 | $2.10 | $1.87 | $1.65 | $1.40 | $1.01 | $0.71 | $0.47 | $0.30 | $0.19 | $0.13 | $0.10 |
| 12/4/2008 | $3.52 | $3.29 | $3.05 | $2.81 | $2.56 | $2.30 | $2.04 | $1.79 | $1.57 | $1.34 | $0.96 | $0.66 | $0.45 | $0.31 | $0.21 | $0.13 | $0.11 |
| 12/5/2008 | $3.53 | $3.33 | $3.11 | $2.86 | $2.61 | $2.36 | $2.09 | $1.85 | $1.60 | $1.38 | $0.97 | $0.66 | $0.46 | $0.31 | $0.20 | $0.13 | $0.11 |
| 12/8/2008 | $3.98 | $3.77 | $3.55 | $3.32 | $3.07 | $2.81 | $2.55 | $2.28 | $2.01 | $1.76 | $1.30 | $0.90 | $0.59 | $0.39 | $0.26 | $0.17 | $0.11 |
| 12/9/2008 | $3.95 | $3.76 | $3.54 | $3.27 | $3.02 | $2.74 | $2.48 | $2.23 | $1.95 | $1.71 | $1.26 | $0.88 | $0.59 | $0.41 | $0.27 | $0.17 | $0.13 |
| 12/10/2008 | $4.34 | $4.09 | $3.83 | $3.56 | $3.26 | $2.97 | $2.66 | $2.39 | $2.08 | $1.80 | $1.31 | $0.91 | $0.62 | $0.41 | $0.27 | $0.18 | $0.14 |
| 12/11/2008 | $4.29 | $4.03 | $3.74 | $3.44 | $3.11 | $2.80 | $2.48 | $2.17 | $1.89 | $1.62 | $1.15 | $0.80 | $0.53 | $0.34 | $0.23 | $0.15 | $0.10 |
| 12/12/2008 | $4.29 | $4.02 | $3.74 | $3.42 | $3.10 | $2.79 | $2.47 | $2.16 | $1.89 | $1.62 | $1.17 | $0.81 | $0.55 | $0.38 | $0.25 | $0.16 | $0.11 |
| 12/15/2008 | $4.26 | $3.98 | $3.68 | $3.35 | $3.03 | $2.68 | $2.38 | $2.09 | $1.80 | $1.53 | $1.10 | $0.77 | $0.53 | $0.36 | $0.25 | $0.16 | $0.13 |
| 12/16/2008 | $4.45 | $4.16 | $3.86 | $3.53 | $3.18 | $2.86 | $2.55 | $2.20 | $1.90 | $1.63 | $1.15 | $0.80 | $0.52 | $0.36 | $0.23 | $0.15 | $0.11 |
| 12/17/2008 | $4.33 | $4.07 | $3.76 | $3.40 | $3.07 | $2.74 | $2.41 | $2.08 | $1.82 | $1.49 | $1.01 | $0.67 | $0.43 | $0.27 | $0.17 | $0.11 | $0.09 |
| 12/18/2008 | $4.31 | $4.01 | $3.68 | $3.34 | $2.97 | $2.62 | $2.28 | $1.98 | $1.68 | $1.39 | $0.94 | $0.62 | $0.40 | $0.26 | $0.17 | $0.10 | $0.09 |
| 12/19/2008 | $4.37 | $3.99 | $3.66 | $3.31 | $2.93 | $2.58 | $2.24 | $1.90 | $1.60 | $1.31 | $0.87 | $0.56 | $0.35 | $0.23 | $0.16 | $0.10 | $0.09 |
| 12/22/2008 | $4.56 | $4.20 | $3.83 | $3.45 | $3.06 | $2.66 | $2.30 | $1.96 | $1.66 | $1.38 | $0.93 | $0.62 | $0.40 | $0.26 | $0.18 | $0.12 | $0.10 |
| 12/23/2008 | $4.53 | $4.17 | $3.77 | $3.32 | $2.91 | $2.52 | $2.17 | $1.82 | $1.51 | $1.25 | $0.83 | $0.57 | $0.33 | $0.23 | $0.15 | $0.11 | $0.10 |
| 12/24/2008 | $4.56 | $4.17 | $3.82 | $3.42 | $2.98 | $2.63 | $2.27 | $1.92 | $1.61 | $1.33 | $0.88 | $0.60 | $0.38 | $0.26 | $0.16 | $0.12 | $0.10 |
| 12/26/2008 | $4.51 | $4.16 | $3.77 | $3.37 | $2.96 | $2.56 | $2.19 | $1.86 | $1.55 | $1.27 | $0.82 | $0.52 | $0.34 | $0.22 | $0.16 | $0.11 | $0.10 |

| | Table 3. Inflation Per Option (Organized by Strike Price) | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Strike Price | | | | | | | | | | | | | | | |
| **Date** | **$2.50** | **$5.00** | **$7.50** | **$10** | **$12.50** | **$15** | **$17.50** | **$20** | **$22.50** | **$25** | **$30** | **$35** | **$40** | **$45** | **$50** | **$55** | **$60** |
| 12/29/2008 | $4.35 | $4.00 | $3.62 | $3.22 | $2.84 | $2.45 | $2.09 | $1.75 | $1.45 | $1.19 | $0.77 | $0.49 | $0.32 | $0.19 | $0.14 | $0.10 | $0.09 |
| 12/30/2008 | $4.40 | $4.02 | $3.66 | $3.24 | $2.86 | $2.49 | $2.11 | $1.76 | $1.47 | $1.21 | $0.78 | $0.51 | $0.31 | $0.22 | $0.15 | $0.10 | $0.10 |
| 12/31/2008 | $4.49 | $4.14 | $3.77 | $3.38 | $2.99 | $2.61 | $2.23 | $1.88 | $1.57 | $1.28 | $0.82 | $0.52 | $0.30 | $0.21 | $0.14 | $0.10 | $0.08 |
| 1/2/2009 | $4.49 | $4.16 | $3.80 | $3.41 | $3.05 | $2.65 | $2.27 | $1.93 | $1.59 | $1.29 | $0.85 | $0.53 | $0.33 | $0.21 | $0.13 | $0.09 | $0.08 |
| 1/5/2009 | $4.49 | $4.14 | $3.77 | $3.36 | $2.97 | $2.58 | $2.24 | $1.89 | $1.55 | $1.27 | $0.83 | $0.54 | $0.33 | $0.22 | $0.15 | $0.11 | $0.08 |
| 1/6/2009 | $4.51 | $4.15 | $3.79 | $3.41 | $3.02 | $2.63 | $2.28 | $1.93 | $1.62 | $1.35 | $0.89 | $0.58 | $0.37 | $0.24 | $0.17 | $0.11 | $0.08 |
| 1/7/2009 | $4.47 | $4.11 | $3.73 | $3.34 | $2.92 | $2.54 | $2.17 | $1.84 | $1.55 | $1.27 | $0.84 | $0.54 | $0.35 | $0.23 | $0.16 | $0.10 | $0.00 |
| 1/8/2009 | $4.47 | $4.09 | $3.70 | $3.30 | $2.89 | $2.49 | $2.12 | $1.78 | $1.46 | $1.20 | $0.77 | $0.49 | $0.30 | $0.20 | $0.14 | $0.10 | $0.08 |
| 1/9/2009 | $4.44 | $4.04 | $3.64 | $3.22 | $2.80 | $2.40 | $2.01 | $1.68 | $1.36 | $1.11 | $0.71 | $0.44 | $0.27 | $0.18 | $0.13 | $0.10 | $0.00 |
| 1/12/2009 | $3.76 | $3.43 | $3.05 | $2.66 | $2.29 | $1.97 | $1.66 | $1.36 | $1.12 | $0.91 | $0.58 | $0.39 | $0.25 | $0.17 | $0.12 | $0.09 | $0.07 |
| 1/13/2009 | $3.06 | $2.79 | $2.47 | $2.15 | $1.87 | $1.59 | $1.34 | $1.11 | $0.89 | $0.74 | $0.47 | $0.31 | $0.20 | $0.14 | $0.11 | $0.08 | $0.06 |
| 1/14/2009 | $3.06 | $2.78 | $2.46 | $2.17 | $1.86 | $1.59 | $1.34 | $1.12 | $0.92 | $0.76 | $0.49 | $0.33 | $0.21 | $0.14 | $0.12 | $0.08 | $0.08 |
| 1/15/2009 | $1.51 | $1.39 | $1.25 | $1.11 | $0.98 | $0.85 | $0.73 | $0.62 | $0.51 | $0.43 | $0.30 | $0.21 | $0.14 | $0.10 | $0.07 | $0.06 | $0.05 |
| 1/16/2009 | $0.47 | $0.44 | $0.41 | $0.37 | $0.34 | $0.30 | $0.26 | $0.24 | $0.21 | $0.18 | $0.13 | $0.10 | $0.07 | $0.06 | $0.04 | $0.04 | $0.03 |
| 1/20/2009 | $0.48 | $0.45 | $0.41 | $0.38 | $0.34 | $0.31 | $0.28 | $0.25 | $0.23 | $0.20 | $0.16 | $0.13 | $0.11 | $0.09 | $0.08 | $0.07 | $0.06 |
| 1/21/2009 | $0.47 | $0.44 | $0.41 | $0.37 | $0.34 | $0.30 | $0.27 | $0.24 | $0.21 | $0.19 | $0.14 | $0.11 | $0.09 | $0.07 | $0.06 | $0.05 | $0.04 |

| Table 4. Inflation Per Option Revealed on Corrective Disclosure Events | | | | | | |
|---|---|---|---|---|---|---|
| **Strike** | **1/12/2009** | **1/13/2009** | **1/15/2009** | **1/16/2009** | **1/22/2009** | **Total** |
| $2.50 | $0.625 | $0.752 | $1.150 | $1.038 | $0.418 | $3.984 |
| $5.00 | $0.472 | $0.635 | $0.897 | $1.014 | $0.355 | $3.372 |
| $7.50 | $0.450 | $0.588 | $0.690 | $0.893 | $0.322 | $2.942 |
| $10.00 | $0.406 | $0.517 | $0.552 | $0.849 | $0.243 | $2.568 |
| $12.50 | $0.351 | $0.376 | $0.405 | $0.767 | $0.205 | $2.105 |
| $15.00 | $0.274 | $0.371 | $0.336 | $0.671 | $0.172 | $1.825 |
| $17.50 | $0.208 | $0.306 | $0.221 | $0.627 | $0.129 | $1.492 |
| $20.00 | $0.187 | $0.230 | $0.202 | $0.473 | $0.099 | $1.191 |
| $22.50 | $0.132 | $0.207 | $0.175 | $0.376 | $0.081 | $0.971 |
| $25.00 | $0.108 | $0.160 | $0.138 | $0.333 | $0.056 | $0.794 |
| $30.00 | $0.070 | $0.094 | $0.060 | $0.246 | $0.015 | $0.485 |
| $35.00 | $0.026 | $0.071 | $0.014 | $0.164 | $0.000 | $0.275 |
| $40.00 | $0.009 | $0.038 | $0.009 | $0.106 | $0.000 | $0.162 |
| $45.00 | $0.007 | $0.028 | $0.000 | $0.068 | $0.000 | $0.102 |
| $50.00 | $0.004 | $0.005 | $0.028 | $0.043 | $0.000 | $0.080 |
| $55.00 | $0.004 | $0.005 | $0.000 | $0.048 | $0.000 | $0.057 |
| $60.00 | $0.004 | $0.005 | $0.037 | $0.010 | $0.000 | $0.056 |

Note: "Total" column reflects differences in rounding.

| | Table 5. Average 90 Day Lookback Price Per Option (Organized by Strike Price) | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Strike Price** | | | | | | | | | | | | | | | |
| **Date** | **$2.50** | **$5.00** | **$7.50** | **$10** | **$12.50** | **$15** | **$17.50** | **$20** | **$22.50** | **$25** | **$30** | **$35** | **$40** | **$45** | **$50** | **$55** | **$60** |
| 1/22/2009 | $4.30 | $3.38 | $2.67 | $2.11 | $1.67 | $1.35 | $1.08 | $0.86 | $0.69 | $0.57 | $0.38 | $0.29 | $0.19 | $0.14 | $0.13 | $0.12 | $0.08 |
| 1/23/2009 | $4.46 | $3.55 | $2.79 | $2.22 | $1.76 | $1.38 | $1.11 | $0.86 | $0.69 | $0.58 | $0.37 | $0.28 | $0.19 | $0.15 | $0.12 | $0.12 | $0.07 |
| 1/26/2009 | $4.52 | $3.58 | $2.81 | $2.23 | $1.77 | $1.40 | $1.12 | $0.88 | $0.70 | $0.58 | $0.37 | $0.27 | $0.19 | $0.14 | $0.12 | $0.11 | $0.08 |
| 1/27/2009 | $4.63 | $3.66 | $2.88 | $2.27 | $1.80 | $1.41 | $1.13 | $0.88 | $0.70 | $0.57 | $0.37 | $0.26 | $0.18 | $0.14 | $0.11 | $0.10 | $0.07 |
| 1/28/2009 | $4.86 | $3.85 | $3.05 | $2.43 | $1.94 | $1.52 | $1.22 | $0.95 | $0.77 | $0.62 | $0.40 | $0.28 | $0.20 | $0.15 | $0.11 | $0.11 | $0.08 |
| 1/29/2009 | $4.93 | $3.91 | $3.09 | $2.47 | $1.97 | $1.55 | $1.24 | $0.97 | $0.79 | $0.63 | $0.40 | $0.28 | $0.20 | $0.15 | $0.11 | $0.10 | $0.08 |
| 1/30/2009 | $4.94 | $3.93 | $3.11 | $2.48 | $1.97 | $1.55 | $1.24 | $0.97 | $0.79 | $0.63 | $0.40 | $0.28 | $0.19 | $0.14 | $0.11 | $0.10 | $0.08 |
| 2/2/2009 | $4.89 | $3.87 | $3.06 | $2.44 | $1.93 | $1.52 | $1.21 | $0.95 | $0.77 | $0.61 | $0.39 | $0.28 | $0.19 | $0.14 | $0.11 | $0.10 | $0.08 |
| 2/3/2009 | $4.78 | $3.76 | $2.96 | $2.35 | $1.86 | $1.45 | $1.16 | $0.91 | $0.73 | $0.58 | $0.37 | $0.26 | $0.18 | $0.14 | $0.11 | $0.09 | $0.07 |
| 2/4/2009 | $4.64 | $3.63 | $2.85 | $2.26 | $1.78 | $1.39 | $1.10 | $0.86 | $0.69 | $0.55 | $0.35 | $0.25 | $0.17 | $0.13 | $0.10 | $0.09 | $0.07 |
| 2/5/2009 | $4.55 | $3.55 | $2.79 | $2.21 | $1.74 | $1.36 | $1.08 | $0.85 | $0.68 | $0.54 | $0.34 | $0.24 | $0.17 | $0.13 | $0.10 | $0.09 | $0.07 |
| 2/6/2009 | $4.55 | $3.55 | $2.78 | $2.20 | $1.73 | $1.35 | $1.07 | $0.84 | $0.67 | $0.53 | $0.33 | $0.24 | $0.16 | $0.13 | $0.10 | $0.09 | $0.07 |
| 2/9/2009 | $4.60 | $3.59 | $2.82 | $2.22 | $1.76 | $1.36 | $1.09 | $0.84 | $0.68 | $0.54 | $0.34 | $0.24 | $0.17 | $0.13 | $0.10 | $0.09 | $0.07 |
| 2/10/2009 | $4.55 | $3.55 | $2.78 | $2.19 | $1.73 | $1.34 | $1.06 | $0.83 | $0.66 | $0.53 | $0.33 | $0.24 | $0.17 | $0.13 | $0.10 | $0.09 | $0.07 |
| 2/11/2009 | $4.55 | $3.54 | $2.76 | $2.17 | $1.71 | $1.32 | $1.05 | $0.81 | $0.65 | $0.52 | $0.33 | $0.24 | $0.16 | $0.13 | $0.10 | $0.08 | $0.07 |
| 2/12/2009 | $4.53 | $3.52 | $2.75 | $2.15 | $1.70 | $1.31 | $1.04 | $0.80 | $0.64 | $0.51 | $0.32 | $0.23 | $0.16 | $0.13 | $0.10 | $0.08 | $0.06 |
| 2/13/2009 | $4.50 | $3.49 | $2.72 | $2.13 | $1.67 | $1.29 | $1.02 | $0.79 | $0.63 | $0.50 | $0.32 | $0.23 | $0.16 | $0.12 | $0.10 | $0.08 | $0.06 |
| 2/17/2009 | $4.44 | $3.44 | $2.68 | $2.09 | $1.64 | $1.27 | $1.00 | $0.77 | $0.62 | $0.49 | $0.31 | $0.22 | $0.16 | $0.12 | $0.10 | $0.08 | $0.06 |
| 2/18/2009 | $4.38 | $3.39 | $2.63 | $2.05 | $1.61 | $1.24 | $0.98 | $0.76 | $0.61 | $0.48 | $0.30 | $0.22 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 2/19/2009 | $4.29 | $3.31 | $2.56 | $2.00 | $1.57 | $1.20 | $0.95 | $0.73 | $0.59 | $0.47 | $0.30 | $0.22 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 2/20/2009 | $4.21 | $3.25 | $2.52 | $1.97 | $1.54 | $1.18 | $0.94 | $0.72 | $0.58 | $0.46 | $0.30 | $0.22 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 2/23/2009 | $4.14 | $3.19 | $2.47 | $1.93 | $1.51 | $1.16 | $0.92 | $0.71 | $0.58 | $0.46 | $0.29 | $0.22 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 2/24/2009 | $4.10 | $3.16 | $2.45 | $1.91 | $1.50 | $1.15 | $0.92 | $0.71 | $0.57 | $0.46 | $0.29 | $0.22 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 2/25/2009 | $4.09 | $3.15 | $2.44 | $1.91 | $1.49 | $1.15 | $0.91 | $0.71 | $0.57 | $0.46 | $0.29 | $0.22 | $0.15 | $0.12 | $0.10 | $0.08 | $0.06 |
| 2/26/2009 | $4.07 | $3.14 | $2.43 | $1.90 | $1.49 | $1.15 | $0.92 | $0.71 | $0.58 | $0.46 | $0.29 | $0.22 | $0.16 | $0.12 | $0.10 | $0.08 | $0.06 |
| 2/27/2009 | $4.02 | $3.10 | $2.40 | $1.88 | $1.47 | $1.14 | $0.91 | $0.70 | $0.57 | $0.45 | $0.29 | $0.22 | $0.15 | $0.12 | $0.10 | $0.08 | $0.06 |
| 3/2/2009 | $3.96 | $3.05 | $2.36 | $1.85 | $1.45 | $1.12 | $0.89 | $0.69 | $0.56 | $0.45 | $0.29 | $0.22 | $0.15 | $0.12 | $0.10 | $0.08 | $0.06 |
| 3/3/2009 | $3.91 | $3.01 | $2.33 | $1.82 | $1.43 | $1.10 | $0.88 | $0.68 | $0.56 | $0.44 | $0.29 | $0.21 | $0.15 | $0.12 | $0.10 | $0.08 | $0.06 |
| 3/4/2009 | $3.86 | $2.96 | $2.29 | $1.79 | $1.41 | $1.08 | $0.87 | $0.67 | $0.55 | $0.44 | $0.28 | $0.21 | $0.15 | $0.12 | $0.10 | $0.08 | $0.06 |
| 3/5/2009 | $3.80 | $2.91 | $2.25 | $1.76 | $1.38 | $1.06 | $0.85 | $0.66 | $0.54 | $0.43 | $0.28 | $0.21 | $0.15 | $0.12 | $0.10 | $0.08 | $0.06 |
| 3/6/2009 | $3.74 | $2.87 | $2.22 | $1.73 | $1.36 | $1.05 | $0.84 | $0.65 | $0.53 | $0.42 | $0.28 | $0.21 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 3/9/2009 | $3.70 | $2.84 | $2.19 | $1.71 | $1.35 | $1.04 | $0.83 | $0.64 | $0.53 | $0.42 | $0.27 | $0.21 | $0.15 | $0.12 | $0.09 | $0.08 | $0.06 |
| 3/10/2009 | $3.69 | $2.83 | $2.19 | $1.71 | $1.35 | $1.04 | $0.83 | $0.65 | $0.53 | $0.43 | $0.28 | $0.21 | $0.15 | $0.12 | $0.10 | $0.08 | $0.07 |
| 3/11/2009 | $3.69 | $2.83 | $2.19 | $1.71 | $1.34 | $1.04 | $0.83 | $0.65 | $0.53 | $0.43 | $0.28 | $0.21 | $0.15 | $0.13 | $0.10 | $0.08 | $0.07 |
| 3/12/2009 | $3.70 | $2.84 | $2.20 | $1.72 | $1.36 | $1.05 | $0.84 | $0.66 | $0.54 | $0.44 | $0.29 | $0.22 | $0.16 | $0.13 | $0.10 | $0.09 | $0.07 |

| | Table 5. Average 90 Day Lookback Price Per Option (Organized by Strike Price) | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Strike Price | | | | | | | | | | | | | | | |
| Date | $2.50 | $5.00 | $7.50 | $10 | $12.50 | $15 | $17.50 | $20 | $22.50 | $25 | $30 | $35 | $40 | $45 | $50 | $55 | $60 |
| 3/13/2009 | $3.72 | $2.86 | $2.21 | $1.73 | $1.37 | $1.06 | $0.85 | $0.66 | $0.55 | $0.44 | $0.29 | $0.22 | $0.16 | $0.13 | $0.10 | $0.09 | $0.07 |
| 3/16/2009 | $3.74 | $2.87 | $2.23 | $1.74 | $1.38 | $1.07 | $0.86 | $0.67 | $0.55 | $0.45 | $0.29 | $0.22 | $0.16 | $0.13 | $0.10 | $0.09 | $0.07 |
| 3/17/2009 | $3.76 | $2.89 | $2.24 | $1.76 | $1.39 | $1.08 | $0.87 | $0.67 | $0.56 | $0.45 | $0.30 | $0.23 | $0.16 | $0.13 | $0.10 | $0.09 | $0.07 |
| 3/18/2009 | $3.81 | $2.93 | $2.28 | $1.79 | $1.42 | $1.10 | $0.89 | $0.69 | $0.58 | $0.47 | $0.31 | $0.23 | $0.17 | $0.14 | $0.11 | $0.09 | $0.07 |
| 3/19/2009 | $3.84 | $2.96 | $2.31 | $1.81 | $1.44 | $1.12 | $0.91 | $0.71 | $0.59 | $0.48 | $0.32 | $0.24 | $0.17 | $0.14 | $0.11 | $0.09 | $0.07 |
| 3/20/2009 | $3.86 | $2.98 | $2.32 | $1.83 | $1.45 | $1.13 | $0.92 | $0.72 | $0.60 | $0.48 | $0.32 | $0.24 | $0.18 | $0.14 | $0.11 | $0.10 | $0.07 |
| 3/23/2009 | $3.91 | $3.02 | $2.36 | $1.86 | $1.48 | $1.15 | $0.94 | $0.73 | $0.61 | $0.49 | $0.33 | $0.25 | $0.18 | $0.15 | $0.11 | $0.10 | $0.07 |
| 3/24/2009 | $3.94 | $3.05 | $2.39 | $1.89 | $1.50 | $1.17 | $0.95 | $0.75 | $0.62 | $0.51 | $0.34 | $0.26 | $0.19 | $0.15 | $0.12 | $0.10 | $0.08 |
| 3/25/2009 | $3.99 | $3.09 | $2.43 | $1.92 | $1.53 | $1.20 | $0.97 | $0.77 | $0.64 | $0.52 | $0.35 | $0.26 | $0.19 | $0.15 | $0.12 | $0.10 | $0.08 |
| 3/26/2009 | $4.03 | $3.13 | $2.46 | $1.95 | $1.56 | $1.22 | $0.99 | $0.78 | $0.65 | $0.53 | $0.35 | $0.27 | $0.19 | $0.15 | $0.12 | $0.10 | $0.08 |
| 3/27/2009 | $4.06 | $3.16 | $2.49 | $1.97 | $1.58 | $1.24 | $1.01 | $0.80 | $0.66 | $0.54 | $0.36 | $0.27 | $0.20 | $0.16 | $0.12 | $0.10 | $0.08 |
| 3/30/2009 | $4.07 | $3.17 | $2.50 | $1.98 | $1.59 | $1.25 | $1.02 | $0.80 | $0.67 | $0.54 | $0.36 | $0.27 | $0.20 | $0.16 | $0.12 | $0.10 | $0.08 |
| 3/31/2009 | $4.10 | $3.19 | $2.52 | $2.00 | $1.61 | $1.26 | $1.03 | $0.82 | $0.68 | $0.55 | $0.37 | $0.28 | $0.20 | $0.16 | $0.12 | $0.10 | $0.08 |
| 4/1/2009 | $4.12 | $3.21 | $2.54 | $2.02 | $1.62 | $1.28 | $1.04 | $0.83 | $0.69 | $0.56 | $0.38 | $0.28 | $0.20 | $0.16 | $0.12 | $0.10 | $0.08 |
| 4/2/2009 | $4.15 | $3.24 | $2.57 | $2.04 | $1.64 | $1.30 | $1.06 | $0.84 | $0.70 | $0.57 | $0.38 | $0.29 | $0.21 | $0.16 | $0.13 | $0.11 | $0.08 |
| 4/3/2009 | $4.18 | $3.27 | $2.59 | $2.07 | $1.66 | $1.32 | $1.07 | $0.86 | $0.71 | $0.58 | $0.39 | $0.29 | $0.21 | $0.17 | $0.13 | $0.11 | $0.08 |
| 4/6/2009 | $4.20 | $3.29 | $2.62 | $2.09 | $1.68 | $1.33 | $1.09 | $0.87 | $0.72 | $0.59 | $0.40 | $0.30 | $0.22 | $0.17 | $0.13 | $0.11 | $0.08 |
| 4/7/2009 | $4.23 | $3.32 | $2.64 | $2.11 | $1.70 | $1.35 | $1.10 | $0.88 | $0.73 | $0.60 | $0.40 | $0.30 | $0.22 | $0.17 | $0.13 | $0.11 | $0.08 |
| 4/8/2009 | $4.25 | $3.33 | $2.65 | $2.12 | $1.71 | $1.36 | $1.11 | $0.88 | $0.74 | $0.60 | $0.41 | $0.30 | $0.22 | $0.17 | $0.13 | $0.11 | $0.09 |
| 4/9/2009 | $4.31 | $3.38 | $2.70 | $2.16 | $1.75 | $1.39 | $1.14 | $0.91 | $0.76 | $0.62 | $0.42 | $0.31 | $0.23 | $0.18 | $0.13 | $0.11 | $0.09 |
| 4/13/2009 | $4.38 | $3.45 | $2.76 | $2.22 | $1.79 | $1.43 | $1.17 | $0.94 | $0.79 | $0.65 | $0.44 | $0.33 | $0.24 | $0.18 | $0.14 | $0.11 | $0.09 |
| 4/14/2009 | $4.45 | $3.51 | $2.81 | $2.26 | $1.83 | $1.46 | $1.20 | $0.97 | $0.81 | $0.66 | $0.45 | $0.33 | $0.24 | $0.19 | $0.14 | $0.12 | $0.09 |
| 4/15/2009 | $4.51 | $3.56 | $2.86 | $2.30 | $1.87 | $1.50 | $1.23 | $0.99 | $0.83 | $0.68 | $0.46 | $0.34 | $0.25 | $0.19 | $0.15 | $0.12 | $0.09 |
| 4/16/2009 | $4.57 | $3.61 | $2.90 | $2.34 | $1.91 | $1.53 | $1.26 | $1.01 | $0.84 | $0.69 | $0.47 | $0.35 | $0.25 | $0.19 | $0.15 | $0.12 | $0.09 |
| 4/17/2009 | $4.63 | $3.67 | $2.95 | $2.39 | $1.94 | $1.56 | $1.28 | $1.03 | $0.86 | $0.71 | $0.48 | $0.35 | $0.25 | $0.20 | $0.15 | $0.12 | $0.09 |
| 4/20/2009 | $4.66 | $3.69 | $2.97 | $2.40 | $1.95 | $1.57 | $1.29 | $1.04 | $0.87 | $0.71 | $0.48 | $0.35 | $0.25 | $0.20 | $0.15 | $0.12 | $0.09 |
| 4/21/2009 | $4.69 | $3.72 | $2.99 | $2.42 | $1.97 | $1.58 | $1.30 | $1.05 | $0.87 | $0.72 | $0.49 | $0.36 | $0.26 | $0.20 | $0.15 | $0.12 | $0.09 |

| Table 6. Holding Value Per Option ||
| **Strike** | **Holding Value** |
|---|---|
| $2.50 | $4.30 |
| $5.00 | $3.38 |
| $7.50 | $2.67 |
| $10.00 | $2.11 |
| $12.50 | $1.67 |
| $15.00 | $1.35 |
| $17.50 | $1.08 |
| $20.00 | $0.86 |
| $22.50 | $0.69 |
| $25.00 | $0.57 |
| $30.00 | $0.38 |
| $35.00 | $0.29 |
| $40.00 | $0.19 |
| $45.00 | $0.14 |
| $50.00 | $0.13 |
| $55.00 | $0.12 |
| $60.00 | $0.08 |

# Exhibit 2

**EXHIBIT 2**

**In re Bank of America Corp. Securities Litigation**
**c/o The Garden City Group, Inc.**
**PO Box 9876**
**Dublin, Ohio 43017-5776**

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2013**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS**                                                      **PAGE #**

**PART I – GENERAL INSTRUCTIONS**

**PART II – CLAIMANT INFORMATION**

**PART III – SCHEDULES OF TRANSACTIONS IN ELIGIBLE BANK OF AMERICA SECURITIES**
  **A.  BoA COMMON STOCK**
  **B.  BoA JANUARY 2011 CALL OPTIONS**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do Not Call Bank of America Corporation with questions regarding**
**the Settlement or this Claim Form.**

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to the following persons and entities: (i)  all persons and entities who held BoA common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill, and were damaged thereby; (ii)  all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; (iii)  all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv)  all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus and October 7, 2008 Prospectus Supplement of BoA, in the common stock offering that occurred on or about October 7, 2008, and were damaged thereby (the "Class").

3.      Excluded from the Class by definition are:  Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions, *i.e.*, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law).  Also excluded from the Class are Persons that previously submitted a request for exclusion from the Class in connection with the previously disseminated Notice of Pendency of Class Action ("Class Notice"), as set forth on Appendix 1 to the Stipulation and Agreement of Settlement dated November 30, 2012 (the "Stipulation") (Appendix 1 to the Stipulation can be viewed at and downloaded from www.boasecuritieslitigaion.com), who do not opt-back into the Class in accordance with the provisions set forth in the Settlement Notice.  If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the Claims Administrator at (855) 733-8308 for assistance.

4.      IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS IN CONNECTION WITH THE CLASS NOTICE AND YOU DO NOT OPT-BACK INTO THE CLASS IN ACCORDANCE WITH THE PROVISIONS SET FORTH IN THE SETTLEMENT NOTICE, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER**.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders

Page 2
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you previously submitted a request for exclusion in accordance with the Class Notice and your name appears on Appendix 1 to the Stipulation and you do not opt-back into the Class.  As described in the Settlement Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Lead Plaintiffs' Claims against the Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.**  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

8.      Use Section III of this Claim Form entitled "SCHEDULES OF TRANSACTIONS IN ELIGIBLE BANK OF AMERICA SECURITIES" to supply all required details of your transaction(s) (including free transfers) in and holdings of the BoA securities eligible to participate in the Settlement.  On these schedules, please provide *all* of the requested information with respect to your holdings, purchases, acquisitions and sales of BoA common stock and January 2011 call options, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

9.      **Please note**:  Only BoA common stock held as of October 10, 2008 (the record date for the shareholder vote on the merger between BoA and Merrill) and BoA common stock and January 2011 call options purchased/acquired during the Class Period (*i.e.*, September 18, 2008 through January 21, 2009, inclusive) are eligible under the Settlement.  However, under the "90 day lookback period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of BoA common stock and January 2011 call options during the period January 22, 2009 through April 21, 2009, inclusive, will be used for purposes of calculating your Section 10(b) Claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90 day lookback period must also be provided.  Additionally, while shares of BoA common stock acquired from the exchange of Merrill shares in connection with BoA's acquisition of Merrill on January 1, 2009 (the "Merger") are not covered by the definition of the Class and Section 10(b) losses will not be calculated with respect to the acquisition of those shares, those shares will be used for purposes of matching sales to acquisitions and must be included in this Claim Form.

10.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the BoA common stock and January 2011 call options set forth in the Schedules of Transactions in Part III of this form.  Documentation may consist of copies of brokerage confirmations or monthly statements.  The Parties and the Claims Administrator do not independently have information about your investments in BoA common stock or January 2011 call options.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

Page 3
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

11.     If you are a participant in a retirement plan covered by Section 3(3) of ERISA, 29 U.S.C. §1002(3), including the Bank of America 401(k) Plan, the Bank of America 401(k) Plan for Legacy Companies, the Merrill Lynch & Co., Inc. 401(k) Savings & Investment Plan, and the Merrill Lynch & Co., Inc. Retirement Accumulation Plan, (the "ERISA Plan(s)") you should not include BoA shares held through the ERISA Plan(s) on your Claim Form. Instead, you should include on your Claim Form ONLY those shares of BoA common stock that you purchased or acquired outside of the ERISA Plan(s) (*see* Settlement Notice at ¶66). To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by any ERISA Plan(s).

12.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13.     All joint beneficial owners must each sign this Claim Form. If you held, purchased or otherwise acquired BoA common stock or January 2011 call options during the relevant time periods and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you held, purchased or otherwise acquired BoA common stock or January 2011 call options during the relevant time periods and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

14.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the BoA common stock and/or 2011 January call options; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

15.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the BoA common stock and/or January 2011 call options you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

16.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury

Page 4
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

17.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.boasecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at _____@_____.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filling department at _____@_____.com to inquire about your file and confirm it was received and acceptable.

18.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  As referenced in the Settlement Notice, there are several billion shares of BoA common stock as to which claims may be submitted and, thus, the claims process could take substantial time to complete fully and fairly.  Please be patient.

19.    **PLEASE NOTE**:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his/her/its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, The Garden City Group, Inc., at the above address or by toll-free phone at 1-855-733-8308, or you may download the documents from www.boasecuritieslitigation.com.

Page 5
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

## PART II – CLAIMANT INFORMATION

LAST NAME (CLAIMANT)

FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Trust/Other Entity (If Claimant Is Not an Individual)

Contact Person (if Claimant is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust Date/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Province

Foreign Country

Foreign Zip Code

Telephone Number (Day)

(          )                    -

Telephone Number (Night)

(          )                    -

Beneficial Owner's Employer Identification Number or Social Security Number [1]

Email Address (*Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.*)

IDENTITY OF CLAIMANT(S) (check only one box)
- ○ Individual    ○ Joint Owners    ○ Estate    ○ Corporation    ○ Trust    ○ Partnership    ○ Private Pension Fund
- ○ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian)  ○ Legal Representative  ○ Other (specify, describe on separate sheet)

---

[1]  The taxpayer identification number (TIN), consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

Page 6
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

## PART III – SCHEDULES OF TRANSACTIONS IN ELIGIBLE BANK OF AMERICA SECURITIES

Failure to provide proof of all holdings, purchases, acquisitions, and sales information requested below will impede proper processing of your claim and may result in the rejection of your claim.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.

**A.**     **BoA Common Stock:** *Do not include information regarding securities other than BoA common stock.*

| | | | | |
|---|---|---|---|---|
| **1.  BEGINNING HOLDINGS** – State the total number of shares of BoA common stock held as of the opening of trading on September 18, 2008.  If none, write "0" or "Zero."  (Must be documented.) _____ | | | | Proof of Holdings Enclosed<br>○ Y    ○ N |
| **2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of BoA common stock from after the opening of trading on September 18, 2008 through and including the close of trading on January 22, 2009.  For BoA common stock purchased through the exercise of a call option, the purchase date is the date that the option was exercised and the purchase price per share is the exercise price of the option. (Must be documented.) | | | | **IF NONE, CHECK HERE**<br><br>○ |
| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share*<br><br>*If shares were acquired from the exchange of Merrill stock for BoA stock pursuant to the Merger write "Merger Shares" in the space below | Total Purchase/ Acquisition Price (excluding taxes, commissions and fees)*<br><br>*If shares were acquired from the exchange of Merrill stock for BoA stock pursuant to the Merger, write "Merger Shares" in the space below | Proof of Purchase/Acquisition Enclosed |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |
| **3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD** – State the total number of shares of BoA common stock purchased/acquired from after the opening of trading on January 22, 2009 through and including the close of trading on April 21, 2009.  If none, write "0" or "Zero." _____ | | | | |
| **4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of BoA common stock from after the opening of trading on September 18, 2008 through and including the close of trading on April 21, 2009.  (Must be documented.) | | | | **IF NONE, CHECK HERE**<br><br>○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
| /        / | | $ | $ | ○ Y    ○ N |
| /        / | | $ | $ | ○ Y    ○ N |

Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

| | | | $ | $ | ○ Y   ○ N |
|---|---|---|---|---|---|
| / | / | | $ | $ | ○ Y   ○ N |

| | |
|---|---|
| **5.  ENDING HOLDINGS –** State the total number of shares of BoA common stock held as of the close of trading on April 21, 2009.  If none, write "0" or "Zero." (Must be documented.)<br><br>_____ | Proof of Holdings Enclosed<br><br>○ Y    ○ N |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

Page 8
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

**B.     BoA January 2011 Call Options:**

The "BoA January 2011 Call Options" consist of the January 22, 2011 call options on BoA common stock with the following strike prices:   $2.50, $5.00, $7.50, $10.00, $12.50, $15.00, $17.50, $20.00, $22.50, $25.00, $30.00, $35.00, $40.00, $45.00, $50.00, $55.00 and $60.00.  *Do not include information regarding securities other than BoA January 11 Call Options.*

**1.  BEGINNING HOLDINGS – For each of the following,** state the total number of BoA January 2011 call option contracts held as of the opening of trading on September 18, 2008.  If none, write "0" or "Zero."   If you wrote any January 2011 call options, thereby having a short position in the options, please state the total short position(s) as a negative number.  (Must be documented.)

| Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts Held | Proof of Holdings Enclosed | Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts Held | Proof of Holdings Enclosed |
|---|---|---|---|---|---|
| $2.50 | | ○ Y    ○ N | $25.00 | | ○ Y    ○ N |
| $5.00 | | ○ Y    ○ N | $30.00 | | ○ Y    ○ N |
| $7.50 | | ○ Y    ○ N | $35.00 | | ○ Y    ○ N |
| $10.00 | | ○ Y    ○ N | $40.00 | | ○ Y    ○ N |
| $12.50 | | ○ Y    ○ N | $45.00 | | ○ Y    ○ N |
| $15.00 | | ○ Y    ○ N | $50.00 | | ○ Y    ○ N |
| $17.50 | | ○ Y    ○ N | $55.00 | | ○ Y    ○ N |
| $20.00 | | ○ Y    ○ N | $60.00 | | ○ Y    ○ N |
| $22.50 | | ○ Y    ○ N | | | |

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of BoA January 2011 call option contracts from after the opening of trading on September 18, 2008 through and including the close of trading on January 21, 2009.  (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Date of Purchase/ Acquisition (List Chronologically)( Month/Day/Year) | Strike Price of BoA January 2011 Call Option | Number of Call Option contracts | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions and fees) | Insert an "E" if Exercised | Exercise Date (Month/ Day/Year) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|---|---|
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |
| /     / | $ | | $ | $ | | /     / | ○ Y   ○ N |

Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD** – For each of the following, state the total number of BoA January 2011 call option contracts purchased/acquired from after the opening of trading on January 22, 2009 through and including the close of trading on April 21, 2009.  If none, write "0" or "Zero."

| Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts Purchased/Acquired | Proof of Purchase/ Acquisition Enclosed | Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts Purchased/Acquired | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| $2.50 | | ○ Y   ○ N | $25.00 | | ○ Y   ○ N |
| $5.00 | | ○ Y   ○ N | $30.00 | | ○ Y   ○ N |
| $7.50 | | ○ Y   ○ N | $35.00 | | ○ Y   ○ N |
| $10.00 | | ○ Y   ○ N | $40.00 | | ○ Y   ○ N |
| $12.50 | | ○ Y   ○ N | $45.00 | | ○ Y   ○ N |
| $15.00 | | ○ Y   ○ N | $50.00 | | ○ Y   ○ N |
| $17.50 | | ○ Y   ○ N | $55.00 | | ○ Y   ○ N |
| $20.00 | | ○ Y   ○ N | $60.00 | | ○ Y   ○ N |
| $22.50 | | ○ Y   ○ N | | | |

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of BoA January 2011 call option contracts from after the opening of trading on September 18, 2008 through and including the close of trading on April 21, 2009.  (Must be documented.)

**IF NONE, CHECK HERE**   ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|---|
| /    / | $ | | $ | $ | ○ Y   ○ N |
| /    / | $ | | $ | $ | ○ Y   ○ N |
| /    / | $ | | $ | $ | ○ Y   ○ N |
| /    / | $ | | $ | $ | ○ Y   ○ N |

**5. ENDING HOLDINGS – For each of the following,** state the total number of BoA January 2011 call option contracts held as of the close of trading on April 21, 2009.  If none, write "0" or "Zero."  If you wrote any January 2011 call options, thereby having a short position in the options, please state the total short position(s) as a negative number.  (Must be documented.)

| Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts Held | Proof of Holdings Enclosed | Strike Price of BoA January 2011 Call Option | Number of Call Option Contracts Held | Proof of Holdings Enclosed |
|---|---|---|---|---|---|
| $2.50 | | ○ Y   ○ N | $25.00 | | ○ Y   ○ N |
| $5.00 | | ○ Y   ○ N | $30.00 | | ○ Y   ○ N |
| $7.50 | | ○ Y   ○ N | $35.00 | | ○ Y   ○ N |
| $10.00 | | ○ Y   ○ N | $40.00 | | ○ Y   ○ N |
| $12.50 | | ○ Y   ○ N | $45.00 | | ○ Y   ○ N |

Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

| | | | | | |
|---|---|---|---|---|---|
| $15.00 | | ○ Y   ○ N | $50.00 | | ○ Y   ○ N |
| $17.50 | | ○ Y   ○ N | $55.00 | | ○ Y   ○ N |
| $20.00 | | ○ Y   ○ N | $60.00 | | ○ Y   ○ N |
| $22.50 | | ○ Y   ○ N | | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

Page 11
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates, and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Lead Plaintiffs' Claim (as defined in the Stipulation) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation), and shall forever be enjoined from prosecuting any or all of the Released Lead Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.      that the claimant **did not** previously submit a request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 to the Stipulation;

4.      that I (we) own(ed) the BoA securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions, sales, or holdings of BoA securities and knows of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she or he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                    Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                              Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                 Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 14 on page ____ of this Claim Form.)

Page 13
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2013**, ADDRESSED AS FOLLOWS:

*In re Bank of America Corp. Securities Litigation*
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9876
Dublin, Ohio 43017-5776

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2013 and if a postmark is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**<u>REMINDER CHECKLIST:</u>**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original stock certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-855-733-8308.

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or toll-free at 1-855-733-8308, or visit www.boasecuritieslitigation.com.  Please DO NOT call Bank of America Corporation with questions regarding your claim.

Page 14
Questions? Call 1-855-733-8308 or visit www.boasecuritieslitigation.com
**Do not call Bank of America Corporation with questions regarding the Settlement or this Claim Form.**

# Exhibit 3

**Exhibit 3**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC) ECF CASE |
| THIS DOCUMENT RELATES TO: Consolidated Securities Action | |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**To:    All persons and entities who (1) held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill") that was consummated on January 1, 2009; (2) purchased or otherwise acquired the common stock of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the merger between the two companies; (3) purchased or otherwise acquired January 2011 call options on BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive; or (4) purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and who were damaged thereby (the "Class").[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. PLEASE DO NOT CONTACT BANK OF AMERICA CORPORATION REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO CO-LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW, RATHER THAN TO BOA OR THE COURT.

   YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead

---

[1]  Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request.  A complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

Plaintiffs, the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden, on behalf of themselves and the Court-certified Class, in the above-captioned securities class action (the "Action") have reached a proposed settlement of the Action with defendants BoA, Merrill, Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward (collectively, the "Defendants") for $2,425,000,000.00 and certain corporate governance enhancements to be implemented or continued by BoA, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2013 at _:__ _.m before The Honorable P. Kevin Castel, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation and Agreement of Settlement dated November 30, 2012 should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.  If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Bank of America Corp. Securities Litigation*, c/o The Garden City Group, Inc., Claims Administrator, P.O. Box 9876, Dublin, Ohio 43017-5776, (855) 733-8308.  Copies of the Settlement Notice and Proof of Claim Form can also be downloaded from the website for the Action, www.boasecuritieslitigation.com, or from Co-Lead Counsel's respective websites.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Proof of Claim Form *postmarked* no later than _____, 2013.  If you are a Class Member and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you previously submitted a request for exclusion from the Class in connection with the Notice of Pendency of Class Action ("Class Notice") and you wish to remain excluded, no further action is required.  If you previously submitted a request for exclusion from the Class in connection with the Class Notice and you want to opt-back into the Class and be eligible to receive a payment from the Settlement Fund, you must submit a request to opt-back into the Class in writing such that it is *received* no later than _____, 2013, in accordance with the instructions set forth in the Settlement Notice.  If you previously submitted a request for exclusion from the Class in connection with the Class Notice and do not opt-back into the Class in accordance with the instructions set forth in the Settlement Notice, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Co-Lead Counsel and representative counsel for Defendants such that they are *received* no later than _____, 2013, in accordance with the instructions set forth in the Settlement Notice.

Inquiries, other than requests for the Settlement Notice, may be made to:

| Bernstein Litowitz Berger & Grossmann LLP | Kaplan Fox & Kilsheimer LLP | Kessler Topaz Meltzer & Check, LLP |
|---|---|---|
| Max W. Berger, Esq. | Robert N. Kaplan, Esq. | David Kessler, Esq. |
| Steven B. Singer, Esq. | Frederic S. Fox, Esq. | Gregory M. Castaldo, Esq. |
| 1285 Avenue of the Americas | 850 Third Avenue | 280 King of Prussia Road |
| New York, NY  10022 | 14th Floor | Radnor, PA 19087 |
|  | New York, NY 10022 |  |

Requests for the Settlement Notice should be made to:

*In re Bank of America Corp. Securities Litigation,*
c/o The Garden City Group, Inc.
P.O. Box 9876
Dublin, Ohio 43017-5776
(855) 733-8308
www.boasecuritieslitigation.com

By Order of the Court

# 686671