USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC)<br><br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br>Consolidated Securities Action | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.) (the "Action");

WHEREAS, by Memorandum and Order dated February 6, 2012, this Court certified the Action to proceed as a class action on behalf of a class of investors consisting of: (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill"), and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from

September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and were damaged thereby (the "Class");[1]

WHEREAS, pursuant to this Court's Order dated February 29, 2012, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against the Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Court-certified Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and 864 requests for exclusion were received pursuant to the Class Notice;

WHEREAS, Lead Plaintiffs, the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden, individually and on behalf of the Court-certified Class, and defendants BoA, Merrill, Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C.

---

[1] Excluded from the Class by definition are: Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions). Also excluded from the Class are any Persons who previously submitted a request for exclusion as set forth on Appendix 1 to the Stipulation and Agreement of Settlement dated November 30, 2012 who do not opt-back into the Class in accordance with the terms set forth herein and in the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice").

Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward (collectively, the "Defendants" and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated November 30, 2012 (the "Stipulation"), which is approved by additional named plaintiff Grant Mitchell (together with Lead Plaintiffs, the "Class Representatives") and which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the appendix and exhibits thereto, sets forth the terms and conditions of the Parties' proposed settlement of the Action (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and approving notice of the Settlement to the Class as more fully described herein;

WHEREAS, the Court having read and considered (i) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation, Appendix 1 to the Stipulation setting forth all Persons who previously submitted requests for exclusion in connection with the Class Notice, and the exhibits to the Stipulation, including the proposed (a) Settlement Notice; (b) Proof of Claim Form; (c) Summary Notice; and (d) Judgment, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the other Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on April 5, 2013 at 2:00 p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12C, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.



3. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Notice** – The law firms of Bernstein Litowitz Berger & Grossmann LLP, Kaplan Fox & Kilsheimer LLP and Kessler Topaz

Meltzer & Check, LLP ("Co-Lead Counsel") are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator" or "GCG"), which was previously approved by the Court to be the Notice Administrator, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a) not later than twenty-one (21) calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Proof of Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to those members of the Class at the address of each such Person who may be identified through reasonable effort;

(b) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Proof of Claim Form to be posted on the website designated for this Action, www.boasecuritieslitigation.com, from which Class Members may download copies of the Settlement Notice and Proof of Claim Form;

(c) not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the national editions of *The Wall Street Journal* and *The New York Times* and once in the *Financial Times*, and to be transmitted once over the *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Proof of Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to object to any aspect of the proposed Settlement, opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – In the previously disseminated Class Notice, brokers and other nominees ("Nominees") were advised that, if, for the beneficial interest of any person or entity other than themselves, they (1) held BoA common stock as of October 10, 2008, for a person or entity that was entitled to vote on the merger between BoA and Merrill, (2) purchased or otherwise acquired the common stock of BoA during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging Merrill common stock for BoA common stock through the merger between the two

companies that was consummated on January 1, 2009; (3) purchased or otherwise acquired January 2011 call options on BoA common stock from September 18, 2008 through January 21, 2009, inclusive; or (4) purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, they must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from GCG sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the copies of the Class Notice forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice provide a list of the names and addresses of all such beneficial owners to *In re Bank of America Corp. Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9876, Dublin, Ohio 43017-5776.

(a) For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), GCG shall forward the same number of Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

(b) For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to GCG), GCG shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or acquired any of the relevant securities for beneficial owners whose names and addresses were not previously provided to GCG, such Nominees need not take any further action;

(c) For Nominees that purchased or acquired any of the relevant securities for beneficial owners whose names and addresses were not previously provided to GCG, such

Nominees shall within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to GCG, or shall request from GCG sufficient copies of the Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Notice Packets from GCG, mail to the beneficial owners; and

(d) Upon full compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Proof of Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the

provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (iv) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Lead Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10. **Opting-Back into the Class** – Any Person that previously submitted a request for exclusion as set forth in Appendix 1 to the Stipulation, may elect to opt-back into the Class. By

opting back into the Class, such Person, subject to the requirement applicable to all Persons that he, she or it establish membership in the Class, shall be eligible to receive a payment from the Net Settlement Fund. Any Person set forth on Appendix 1 to the Stipulation who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than thirty-one (31) calendar days prior to the Settlement Hearing, to GCG at the address set forth in the Settlement Notice. Each request to opt-back into the Class must (a) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in the *In re Bank of America Corp. Securities Litigation*, Master File No. 09 MDL 2058 (PKC)"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative. A Person may not opt-back into the Class for the purpose of objecting to any aspect of the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.

11. Any Person that previously submitted a request for exclusion from the Class as set forth on Appendix 1 to the Stipulation and that does not opt-back into the Class in accordance with the requirements set forth in this Order and the Settlement Notice, shall remain excluded from the Class; such Person shall not be a Class Member, shall not be bound by the terms of the Settlement or the Stipulation, or of any other orders or judgments in the Action, and shall have no right to receive any payment out of the Net Settlement Fund.

12. **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample

opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion in accordance with Second Circuit precedent (*see, e.g., Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) and *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114-15 (2d Cir. 2005)) to preclude Class Members from having a second opportunity to exclude themselves from the Class in connection with the Settlement proceedings.

13. **Appearance and Objections at Settlement Hearing** – Any Class Member who did not previously submit a request for exclusion from the Class as set forth on Appendix 1 to the Stipulation may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Co-Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than thirty-one (31) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

14. Any Class Member who did not previously submit a request for exclusion from the Class as set forth on Appendix 1 to the Stipulation may file a written objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and

reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than thirty-one (31) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel for the Class** | **Representative Defendants' Counsel** |
|---|---|
| **Bernstein Litowitz Berger & Grossmann LLP**<br>Max W. Berger, Esq.<br>Steven B. Singer, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10022 | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>Brad Karp, Esq.<br>Daniel J. Kramer, Esq.<br>Audra J. Soloway, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 |
| **Kaplan Fox & Kilsheimer LLP**<br>Robert N. Kaplan, Esq.<br>Frederic S. Fox, Esq.<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022 | |
| **Kessler Topaz Meltzer & Check, LLP**<br>David Kessler, Esq.<br>Gregory M. Castaldo, Esq.<br>280 King of Prussia Road<br>Radnor, PA 19087 | |

15. Any objections, filings and other submissions by the objecting Class Member (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the objector's membership in the Class such as the number of shares of BoA common stock and the number of January 2011 call options on BoA common

12

stock that the objecting Class Member purchased, otherwise acquired, held and/or sold during the relevant periods as well as the dates and prices of each such purchase, acquisition and/or sale, or the objector's holdings in BoA common stock as of October 10, 2008.

16. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17. **Stay** – Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court enjoins Lead Plaintiffs and all other Class Members from commencing or prosecuting any and all of the Released Lead Plaintiffs' Claims against each and all of the Defendants' Releasees.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying Class Members of the Settlement as well as administering the Settlement shall be paid as set forth in the Stipulation.

19. **Settlement Fund** – The contents of the Settlement Fund held by one or more of the following institutions: The Huntington National Bank, Fifth Third Bank and KeyBank National Association (which the Court approves as the Escrow Agent) as determined by Lead

13

Plaintiffs, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the other Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to September 20, 2012, as provided in the Stipulation. Within fourteen (14) business days after joint written notification of termination is sent by counsel for BoA and Co-Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to BoA. In the event that the funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation have not been refunded to the Settlement Fund within the fourteen (14) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to BoA immediately upon their deposit into the Escrow Account consistent with ¶ 19 of the Stipulation.

22.  **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), nor its negotiation, nor any proceedings taken pursuant to it (i) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; (ii) shall be offered against any of the Lead Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (iii) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (iv) shall be construed against Lead Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

23.  **Supporting Papers** – Co-Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of

15

attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 4th day of December, 2012.

_____
The Honorable P. Kevin Castel
United States District Judge

# 686666