UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | : Master File No. 09-MD-2058 (PKC) <br><br> : ECF Case |
| THIS DOCUMENT RELATES TO: <br><br> Consolidated Derivative Action | |

### DECLARATION OF CHRISTOPHER L. NELSON IN SUPPORT OF OBJECTOR MATTHEW PINSLY'S COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

Christopher L. Nelson, being first duly sworn, deposes and states as follows:

1. I am an attorney duly licensed to practice before all of the courts of the Commonwealth of Pennsylvania. I am Of Counsel to The Weiser Law Firm, P.C. (the "Weiser Firm"), and counsel for objector Matthew Pinsly.

2. I submit this declaration in support of Matthew Pinsly's Counsel's Motion for an Award of Attorneys' Fees and Expenses. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3. Attached hereto as Exhibit "A" is a true and correct copy of the Verification of Matthew Pinsly.

4. Attached hereto as Exhibit "B" is a true and correct copy of the May 30, 2012 Letter from Robert B. Weiser to counsel for the Derivative Parties.

5. Attached hereto as Exhibit "C" is a true and correct copy of the relevant portions of the Transcript of Oral Argument on Plaintiff's Motion for Judgment on the Pleadings and Bench Rulings of the Court at 63, *Pinsly v. Bank of America Corporation*, No. 7943-ML (Del. Ch.).

6. Attached hereto as Exhibit "D" is a true and correct copy of the relevant portions of the Transcript of the January 11, 2013 Hearing.

7. Attached hereto as Exhibit "E" is a true and correct copy of the January 15, 2013 email from Christopher L. Nelson to Charles S. Duggan.

8. Attached hereto as Exhibit "F" is a true and correct copy of the January 16, 2013 email from Charles S. Duggan to Christopher L. Nelson.

9. Attached hereto as Exhibit "G" is a true and correct copy of the January 17, 2013 email from Christopher L. Nelson to Charles S. Duggan.

10. On the evening of January 17, 2013 I spoke to counsel for the Individual Defendants and discussed insertion of language relating to the definition of "Unknown Claims." During that call, we were unable to reach agreement regarding the definition of "Unknown Claims." I stated that the Individual Defendants' position was at odds with the law and their counsel's representations during the final approval hearing and that, as such, Pinsly would be forced to apprise the Court that his Objection remained outstanding. Counsel for the Individual Defendants stated that he disagreed, but that he would consider the issue, and let Pinsly's counsel know the following day whether the Individual Defendants would agree to Pinsly's modification to the definition of "Unknown Claims."

11. Attached hereto as Exhibit "H" is a true and correct copy of the *Ramp* Stipulation of Settlement filed February 9, 2007.

12. Attached hereto as Exhibit "I" is a true and correct copy of the Amendment to [*Ramp*] Stipulation of Settlement filed March 27, 2007.

13. Attached hereto as Exhibit "J" is a true and correct copy of the January 17, 2013 email from Charles S. Duggan to Christopher L. Nelson.

14. The total number of hours spent on the litigation of the Action by the Weiser Law Firm is 507.[1] We did not bill any staff time to this file. The total lodestar amount for attorney time based on the Weiser Law Firm's current rates is $240,475. The schedule was prepared from contemporaneous, daily time records prepared and maintained by the Weiser Law Firm. The hourly rates shown below are the usual and customary rates charged for each individual in all of our cases. A breakdown of the lodestar is as follows:

| *NAME* | | *HOURS* | *RATE/hr* | *LODESTAR* |
|---|---|---|---|---|
| Robert B. Weiser | P | 67.5 | $650 | $43,875 |
| Brett D. Stecker | A | 95 | $450 | $42,750 |
| Jeffrey J. Ciarlanto | A | 70 | $300 | $21,000 |
| Joseph M. Profy | A | 53 | $500 | $26,500 |
| David M. Promisloff | A | 22 | $300 | $6,600 |
| Christopher L. Nelson | OC | 199.5 | $500 | $99,750 |
| *Totals* | | 507 | N/A | **$240,475** |

(P) Partner
(A) Associate
(OC) Of Counsel

15. All of the time reported above was reasonably necessary, and the lodestar calculation is based on the Weiser Law Firm's current billing rates. The hourly rates for the attorneys in the

---

[1] The time reported herein includes only time worked on this action, and on the 220 Demand Action in Delaware through which Pinsly sought discovery of documents related to the reasons underlying the settlement of the instant action. The attorneys of the Weiser Law Firm, however, have also devoted substantial time and efforts and incurred expenses in connection with the *Pinsly* Action and a separate proceeding pursuant to Section 220 in Delaware in which Pinsly seeks documents related to the refusal of his Litigation Demand. Nor do these figures include time originating from the Law Offices of Debra S. Goodman P.C., which also assisted in this Action.

Weiser Law Firm included above have been accepted by courts throughout the country in other shareholder litigations.

16. The Weiser Law Firm's lodestar figures do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in the Weiser Law Firm's billing rates.

17. As detailed below, the Weiser Law Firm has incurred a total of $4746.28 in unreimbursed expenses in connection with the prosecution of the Action from its inception through and including February 6, 2013:

| CATEGORY | AMOUNT |
| --- | --- |
| Filing/Court Costs | $1793.90 |
| On-Line Legal & Factual Research | $2700.06 |
| Copying, Postage, & Express Mail | $214.84 |
| Meals, Hotels, & Transportation | $37.48 |
| TOTAL EXPENSES | $4746.28 |

18. The expenses incurred in the Action are reflected on the books and records of the Weiser Law Firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

19. Attached hereto as Exhibit "K" is a true and correct copy of the Firm Resume of the Weiser Law Firm.

I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct. Executed this 8th day of February 2013, at Berwyn, Pennsylvania.

CHRISTOPHER L. NELSON