USDS SDNY
DOCUMENT

DOC #: _____

DATE        3-7-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME

SECURITY ACT (ERISA) LITIGATION

---------------------------------------------------------x

THIS DOCUMENT RELATES TO:
CONSOLIDATED SECURITIES ACTION

---------------------------------------------------------x

Master File No. 09 MD
2058 (PKC)

Case 1:09-md-02058-PKC

## OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND NOTICE OF INTENT TO APPEAR, BY COUNSEL, AT THE APRIL 5, 2013 FAIRNESS HEARING

Objectors, Leonard Masiowski and MaryAnn Masiowski, Michael J. Rinis and Babette

Rinis; and Michael J. Rinis IRA, hereinafter the Masiowski Objectors, by and through their

undersigned counsel, hereby provide information needed to demonstrate their membership in the

settlement class; give notice of their intent to appear by counsel at the fairness hearing, object to

the proposed settlement; and say:

### PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

Leonard Masiowski and MaryAnn Masiowski, Michael J. Rinis and Babette Rinis; and

Michael J. Rinis IRA are each members of the settlement class having each received a long-form

notice from the settlement administrator, The Garden City Group, Inc. Objector Leonard

Masiowski and MaryAnn Masiowski are Garden City Group's Claimant ID Number ***.

Michael J. Rinis and Babette Rinis are Garden City Group's Claimant ID Number 02679691;

and Michael J. Rinis IRA Rinis Travel Service Inc is Garden City Group's Claimant ID

Number 02706142. The Rinis' address and telephone number are 9517 Georgia Ave.. Silver

Spring, MD 20910; (352) 378-9859. The Masiowski's address and telephone number are 6495

Lost Woods Ln. Hudson, Ohio 44236; (352) 378-9859. Proof of membership in the is attached

as exhibits A-C.

## NOTICE OF INTENT TO APPEAR

The Masiowski Objectors hereby give notice of their intent to appear, by counsel, at

the Fairness Hearing before the Honorable P. KEVIN CASTEL, United States District Judge

at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St. New York. NY. in

Courtroom 12C on April5. 2013 at 2:00 PM. The Masiowski Objectors will cross-examine

witnesses and present legal arguments addressing the statutory and constitutional deficiencies

of the "Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness

Hearing; (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation

Expenses." (Hereinafter the Notice) The Masiowski's Objectors do not intend to offer

documents into evidence or call witnesses.

## OBJECTIONS

1.      The Notice is defective because it does not meet minimum constitutional due

process requirements with regard to providing class members with notice and an opportunity

2

to be heard.

2.      The Notice in paragraph 4 on page 2 has a section entitled "Statement of Average Amount of Damages Per Share" It provides: The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants deny that any proxy solicitations contained materially false or misleading statements or omitted material information or that they had any duty to update these solicitation materials during the pendency of the 2008 fourth quarter. Defendants also assert that they were prepared to establish that the price of BoA common stock declined in value for reasons not related to the disclosure of any allegedly false or misleading statements. The Parties also disagree on the appropriate methodology for determining damages, if liability were established, particularly under Section 14(a), as Defendants have argued that Class Members seeking recovery under Section 14(a), who did not purchase or otherwise exchange any shares of their BoA common stock in connection with the Merger, failed to adduce evidence of a direct, compensable injury under Section 14(a). In sum, Defendants do not agree with the assertion that they engaged in any actionable misconduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

3.      On its face the "Statement of Average Amount of Damages Per Share" provides

no information to class members regarding their potential damages per share either as an average

or otherwise, even thought footnote 15 on page 13 of the notice states: "$4.74 represents the total

3

amount of decline in the price of BoA common stock calculated by Lead Plaintiffs' damages expert as being related to the disclosure of the alleged misrepresentations and omissions."

4.    An exemplar of a paragraph affording due process notice would be: Lead plaintiffs and the BoA (collectively, the "settling parties") do not agree on the average amount of damages per share that would be recoverable even if Lead Plaintiff was to prevail on the claims asserted against BoA. At trial Lead Plaintiff's expert would have testified that the total amount of decline in the price of BoA common stock related to the disclosure of the alleged misrepresentations and omissions by BoA is $4.74."

5.    The information in paragraph 3 on page 2 of the Notice reads: "Lead Plaintiffs' damages expert estimates that, if valid claims for all damaged shares are submitted, the average recovery per damaged share of BoA common stock will be approximately $0.43 per share before deduction of attorneys' fees, costs and expenses awarded by the Court and the costs of providing notice and administering the Settlement." That information coupled with the plaintiff expert damage calculation of an average of $4.74 per share would let class members know that they were asked to approve a settlement that would gross them about 9¢ on the dollar. i.e., $0.43 divided by $4.74 equals 9.07 percent.

6.    Class Counsel has stated in the Notice that they will seek an award of attorneys' fees of 6.56 percent of the gross Settlement Fund. Based upon the Notice, the gross Settlement Fund is $2.425 billion ($2,425,000,000.00) plus interest. Thus, the fee request is $145.5 million.

4

7.      If a mega-fund settlement is one exceeding $100 million ($100,000,000.00),
then this is a giga-fund settlement exceeding $1 billion ($1,000,000,000.00). The Court is the
steward of the class to assure that the $2.425 billion common fund created for the class is
neither wasted nor wrongfully invaded. While it goes without question that the attorneys who
created this $2.425 billion common fund need to be justly compensated, it is this Court's duty
to make sure that the compensation is proportionately commensurate with the damages
received by class members and not a windfall to Class Counsel.

8.      Standing alone, without any other information, 6.56% seems rather innocuous
for a fee request as a percentage of a common fund. However, when viewed in light of the size
of the fund in this case, the very idea of paying Class Counsel 6.56 % of 2.425 billion, shocks
the conscience.

9.      *In Goldberger v Integrated Resources*, 209 F.3d 43 (2nd Cir. 2000), 99-7198,
the Second Circuit said, in part: The problem is that we cannot know precisely what fees
common fund plaintiffs in an efficient market for legal services would agree to, given an
understanding of the particular case and the ability to engage in collective arm's-length
negotiation with counsel. And "hard data" on analogous situations - such as the fees
sophisticated corporate plaintiffs typically agree to pay their attorneys - are "sketchy." William
J. Lynk, The Courts and the Plaintiffs Bar: Awarding the Attorney's Fee in Class-Action
Litigation, 23 J. Legal Stud. 185, 187 (1994). Moreover, even a theoretical construct as
flexible as a "benchmark" seems to offer an all too tempting substitute for the searching
assessment that should properly be performed in each case. Starting an analysis with a

5

benchmark could easily lead to routine windfalls where the recovered fund runs into the multi-millions. "Obviously, it is not ten times as difficult to prepare, and try or settle a 10 million dollar case as it is to try a 1 million dollar case." Union Carbide, 724 F. Supp. at 166. Indeed, empirical analyses demonstrate that in cases like this one, with recoveries of between $50 and $75 million, courts have traditionally accounted for these economies of scale by awarding fees in the lower range of about 11% to 19%. See Lynk, 23 J. Legal Stud. at 202; see also 1 Conte, Attorney Fee Awards § 2.09 (putting range at 13% to 20%). But the principal analytical flaw in counsel's argument lies in their assumption that there is a substantial contingency risk in every common fund case. We harbor some doubt that this assumption is justified in cases such as this. At least one empirical study has concluded that "there appears to be no appreciable risk of non-recovery" in securities class actions, because "virtually all cases are settled." Janet Cooper Alexander, Do the Merits Matter? A Study of Settlements in Securities Class Actions, 43 Stan. L. Rev. 497, 578 (1991). Of course, we are not suggesting that compensation for risk is never permitted, merely that it is not - under either the percentage or lodestar methods - an appropriate starting assumption. Even where there is some contingency risk but recovery remains virtually certain, we question whether a fully informed

group of plaintiffs able to negotiate collectively would routinely agree to pay their lawyers a fee of 25% of a multi-million dollar settlement.

10.     The Masiowski objectors hereby adopt all other meritorious and timely filed objections that are not inconsistent with these objections.

WHEREFORE, The Masiowski Objectors respectfully request that this Court to sustain these Objections and enter such Orders as are necessary and just to

adjudicate these Objections including but not limited to: this Court not approving the

proposed settlement because of the improper notice to the class; and requiring class

counsel and the settling defendants to craft a new notice that complies with due

process and then to re-notice the class. And granting such other relief that this court

deems necessary or proper so as to alleviate the inherent unfairness. inadequacy and

unreasonableness of the proposed Settlement.

DATED this 4th day of March 2013.

Respectfully submitted,

N. Albert Bacharach, Jr.
Florida Bar Number: 209783
N. Albert Bacharach, Jr., PA
115 Northeast 6th Ave
Gainesville, FL 32601-3416
Phone: 352-378-9859 Fax:
352-338-1858
N.A.Bacharach@att.net

Objectors Signatures:

Michael J. Rinis for Michael
and Babette Rinis

Leonard Masiowski for Leonard
and Mary Ann Masiowskis

7

Leonard and MaryAnn Masiowski

6495 Lost Woods Ln.

Hudson, Ohio  44236

Account X-38044881

1)  Activity in our joint Account

| Date | Shares Bought | Shares Sold | Share $ | Net Owned |
|---|---|---|---|---|
| 7.23.08 | 300 | | 33.10 | 300 |
| 8.14.08-date change | 150 | | 30.1367 | 450 |
| 8.19.08 | | 300 | 27.8122 | 150 |
| 10.03.08 | 200 | | 38.36 | 350 |
| 11.19.08 | | 150 | 13.80 | 200 |
| 12.08.08 | 300 | | 17.15 | 500 |
| 1.28.09 | 800 | | 7.45 | 1300 |

EXHIBIT *A*

MLHOD V9.0.13                                                              Page 1 of 1

```
FUNCTION ___     SELECT 84A94029_____           PW
                                                16:05 03/04/13 PG    1
FWR    PRC                  FINANCIAL CONSULTANTS          COB 03/02/13
                             SECURITY DETAIL               FC: 4840
ACCT: 84A-94029 MICHAEL J RINIS IRA          (301) 587-1021
DESC: BANK OF AMERICA CORP     SYM: BAC        QRQ:         SEC NO: 079W8
                               CURR POS:       MKT VAL:
                               CURR PX:  11.3400 STRATEGY:   TECH:
   DATE    TYPE SOL   QTY    PRICE   NET AMOUNT      COMMENT
1 01/13/09 SLD      410C   10.6200    4,190C  _____
2 07/16/08 BOT      410    19.3000    7,913   _____
==============================================================================
   TOTAL BUYS       410    TOTAL DEBITS
   TOTAL SELLS      410    TOTAL CREDITS



FOR INFORMATION PURPOSES ONLY - ACCOUNT STATEMENT IS OFFICIAL RECORD    <END>
                                                            ACTION  _____
```



EXHIBIT B

*For ML internal use only*

MELHOD V9.0.15                                                           Page 1 of 1

```
FUNCTION ____      SELECT 84A47714_____          PW
                                                    16:03 03/04/13 PG    1
FWR    PRC                    FINANCIAL CONSULTANTS           COB 03/02/13
                              SECURITY DETAIL                 FC: 4840
  ACCT: 84A-47714 MICHAEL J & BABETTE B RINIS    (301) 587-1021
  DESC: BANK OF AMERICA CORP      SYM: BAC           QRQ:      SEC NO: 079W8
                                  CURR POS:          MKT VAL:
                                  CURR PX:   11.3400 STRATEGY:    TECH:
     DATE    TYPE SOL   QTY    PRICE   NET AMOUNT          COMMENT
  1 01/13/09 SLD        458C   10.6705    4,712C _____
  2 07/16/08 BOT        458    19.3000    8,839  _____
  ============================================================================
      TOTAL BUYS        458    TOTAL DEBITS
      TOTAL SELLS       458    TOTAL CREDITS


  FOR INFORMATION PURPOSES ONLY - ACCOUNT STATEMENT IS OFFICIAL RECORD    <END>
                                                             ACTION _____
```

EXHIBIT 4

**For ML internal use only**