```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8-13
```

Cote, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC)<br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br>Consolidated Securities Action | |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on April 5, 2013 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal*, *The New York Times* and the *Financial Times*, and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 30, 2012 (ECF No. 767-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.     Notice of Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $152,414,235.89, plus interest on such amount at the same rate as earned by the Settlement Fund from the date the Settlement Fund was funded to the date of payment, which sum the Court finds to be fair and reasonable, and $8,069,985.04 in reimbursement of Litigation Expenses, which fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst themselves in a manner which they, in good faith, believe reflects the contributions of Co-Lead Counsel to the institution, prosecution and settlement of the Action. Co-Lead Counsel shall not share any portion of the fees and expenses awarded to them with any other law firm, or with any person not associated with Co-Lead Counsel's law firms, absent an order from the Court.

5.     Lead Plaintiff the State Teachers Retirement System of Ohio is hereby awarded $34,375.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

6.  Lead Plaintiff the Ohio Public Employees Retirement System is hereby awarded $19,263.66 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.  Lead Plaintiff the Teacher Retirement System of Texas is hereby awarded $14,065.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.  Lead Plaintiff Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V. is hereby awarded $259,610.98 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9.  Lead Plaintiff Fjärde AP-Fonden is hereby awarded $125,688.40 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)  The Settlement has created a fund of $2,425,000,000 in cash that has been funded into escrow accounts pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

(b)  The fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were actively involved in the prosecution and resolution of the Action;

(c)  Copies of the Settlement Notice were mailed to over 3.3 million potential Class Members or their nominees stating that Co-Lead Counsel would apply for attorneys' fees

in an amount of 6.56% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $17.5 million. There were ten objections to the requested award of attorneys' fees or Litigation Expenses. The Court has considered each of the objections and found them to be without merit;

(d)     Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)     The Action involves complex factual and legal issues and was actively prosecuted for over three-and-a-half years;

(f)     Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendants;

(g)     Co-Lead Counsel devoted over 185,000 hours, with a lodestar value of approximately $84.9 million, to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

11.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

12.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

13.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

14. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 8th day of April, 2013.

_____
The Honorable P. Kevin Castel
United States District Judge

#715661