UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
IN RE: BANK OF AMERICA CORP. :
SECURITIES, DERIVATIVE, AND :
EMPLOYEE RETIREMENT INCOME : Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION :
 :
---------------------------------------- x   ECF CASE

THIS DOCUMENT RELATES TO: :
 : Related File No. 10-cv-2284 (PKC)
Stichting Pensioenfonds ABP, et al. v. Bank of :
America Corp., et al. :
 :
---------------------------------------- x


**MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFF KERS & CO. FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 54(B) REGARDING MEMORANDUM AND ORDER DATED JUNE 5, 2013**

In accordance with this Court's Order of September 23, 2013 (Docket # 961), Plaintiff KERS & Co. ("KERS") has filed its Motion for Entry of Final Judgment Pursuant to Fed.R.Civ.P 54(b) Regarding Memorandum and Order Dated June 5, 2013. For the reasons set forth below, KERS respectfully requests entry of an order (1) directing that KERS be severed from this action, and that final judgment with respect to this Court's Memorandum and Order ("Order") dated June 5, 2013 (Docket # 910), be entered dismissing KERS from this action with prejudice; and (2) expressly determining that no just reason for delay exists for entry of final judgment with respect to the Order, or for an appeal from the Order. KERS' motion is solely for the purpose of making the Court's Order final so that KERS may appeal it without delay.

## BACKGROUND

KERS is one of the various individual plaintiffs in the above-captioned action, which itself is one of the "Individual Actions" in the MDL proceedings *In re: Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*

("Consolidated Securities Class Action"). The Consolidated Securities Class Action, from which the Individual Actions have opted out, has proceeded along a separate and overlapping track. This Court's Judgment Approving Class Action Settlement was entered on April 9, 2013. *See* Eskridge Affidavit ¶ 3 & Ex. B (Docket # 871 in Consolidated Securities Class Action). Because of objections, that settlement is now on appeal to the Second Circuit.

In the course of litigation of the Individual Actions, a concern arose as to whether KERS had filed a timely notice opting out from the Consolidated Securities Class Action. KERS moved for a ruling that it timely opted out of the Consolidated Securities Class Action, or in the alternative that excusable neglect existed, which the Parties proceeded to brief and argue. *See* Docket ## 864, 865, 883, 891. The Court denied relief pursuant to the Order at issue here. *See* Eskridge Affidavit ¶ 2 & Ex. A. The ultimate consequence of the Order is that KERS remains a member of the Consolidated Securities Class Action, which necessarily means that KERS will not be allowed to proceed and take relief on its claims in the Individual Actions.

The deadline to file a proof of claim in the Consolidated Securities Class Action fell before the Order issued, and so KERS filed a conditional proof of claim. *See* Eskridge Affidavit ¶ 4 & Ex. C. With the class settlement already on appeal, finality there will likely occur before final adjudication with respect to the entirety of the Individual Actions. If KERS is required to remain in the Individual Actions and unable to take the Order on appeal until those actions are final as a whole, its conditional proof of claim on the class side will likely expire. *See* Ex. C at 12, together with Rider attached at next following page (regarding Release of Claims and Signature); *see also* Ex. B at ¶¶ 7, 9 (regarding releases and exclusions).

Defendants filed their motion for summary judgment in the Individual Actions on August 16, 2013. *See* Ex. D (comprising Notice of Motion, Statement of Undisputed Material Fact, and

Letter Brief). Such motion did not seek judgment against KERS on the ground that it did not timely exclude itself from the Consolidated Securities Class Action. Having conferred, counsel for KERS is authorized to represent to this Court that Defendants consent to entry of an order of dismissal pursuant to Rule 54(b). *See* Ex. E.

## ARGUMENT

### I.    CONTROLLING LAW

In general, orders or decisions that do not dispose of all claims and/or parties in a case are not considered final judgments from which an appeal may be taken. However, Fed.R.Civ.P. 54(b) allows a district court to make final a decision or order that completely disposes of one or more (but less than all) of the claims or parties. Rule 54(b) in relevant part states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Thus, in order to satisfy Rule 54(b), the district court must make an express determination that there is no just reason for delay, as well as an express direction for entry of judgment.

The "just reason" inquiry is "left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Information Resources, Inc. v. Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (citation omitted); *see also Hudson River Sloop Clearwater, Inc. v. Department of Navy*, 891 F.2d 414, 419 (2d Cir. 1989) (noting "considerable deference" given district court in determining whether just reason for delay exists "because of its more intimate knowledge of the factual circumstances of the case"). This Court's "assessment of the equities" will be upheld if not clearly unreasonable. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980).

The Second Circuit has noted that the "purposes and policies" behind the requirement of distinctness and separateness is "the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law." *Hudson River*, 891 F.2d at 418 (regarding claims). Furthermore, the extent to which a case visits harshness or burdensomeness upon a party remains relevant to Rule 54(b) certification, and is a determination falling within the district court's broad discretion. *See id.* at 419.

## II.   REQUEST FOR ENTRY OF JUDGMENT

The unavoidable and practical effect of the Order is that the "rights and liabilities" of KERS have been "finally decided" with respect to its Individual Action. *Information Resources*, 294 F.3d at 451. As such, KERS respectfully submits that "no just reason for delay" exists with regard to entry of final judgment pursuant to Rule 54(b).

First, "the purposes and policies" of Rule 54(b) are met here. The Order is unique as to KERS, and its ramifications do not affect, and cannot be raised by, any other party on later appeal from the Individual Actions. As such, no risk of multiple appeals exists on this issue. *See Hudson River*, 891 F.2d at 418. Nor will any meaningful additional appellate burden be engendered by entry of final judgment with respect to the Order. The consequences of the Order will have to be separately considered on appeal whenever raised. To the extent any incremental burden may be associated with a separate appeal of the Order now (as opposed to its being a discrete issue as part of a later appeal), it is outweighed by the prejudice to KERS if effectively deprived of a chance to seek appellate review.

Second, KERS will have no effective means by which to take an appeal from the Order if such appeal is delayed. As a result of the Order, KERS remains a member of the class certified in the Consolidated Securites Class Action. As such, it is (or rather, will likely be) bound by the

judgment entered in the Consolidated Securites Class Action, including the releases given as part of the settlement. The deadline to file a proof of claim in the class case fell before the Order issued, and KERS filed a conditional proof of claim. If KERS is forced to remain in this Individual Action—albeit on the sidelines and unable to take its appeal of the Order until after entry of final judgment in this action—its conditional proof of claim in the Consolidated Securites Class Action likely will expire. As such, KERS will have no realistic option other than to participate in the class settlement (while giving the necessary releases), rather than risking any recovery on a later appeal of the Order.

Such circumstances are within the contemplation of Rule 54(b), which speaks in terms of both multiple claims and multiple parties. The idea of permitting judgment as to a single party, even if part of a joint claim, originated with the 1961 Amendments to the Rules. In making such amendment, the Advisory Committee stated: "The danger of hardship through delay of appeal until the whole action is concluded may be at least as serious in the multiple-parties situations as in multiple-claims cases, and courts and commentators have urged that Rule 54(b) be changed to take in the former. The amendment accomplishes this purpose by referring explicitly to parties." Fed.R.Civ.P 54, Notes of Advisory Committee on Rules—1961 Amendment (citations omitted). KERS's inability to obtain effective appellate review should accordingly inform this Court's consideration whether "no just reason for delay" exists to enter judgment.

An appeal of the Order now will not compromise this Court's forward progress with respect to the Individual Actions. KERS acknowledges that Defendants' current summary judgment motion seeks to defeat KERS's claims on other grounds equally applicable to all of the Individual Actions. But if KERS is severed now and later prevails on appeal of the Order, normal collateral estoppel and law of the case principles will on remand bind it to any

substantive rulings made with respect to the Individual Actions as a whole to the extent such rulings apply equally to KERS. As well, counsel for KERS continues as counsel in the Individual Actions with respect to other individual plaintiffs, and will be advocating the same collective defense whether or not KERS is on appeal of the Order to the Second Circuit.

## CONCLUSION

Accordingly, KERS respectfully requests, and Defendants do not oppose, that final judgment be entered pursuant to Rule 54(b) against KERS on its Individual Claims on the basis of the Order, while preserving its right to challenge the Order on appeal; that KERS be severed from the above-captioned action; and that this Court expressly find that no just reason for delay exists for entry of final judgment, or for KERS taking its appeal from the Order.

A proposed order has been submitted.

Date: September 30, 2013                                         Respectfully submitted,

SUSMAN GODFREY L.L.P.

/s/ *Charles R. Eskridge III*
Stephen D. Susman (SS8591)
654 Madison Avenue, 5th Floor
New York, New York 10065-8440
Telephone: (212) 336-8330
Fax: (212) 336-8330

Harry P. Susman (*pro hac vice*)
Alexander L. Kaplan (*pro hac vice*)
Charles R. Eskridge III (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

ATTORNEYS FOR KERS & CO.

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013 I caused the foregoing **Memorandum in Support of Motion of Plaintiff KERS & Co. for Entry of Final Judgment Pursuant to Fed.R.Civ.P. 54(B) Regarding Memorandum and Order Dated June 5, 2013** to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Southern District of New York, on all parties registered for CM/ECF in the above-captioned matter.

Dated: September 30, 2013

*/s/ Charles R. Eskridge III*
Charles R. Eskridge III