```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-5-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME            Master File No. 09 MD 2058 (PKC)
SECURITY ACT (ERISA) LITIGATION
-----------------------------------------------------------x
THIS DOCUMENT RELATES TO:

KERS & Co., et al.,

                Plaintiffs,            10 Civ. 2284 (PKC)

       -against-

                                MEMORANDUM AND ORDER
                                ON RULE 54(b) MOTION
BANK OF AMERICA CORP., et al.,

                Defendants.
-----------------------------------------------------------x
P. KEVIN CASTEL, District Judge:

        In order to pursue an expedited appeal from an order of this Court, plaintiff KERS & Co. ("KERS") moves to be severed from this action and for final judgment to be entered against it pursuant to Rule 54(b), Fed. R. Civ. P. (09 MD 2058, Docket # 962.) Defendants take no position on KERS's motion. (09 MD 2058, Docket #967.) Because KERS's proposed appeal is limited only to whether it timely sought exclusion from the class, and, if not, whether its failure to do so constituted excusable neglect, the motion is granted.

        KERS is one of several individual plaintiffs who brought claims in the above-captioned action, KERS & Co., et al. v. Bank of America Corp., et al., 10 Civ. 2284 (the "Individual Action"). The Individual Action alleges that Bank of America Corp. ("BofA"), its officers and directors violated the federal securities laws when they made alleged material misstatements and omissions related to BofA's acquisition of Merrill Lynch & Co. in 2008. The

Individual Action, along with several related actions, has proceeded before the undersigned for pretrial coordination pursuant to the multidistrict litigation statute, 28 U.S.C. § 1407.

This Court entered judgment in the parallel Consolidated Securities Class Action on April 9, 2013. (09 MD 2058, Docket # 871.) In a Memorandum and Order dated June 5, 2013, this Court concluded that KERS failed to submit a timely request to opt out as a class member in the Consolidated Securities Class Action, and that it had not come forward with evidence that its inaction was the product of excusable neglect. See KERS & Co. v. Bank of America Corp. (In re Bank of America Corp. Sec., Derivative & ERISA Litig.), 2013 WL 2443748 (S.D.N.Y. June 5, 2013) (the "June Order").

As described in KERS's submissions, KERS is presently in a procedural holding pattern. Several other plaintiffs remain in the Individual Action, which continues to be actively litigated. Motions for summary judgment are being briefed in the Individual Action, and, in the event that those motions do not dispose of the case in its entirety, a jury trial will be scheduled thereafter.

KERS has filed a "conditional" proof of claim in the Consolidated Securities Class Action, which states in part, "In the event the Court rules that KERS & Co. is excluded from the class, KERS & Co. disclaims any interest in any recovery from the class settlement and rescinds this Proof of Claim, including without limitation the release contained herein." (Eskridge Dec. Ex. C., Rider.) KERS notes that an appeal of the class action settlement is currently pending, and that "[w]ith the class settlement already on appeal, finality there will likely occur before final adjudication with respect to the entirety of the Individual Actions." (KERS Mem. at 2.) It appears to be KERS's contention that if it does not immediately appeal the June Order, it will inevitably be bound to the class action settlement, whereas if it

2

successfully appeals the June Order, it will thereafter be free to proceed with its claims as an individual, opt-out plaintiff. (KERS Mem. at 2-3.)

"In general, there is a historic federal policy against piecemeal appeals," and entry of final judgment "is generally appropriate only after all claims have been adjudicated." Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011) (quotation marks omitted). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright Corp. v. Gen. Electric Co., 446 U.S. 1, 8 (1980). Rule 54(b), which provides an exception to this general rule, must be applied "sparingly." Novick, 642 F.3d at 310. Rule 54(b) states in relevant part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"The function of the district court under the Rule is to act as a 'dispatcher,'" and whether to grant a Rule 54(b) motion is within this Court's "sound judicial discretion." Curtiss-Wright, 446 U.S. at 8. "The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case, i.e., certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (quotation marks and internal citation omitted).

"[I]t is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment." Novick, 642 F.3d at 314. The Second Circuit has instructed district courts to closely scrutinize Rule 54(b) motions:

3

> The requirement that the district court make an express determination "that there is no just reason for delay," Fed. R. Civ. P. 54(b), means that the court must provide a reasoned, even if brief, explanation of its considerations, for it is essential that a reviewing court have some basis for distinguishing between well-reasoned conclusions, arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law. A certification that is not appropriate is insufficient to confer appellate jurisdiction.

Id. at 310 (quotation marks, alterations and internal citations omitted).

A district court reviewing a Rule 54(b) motion must consider both the equities in favor of the motion and "'the interest of sound judicial administration.'" Curtiss-Wright, 446 U.S. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)). "Among the factors a court must consider when weighing the equities of a motion to enter a Rule 54(b) judgment are the relatedness of the pending and adjudicated claims, the factual bases for the claims and the effect a decision on the pending claims would have on the questions raised on appeal." Shrader v. Granninger, 870 F.2d 874, 878 (2d Cir. 1989).

As to the interests of sound judicial administration, the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'" Novick, 642 F.3d at 311 (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)). It is a waste of judicial resources to require multiple appellate panels to acquaint themselves with an action if there are "successive appeals from successive decisions on interrelated issues." Id. A district court also should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8. For instance, Novick concluded

4

that the district court abused its discretion when granting Rule 54(b) certification as to a party's contract claim, when that claim implicated the interpretation of a second contract that continued to be litigated in the district court. 642 F.3d at 311-13. Many of the same issues would therefore be reviewed by two separate appellate panels. Id. at 313-14.

Here, KERS's contemplated appeal is limited to the issue of whether it submitted a timely request to opt out of the consolidated securities class action, and, if not, whether its failure to do so is a product of excusable neglect. See, e.g., In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 129 (2d Cir. 2011) (discussing excusable neglect standard). The proposed appeal would not go to the merits of the pending summary judgment motions in the Individual Action, and would not implicate the merits of either the Individual Action or the class action settlement. It would be limited to a discrete record concerning KERS's communications related to the opt-out deadline and authority related to the excusable neglect standard. There appears to be no risk that granting KERS's Rule 54(b) motion would subject multiple panels to a review of the same issues. See generally Curtiss-Wright, 446 U.S. at 8. At the same time, if KERS's present motion is denied, it would foreclosed from meaningful appellate review of the June Order, which could be appealed only after all other claims in the Individual Action are resolved by this Court. There is no just reason for such a delay.

This is a rare instance where the grant of a Rule 54(b) motion is appropriate. The equities favor entry of judgment. Given the narrow and KERS-specific issues, there is no risk of piecemeal appeal, and certification is in the sound interest of judicial administration.

CONCLUSION

The Court concludes, for the reasons stated, that there is no just reason for delay. Plaintiff's motion for entry of judgment under Rule 54(b) is GRANTED. The Clerk is directed

to terminate the motion (09 MD 2058, Docket # 962) and shall enter judgment for the defendants solely as to the claims brought by plaintiff KERS & Co. (10 Civ. 2284; 09 MD 2058.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 4, 2013